**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) | Case No. 23-90085 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Sorrento Therapeutics, Inc. ("**Sorrento**") and its wholly owned direct subsidiary, Scintilla Pharmaceuticals, Inc. ("**Scintilla**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" or "**SOFA**" and, collectively, the "**Statements**" or "**SOFAs**") in the United States Bankruptcy Court for the Southern District of Texas Houston Division (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "**Specific Notes**" and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements. In the event that the Schedules or Statements differ from any of the Notes, the Notes shall control.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals and have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, the Debtors' management has not (and could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors.

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules or Statements and inadvertent errors, omissions, or inaccuracies may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of debtor or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1. **Description of the Cases.** The Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code on February 13, 2023 (the "**Petition Date**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 13, 2023, the Bankruptcy Court entered an order authorizing the joint administration of the cases of the Debtors pursuant to Bankruptcy Rule 1015(b). On February 28, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors, which was reconstituted on March 28, 2023.  On April 10, 2023, the Office of the United States Trustee appointed an official committee of equity security holders, which was reconstituted on April 13, 2023.

2. **Basis of Presentation.** For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for Sorrento and its subsidiaries, including both Debtors and certain non-debtor affiliates. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements, neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Furthermore, the Schedules and Statements have not been subjected to the same level of accounting review and testing that the

Debtors apply in the preparation of their quarterly and annual consolidated financial information in accordance with GAAP.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time before or after the Petition Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent at the Petition Date or any time prior to or after the Petition Date.

**3.      Reporting Date.** Unless otherwise noted in the instructions or response, the Schedules and Statements generally reflect the Debtors' books and records as of January 31, 2023, except for (x) cash and cash equivalents, accounts receivable, investments for publicly traded stock, letters of credit, accrued property taxes payable, accrued trade payables, trade and intercompany payables, Schedule G (real property leases & executory contracts), possession of books and records, current directors and officers, and Part 10: Schedule A/B 60 attachment for patents, trademarks and trade secrets—all of which are reflected as of the Petition Date, adjusted for payments authorized under the "first-day orders", and (y) investments in interests in other businesses which are reflected as of December 31, 2022, the last date that the investments were revalued.

**4.      Current Values.** The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements except for Part 4: Schedule A/B 14 publicly traded stocks are listed at market value.

**5.      Confidentiality.** There may be instances where certain information was redacted or not included due to the nature of an agreement between Sorrento and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual. The omissions and redactions are limited to only what is necessary to protect Sorrento or a third party and will provide interested parties with sufficient information to discern the nature of the listing.

**6.      Consolidated Entity Accounts Payable and Disbursement Systems.** As described in the Debtors' cash management motion [Docket No. 28], the Debtors use an integrated, centralized cash management system, in the ordinary course of business, to collect, transfer, and disburse funds (the "**Cash Management System**"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.   In the ordinary course of business, the Debtors maintain business relationships among each other and with certain non-debtor affiliates, which result in intercompany receivables and payables (the "**Intercompany Claims**") arising from intercompany transactions (the "**Intercompany Transactions**"). As set forth more fully in the cash management motion, the primary Intercompany Transactions giving rise to Intercompany Claims are providing services, payment of payroll, intercompany loans and the direct payment of obligations by Sorrento on behalf of non-Debtor affiliate(s). Historically, most Intercompany Claims are not settled by actual

transfers of cash among the Debtors. Instead, Sorrento tracks all Intercompany Transactions in their accounting system, which concurrently are recorded on the applicable balance sheets.

**7.** **Accuracy.** Although the Debtors have made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

**8.** **Net Book Value of Assets.** In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for Sorrento to obtain current market valuations for all assets. As such, wherever possible, unless otherwise indicated, net book values as of January 31, 2023 are presented for all assets, except for cash and cash equivalents, accounts receivable, and letters of credit, which are reflected as of the Petition Date. When necessary, Sorrento has indicated that the value of certain assets is "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, furniture, fixtures, equipment and leasehold improvement assets that fully have been depreciated, amortized or impaired, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements.

**9.** **Excluded Assets and Liabilities.** Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules. Additionally, certain assets with a net book value of zero are not included in the Schedules. Excluded categories of assets and liabilities include, but are not limited to, deferred tax liabilities, deferred revenue, accrued employee paid time off, acquisition consideration and contingent consideration liability, and unfavorable lease liabilities. Other immaterial assets and liabilities may have been excluded.

**10.** **Debtors' Reservation of Rights.** Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

a    Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules as to amount, liability, and

4

classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b.      The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

c.      The (i) listing of a claim on Schedule D as "secured," (ii) listing of a claim on Schedule E/F as "priority," or (iii) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by Sorrento of the legal rights of the claimant, or a waiver of Sorrento's rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although Sorrento may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of Sorrento's assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, Sorrento reserves all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim. Listing a claim does not constitute an admission of liability by Sorrento, and Sorrento reserves the right to amend the Schedules accordingly.

d.      In the ordinary course of their business, Sorrento may lease equipment from certain third-party lessors for use in the daily operation of its business. Any such leases are set forth in Schedule G and any current amount due under such leases that were outstanding as of the Petition Date is listed on Schedule E/F. The property subject to any of such leases is not reflected in Schedule A/B as either owned property or assets of Sorrento nor is such property reflected in Sorrento's Statement of Financial Affairs as property or assets of third parties within the control of Sorrento. Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and Sorrento reserves all rights with respect to any of such issues, including, but not limited to, the recharacterization thereof.

e.      The claims of individual creditors for, among other things, materials, supplies or services are listed as the amounts entered on Sorrento's books and records and may not reflect credits, allowances or other adjustments due from such creditors to Sorrento. Sorrento reserves all of its rights with regard to such credits, allowances and other adjustments, including, but not limited to the right to assert claims objections and/or setoffs with respect to the same.

f.      The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

g.      The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

h.      Listing a contract or lease on the Schedules and Statements shall not  be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

i.      The Debtors did not close the books and records as of the Petition Date.

*[Specific Notes Follow]*

## SPECIFIC NOTES WITH RESPECT TO
## THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES

Each of Schedules A/B, D, E/F, and G contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. Unless otherwise instructed or indicated, the asset totals listed on the Schedules represent all known amounts included in the Debtors' books and records as of January 31, 2023, except for (x) cash and cash equivalents, accounts receivable, letters of credit, accrued property taxes payable, accrued trade payables, and trade and intercompany payables—which are reflected as of the Petition Date, adjusted for payments authorized under the "first-day orders," and (y) investments in interests in other businesses which are reflected as of December 31, 2022, the last date that the investments were revalued,. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1.      **Schedules A/B, Part 1 (Debtors).** Details with respect to the Debtors' cash management system are provided in their cash management motion [Docket No. 28]. The amount listed in Sorrento's Schedule A/B, Part 1 for Gift Cards represents gift cards that were purchased for use in Covid testing related to clinical studies. The gift cards were used to compensate certain clinical trial participants and sample donors. The study was later suspended and the gift cards were left unused.

2.      **Schedules A/B, Part 2 (Sorrento Only).** The amounts listed in Part 2 for Sorrento are listed in accordance with Sorrento's books and records. These amounts do not necessarily reflect assets Sorrento will be able to collect or realize. The carrying value of the deposits, as reflected in each Sorrento's records, are listed in Part 2. Prepaid expenses primarily consist of cash in advance amounts paid to numerous vendors and suppliers for services and the purchase of materials and supplies. Some of the prepayments may have been applied to subsequent invoices and are no longer outstanding.

3.      **Schedules A/B, Part 3 (Sorrento Only).** The amounts listed in Part 3 do not include the intercompany receivables which are reflected in Part 11.

4.      **Schedules A/B, Part 4 (Sorrento Only).** Any of Sorrento's ownership interests in subsidiaries, partnerships, joint ventures, and companies that Sorrento does not hold substantial equity interest are listed in Schedule A/B, Part 4, at current value as of December 31, 2022, the last date that the investments were revalued.

5.      **Schedules A/B, Part 5 (Sorrento Only).** Sorrento has materials and supplies at various locations. The materials and supplies contain chemicals/reagents which have limited shelf lives and are perishable. No physical counts have occurred to verify the quantity on hand. The net book value of these materials is zero and the current value is unknown. The materials are used in drug production for research and development purposes and expensed to research and development.

6.      **Schedules A/B, Part 7 (Sorrento Only).** Office furniture and office fixtures are combined as 'office furniture' under Question 39. Sorrento maintains a depreciation schedule for

office furniture and office fixtures. Construction in progress furniture will not start to depreciate until it is complete and put into service.

7.  **Schedules A/B, Part 8 (Sorrento Only).** 'Other machinery, fixtures and equipment' under Question 50 includes lab equipment and leasehold improvements. Sorrento maintains a depreciation schedule for lab equipment and leasehold improvements. Construction in progress lab equipment and construction in progress leasehold improvements will not start to depreciate until it is complete and put into service.

8.  **Schedules A/B, Part 9 (Sorrento Only).** Sorrento's net book value as of January 31, 2023 is based on right-of-use asset in accordance with ASC 842. This is not the valuation of the landlord's land and building.  Rather, the net book value reflects the carrying value of the Sorrento's right-of-use asset within Sorrento's balance sheet as accounted for under Accounting Standards Codification 842 Leases.

9.  **Schedules A/B, Part 10 (Sorrento Only).** Part 10 identifies Sorrento's  patents, copyrights, trademarks and trade secrets granted as of the Petition Date. A number of the patents and trademarks are registered in multiple countries, including the United States.  Part 10 also includes a best effort listing of the Sorrento's registered internet domains and websites. The act of not listing any specific domain or website is not a relinquishing of ownership.  Part 10 also includes Sorrento's licenses and royalties.  Sorrento's in-licenses are listed in this section. An example of an in-license is if someone has a patent and Sorrento uses the patent through a license for developing products.  Part 10 also includes social media handles and the Amazon Store which is empty.  Part 10 also includes a response to Question 67 relating to lists or records which include personally identifiable information of customers. Sorrento may collect and/or retain personally identifiable information such as names, mailing addresses, email addresses and/or phone numbers in connection with its clinical trials or patient laboratory services. Sorrento may also collect and/or retain user provided personal information, automatically collected online activity and device information in connection with its website.  For additional information, refer to the consolidated Sorrento Therapeutics, Inc. Form 10-K for a description of Sorrento's assessment of goodwill and fair value of intangible assets, including acquired in-process research and development.

10.  **Schedules A/B, Part 11 (Debtors).** Estimated Balance of Net Operating Losses for 2022 Year-End Tax Provision is included in Sorrento's Schedules.  A significant portion of these net operating losses are subject to usage limitations.  See also response to Scintilla's SOFA 31, "Consolidated Tax Group" for additional information with respect to Scintilla Pharmaceuticals, Inc.

11.  **Schedule D (Sorrento Only).** To the best of Sorrento's knowledge, all claims listed on Schedule D arose, or were incurred, before the Petition Date. Except as otherwise agreed pursuant to a stipulation, agreed order or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Sorrento's Schedule D. Sorrento scheduled claims of certain creditors as secured claims for informational purposes only, and no current valuation of Sorrento's assets in which such creditors may have a lien has been undertaken. Sorrento reserves

all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument related to a creditor's claim. Any changes to the status of any liens or security rights since the Petition Date may not be adequately reflected in Schedule D. Therefore, Sorrento may have listed claims with secured status that have changed, or failed to list certain parties whose claims may be secured through rights of setoff, deposits or advance payments posted by, or on behalf of, Sorrento, or judgment or statutory lien rights on Schedule D. Certain claims listed on Schedule D may be subject to setoff rights. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

**12.** **Schedules E/F, Part 1 (Sorrento Only).** Sorrento has not listed any wage or wage-related obligations that it granted authority to pay pursuant to a Bankruptcy Court order [Docket No. 37] on Schedule E/F. Sorrento believes that all such claims for wages, salaries, expenses, benefits and other compensation as described in the first-day orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant first-day orders.

**13.** **Schedules E/F, Part 2 (Debtors).** Scintilla has been dormant for over approximately four years. Statutory representation invoices would be covered by Sorrento and included in Sorrento's accounts payable.

Certain creditors may assert mechanics', materialmen's, or other similar liens against Sorrento for amounts listed on Schedule E/F, with respect to which Sorrento reserves all rights.

Sorrento reserves its right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, Sorrento reserves its right to dispute or challenge any priority asserted with respect to any liabilities listed on Schedule E/F. Sorrento has made reasonable efforts to include all trade creditors on Schedule E/F. However, Sorrento believes there are instances where vendors have yet to provide proper invoices for prepetition goods or services. While Sorrento maintains general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and therefore have not been included on Schedule E/F.

Sorrento's accounting system tracks vendors by vendor number. There are instances where the same vendor has multiple vendor numbers. However, instances may exist where not all such claims have been identified and Sorrento may have separately listed potentially duplicative claims of such vendors under multiple vendor numbers.

Unless otherwise noted, the claims listed on Schedule E/F are based on the Debtors' books and records as of the Petition Date. Payments may have been made to certain vendors under applicable first-day orders. To the extent that any such payments have been made, the amounts paid have been applied to reduce the amount of the claim. To the extent claims were waived, they were excluded from Schedule E/F. These waived claims that were excluded include Latham & Watkins LLP's approximately $3.6 million claim and Ernst & Young U.S. LLP's approximately $600,000 claim.

Schedule E/F also contains information regarding pending litigation involving Sorrento. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed in this Schedule.

Schedule E/F includes the aggregate net intercompany payable as of February 12, 2023 amounts that may or may not result in allowed or enforceable claims by or against a legal entity. Listing these payables is not an admission on the part of Sorrento that the intercompany claims are enforceable or collectible. The intercompany payables may be subject to set off, recoupment, netting or other adjustments made pursuant to intercompany arrangements not reflected in the Schedules.

**14.    Schedule G (Sorrento Only).** Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively the "Agreements"), review is ongoing and inadvertent errors, omissions or over-inclusion may have occurred. Sorrento may have entered into certain types of Agreements in the ordinary course of their businesses, such as indemnity agreements, non-executory supplemental agreements, amendments/letter agreements, and confidentiality agreements, which may not be set forth in Schedule G.

Sorrento has not listed all such short-term purchase orders because of their large number and transitory nature. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been renewed, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements, which may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G.

Any and all of Sorrento's rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, including, but not limited to, Sorrento's rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement Schedule G as necessary.

*[Specific Notes Follow]*

**SPECIFIC NOTES WITH RESPECT TO
THE DEBTORS' STATEMENT OF FINANCIAL AFFAIRS**

1.      **SOFA 1 and SOFA 2 (Sorrento Only).** The Debtors' fiscal year ends on December 31st. SOFA 2 includes the interest payment Sorrento received from Scilex Pharmaceuticals, Inc. for intercompany loans executed in 2021 and 2022.

2.      **SOFA 3 (Sorrento Only).** As described and defined in the cash management motion [Docket No. 28], the Debtors utilize an integrated, centralized cash management system, in the ordinary course of business, to collect, transfer and disburse funds. Sorrento maintains a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The obligations of the Debtors are primarily paid by and through Sorrento Therapeutics, Inc., notwithstanding that certain obligations may be obligations of one or more of the Debtors.

Payment data was extracted from NetSuite for multiple bank accounts that Sorrento makes payments out of. The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from November 15, 2022 through February 12, 2023.  Amounts still owed to creditors will appear on the Schedules of Assets and Liabilities for Sorrento, as applicable.

3.      **SOFA 4 (Sorrento Only).** For purposes of the Schedules and Statements, Sorrento defines insiders as individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over, the respective Debtor so as to unqualifiedly dictate corporate policy and the disposition of assets.

Individuals listed in Sorrento's Statements as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code. For more information regarding each Debtor's officers and directors, please see SOFA 28 and SOFA 29.

The payroll-related gross amounts shown in Sorrento's response to this question include salary, employer 401K contribution, bonus or additional compensation, and/or board compensation.

4.      **SOFA 7 (Sorrento Only).** The actions described in response to SOFA 7 are the responsive proceedings or pending proceedings of which Sorrento is aware. The actions described in SOFA 7 include, but are not limited to, securities/commodities; breach of a non-disclosure agreement and trade secret misappropriation; breach of contract, breach of implied covenant of good faith and fair dealing, fraud in the inducement, negligent misrepresentation, unjust enrichment, promissory estoppel, money had and received, tortious interference with contract, violation of California Uniform Trade Secrets Act; breach of fiduciary duty/duty of loyalty,

tortious interference with prospective economic advantage, and aiding and abetting, common law fraud, wrongful termination; derivative action for breach of contract.

Sorrento reserves all of its rights and defenses with respect to all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by Sorrento of any liabilities or that the actions or proceedings were correctly filed against Sorrento or any affiliates of Sorrento. Sorrento also reserves its rights to assert that neither Sorrento nor any affiliate of Sorrento is an appropriate party to such actions or proceedings.

5.  **SOFA 9 (Sorrento Only).** The donations and/or charitable contributions listed in response to SOFA 9 represent payments made to third parties during the applicable timeframe that were recorded as such within Sorrento's books and records.

6.  **SOFA 11 (Debtors).** All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Commencement Date were made by Sorrento Therapeutics, Inc. and are, therefore, listed on Sorrento's response to SOFA 11. Additional information regarding Sorrento's retention of professional service firms is more fully described in individual retention applications and related orders.

7.  **SOFA 20 (Sorrento Only).** Sorrento utilizes Iron Mountain Storage Facilities ("**Iron Mountain**") to retain records. Sorrento also utilizes other off-premise storage locations including Elite Relocation for bioreactor and imaging equipment; Extra Space for computer hardware, incubators, interior construction materials, lab equipment, safety equipment, laboratory glassware/equipment, refrigerators; Microsoft Azure – US West Region for commercial cloud-based virtual server; public storage for laboratory and process equipment; and Wasabi – US West Region for commercial cloud-based electronic data storage.

8.  **SOFA 26 (Debtors).** The Debtors do not prepare stand-alone financial statements and therefore do not provide stand-alone financial statements to creditors or constituents. As mentioned under the basis of presentation above, the Debtors generally prepare consolidated financial statements which include financial information for Sorrento and its subsidiaries, including both Debtors and certain non-debtor affiliates in Form 8-K, Form 10-Q, and Form 10-K. The consolidated financial information for Sorrento is posted on Sorrento's website at www.sorrentotherapeutics.com.

9.  **SOFA 27 (Sorrento Only).** Sorrento has materials and supplies at various locations. No physical counts have occurred to verify quantity on hand. The net book value of these materials is zero and the current value is unknown. The materials are used in drug production for research and development purposes and expensed to research and development.

10.  **SOFA 29 (Sorrento Only).** The disclosures relate specifically to terminated job titles or positions and are not indicative of the individuals' current employment status with Sorrento. For each entity, Sorrento has included the individuals who, during the applicable period, were identified as directors and officers of such entity in Sorrento's recordkeeping systems.

**11.** **SOFA 30 (Sorrento Only).** Any and all known disbursements to insiders of Sorrento, as defined above, have been listed in the response to SOFA 4.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) | Case No. 23-90085 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**AMENDED STATEMENT OF FINANCIAL AFFAIRS FOR**
**SCINTILLA PHARMACEUTICALS, INC. (CASE NO. 23-90084)**

---

[1]   The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

Fill in this information to identify the case:

Debtor name: Scintilla Pharmaceuticals, Inc.

United States Bankruptcy Court for the: Southern District of Texas, Houston Division

Case number: 23-90084

☑ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to ___Filing Date___ | ☐ Operating a business<br>☐ Other | _____ |
| For prior year: | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |
| For the year before that: | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to ___Filing Date___ | _____ | _____ |
| For prior year: | From _____ to _____ | _____ | _____ |
| For the year before that: | From _____ to _____ | _____ | _____ |

Debtor    <u>Scintilla Pharmaceuticals, Inc.</u>       Case number *(if known)* <u>23-90084</u>
     Name

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt |
| | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 | | | ☐ Secured debt |
| Relationship to debtor | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | | | |
| | Last 4 digits of account number | | |

**Part 3:**   **Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 | | | |
| Name | | Name | ☐ Pending |
| | | | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City    State    Zip | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 | | |
| Custodian's name and address | Case title | Court name and address |
| Street | Case number | Name |
| City    State    Zip | Date of order or assignment | Street |
| | | City    State    Zip |

**Part 4:**   **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | |
| Recipient's name | | | |
| Street | | | |
| City    State    Zip | | | |
| Recipient's relationship to debtor | | | |

| Part 5: | **Losses** |

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

| Part 6: | **Certain Payments or Transfers** |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| **Trustee** | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| *Relationship to debtor* | | | |

**Part 7:**   **Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1 | |
| Street | From           to |
| City      State      Zip | |

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |
| Street | | |
| City    State    Zip | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider | **How are records kept?** Check all that apply: ☐ Electronically ☐ Paper |

**Part 9:**   **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

         Does the debtor have a privacy policy about that information?

         ☐ No

         ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

         ☐ No. Go to Part 10.

         ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name _____ Street _____ City _____ State ___ Zip ___ | _____ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name _____ Street _____ City _____ State ___ Zip ___ | _____ Address _____ | _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name _____ Street _____ City _____ State ___ Zip ___ | _____ Address _____ | _____ | ☐ No ☐ Yes |

| Part 11: | Property the Debtor Holds or Controls that the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

| Part 12: | Details About Environmental Information |
|---|---|

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 <br><br> Case Number | Name <br><br> Street <br><br> City          State   Zip | | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 <br> Name <br><br> Street <br><br> City      State   Zip | Name <br><br> Street <br><br> City          State   Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City    State    Zip | City    State    Zip | | |

## Part 13:   Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN |
| | | **Dates business existed** |
| | | From            to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Najjam Asghar - CFO<br>4955 Directors Place<br>San Diego, CA 92121 | From   6/25/2019     to   1/7/2022 |
| 26a.2 | |
| Confidential Party 1 - Controller<br>4955 Directors Place<br>San Diego, CA 92121 | From   2/7/2022     to   4/7/2023 |
| 26a.3 | |
| Elizabeth Czerepak - CFO<br>4955 Directors Place<br>San Diego, CA 92121 | From   5/18/2022     to   Present |

Debtor   Scintilla Pharmaceuticals, Inc.
         Name                                                              Case number *(if known)* 23-90084

**26b.** List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| **26b.1** Ernst & Young<br>4365 Executive Drive<br>San Diego, CA 92121 | From<br>6/26/2020 | to<br>Present |

**26c.** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1** Elizabeth Czerepak - CFO<br>4955 Directors Place<br>San Diego, CA 92121 | |

**26d.** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| **26d.1** See Global Notes |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| **28.1** Henry Ji<br>4955 Directors Place<br>San Diego, CA 92121 | Chairman of the Board, Chief Executive Officer, President and Treasurer | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 | | From _____ to _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1   Sorrento Therapeutics, Inc. | EIN   33-0344842 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**Fill in this information to identify the case:**

Debtor name: Scintilla Pharmaceuticals, Inc.

United States Bankruptcy Court for the: Southern District of Texas, Houston Division

Case number: 23-90084

☑ Check if this is an amended filing

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

05/29/2023
_____

_____          Mohsin Y. Meghji
Signature of individual signing on behalf of debtor        _____
                                                                          Printed name

Chief Restructuring Officer
_____
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☑ No

☐ Yes

| Summary Report: Litera Compare for PDF 11.4.0.111 Document comparison done on 5/29/2023 8:59:46 PM | |
|---|---|
| **Style Name:** Work | |
| **Original filename:** Scintilla - Manually Redacted DN 713 SOFAs.pdf | |
| **Modified filename:** 230529_Scintilla_SOFA_For_Filing_Clean.pdf | |
| **Changes:** | |
| Add | 17 |
| Delete | 16 |
| Modified | 7 |
| **Total Changes:** | 40 |