**Notice IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) | Case No. 23-90085 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE
FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Sorrento Therapeutics, Inc. | 23-90085 |
| Scintilla Pharmaceuticals, Inc. | 23-90084 |

On February 13, 2023 (the "Petition Date"), Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. (collectively, the "Debtors") in the above-captioned cases filed voluntary petitions for relief under chapter 11 of title 11 the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for Southern District of Texas (the "Court").

On June 12, 2023, the Court entered an order [Docket No. 856] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

As used in this notice (this "Notice"), the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  The terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.  The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

---

[1]   The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956).  The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

1

undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.     THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates"):

a.     **The General Bar Date**.  Except as described below, all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim so that they are **actually received** by **June 26, 2023, at 5:00 p.m. prevailing Central Time**.  Except as otherwise set forth below, the General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.     **The Governmental Bar Date**.  All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim so that they are **actually received** by **August 12, 2023, at 5:00 p.m. prevailing Central Time**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors, including secured claims, unsecured priority claims, and unsecured non-priority claims, claims arising under section 503(b)(9) of the Bankruptcy Code, and claims for unpaid taxes arising from prepetition tax years or periods or prepetition transactions.

c.     **The Amended Schedules Bar Date**.  All persons or entities asserting claims against the Debtors whose claims are affected by an amendment or supplement to the Debtors' schedules of assets and liabilities filed in these chapter 11 cases (the "Schedules") are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days after the date on which the Debtors provide notice of such amendment or supplement**.

d.     **The Rejection Damages Bar Date**.  All persons or entities asserting claims against the Debtors arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following service of an order approving the rejection of such executory contract or unexpired**

**lease; and (iii) any such other date that the Court may fix in the applicable order approving such rejection**.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or whose claim is listed as contingent, unliquidated, or disputed, if such entity desires to participate in the chapter 11 cases or otherwise wishes to share in any distribution arising from the chapter 11 cases;

b.    any entity that believes its claim is improperly classified in the Schedules or listed for an incorrect amount and desires to have its claim allowed under a classification or in an amount different than set forth in the Schedules;

c.    any former or present full-time, part-time, salaried, or hourly employee asserting a claim based on a grievance against any Debtors to the extent the grounds for such grievance arose on or prior to the Petition Date; *provided*, that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits;

d.    any entity that believes its claim is listed in the wrong Debtors' Schedule and desires to have its claim allowed against a Debtor whose Schedule does not list such entity's claim; and

e.    any entity alleging that its claim is or may qualify as an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE A PROOF OF CLAIM

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need **not** file Proofs of Claims:

a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.    any entity that has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410 prior to entry of an order on this Motion;

c.      any entity whose claim is listed on the Schedules and: (i) is **not** listed in the Schedules as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any Debtor or non-Debtor affiliate having a claim against a Debtor;

f.      any entity whose claim is solely against any non-Debtor affiliates;

g.      any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with a Court order;

h.      any current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit;

i.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense; *provided*, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing an application for payment or a Proof of Claim on or prior to the General Bar Date;

l.      any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including the DIP Lender (as defined pursuant to the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing And (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 324] (the "DIP Order"));

m.      any holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order; and

n.      any entity holding an equity interest in any Debtor.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.   **Contents**.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative on behalf of the claimant.

b.   **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   **Electronic Signatures Permitted**.  Only **original** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.   **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 23-90085 (DRJ)), or otherwise without identifying a specific Debtor, may be deemed as filed against Sorrento Therapeutics, Inc.

e.   **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be deemed as filed only against Sorrento Therapeutics, Inc.

f.   **Supporting Documentation**.  Each Proof of Claim must include supporting documentation to the extent required by Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation; *provided*, that (i) the Proof of Claim contain current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce those documents upon request by Debtors' counsel no later than ten (10) days from the date of such request.  Any supporting documentation that includes

5

personally identifiable information should be redacted or hidden prior to submission.

g.   **Timely Service**.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** on or before the applicable Bar Date by either (i) electronic submission via the interface through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov); (ii) electronic submission via the interface available on Stretto's website at https://cases.stretto.com/Sorrento/; or (iii) by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following address:

**Sorrento Therapeutics, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR**
**ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   **Receipt of Service**.  Claimants wishing to receive proof of receipt of their Proofs of Claim submitted by U.S. mail must submit to Stretto (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.   YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

o.   THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

p.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

q.   YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.     RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.     THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  It is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do **not** need to file a Proof of Claim.  Otherwise, you must file a Proof of Claim before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.     ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website  at https://cases.stretto.com/Sorrento/.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/. A  login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center  at https://pacer.login.uscourts.gov.  Copies of the Schedules and other documents filed in these chapter 11 cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' claims and noticing agent, Stretto at (833) 278-6637 (Toll Free) or (949) 471-0454 (International).

---

**HOLDERS OF POSSIBLE CLAIMS AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM**

---