## EXHIBIT B

**Redline of Proposed Order**

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| SORRENTO THERAPEUTICS INC., *et al.*[1] | ) Case No. 23-90085 (DRJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No.** [•]715 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLENN AGRE BERGMAN & FUENTES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITIES HOLDERS OF SORRENTO THERAPEUTICS INC. *NUNC PRO TUNC* TO APRIL 11, 2023

Upon consideration of the application (the "Application")[2] of the Official Committee of Equity Securities Holders (the "Equity Committee") of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), for authorization to employ and retain, *nunc pro tunc* to April 11, 2023, Glenn Agre Bergman & Fuentes LLP ("Glenn Agre") as counsel to the Equity Committee; and upon the Declaration of Andrew K. Glenn (the "Glenn Declaration"), the managing partner at Glenn Agre, and the declaration of Michael Connell, on behalf of the Equity Committee (the "Connell Declaration") which were filed with the Court as **Exhibits B** and **C,** respectively, to the Application; and the Court being satisfied, based on the representations made in the Application, the Glenn

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: STI Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

1

Declaration and the Connell Declaration, that (i) Glenn Agre does not hold or represent any interest adverse to the Debtors' estates, and (ii) Glenn Agre is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application, the Glenn Declaration and the Connell Declaration; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

It is hereby ORDERED that:

1. The Application is granted to the extent set forth herein.

2. In accordance with Sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Equity Committee is hereby authorized and empowered to employ Glenn Agre in these Chapter 11 Cases, *nunc pro tunc* to April 11, 2023, as counsel to the Equity Committee, and Glenn Agre is authorized to perform the services set forth in the Application and the Glenn Declaration.

3. In connection with the Chapter 11 Cases, payment and reimbursement of Glenn Agre's fees and expenses shall be subject to the terms of the Appointment Order (including the EC Cap, as defined therein) and in accordance with the Bankruptcy Code, the applicable

2

provisions of the Bankruptcy Rules and the Local Rules, and with any other applicable procedures and orders of this Court.  For fees and expenses exceeding the EC Cap, Glenn Agre shall be compensated for professional services rendered in accordance with the Fee Structure~~,~~ and reimbursed for all such reasonable and necessary expenses ~~in excess of those amounts to be reimbursed by the Debtors as provided in the Appointment Order~~, in each case in accordance with the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Rules, and with any other applicable procedures and orders of this Court, including the Appointment Order.

       4.       The Equity Committee is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

       5.       Prior to any increase in Glenn Agre's rates, Glenn Agre shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee and the Official Committee of Unsecured Creditors.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Equity Committee has consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the authority to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

       6.       The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2023
Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

4