IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) ) | Case No. 23-90085 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR AN ORDER
(I) AUTHORIZING REJECTION OF A RESEARCH COLLABORATION AGREEMENT,
EFFECTIVE AS OF NOVEMBER 17, 2023, AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):[1]

### Relief Requested

1.  The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto, (a) authorizing the Debtors to reject that certain research collaboration agreement, including all amendments or modifications thereto (the "Research Collaboration Agreement", listed on **Schedule 1**), dated as of May 24, 2021, by and between Karolinska Institutet ("KI") and

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[1] A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of Mohsin Meghki, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions* [Docket No. 5] (the "First Day Declaration").

Debtor Sorrento Therapeutics, Inc. ("Sorrento," and together with KI, the "Parties"), effective as of November 17, 2023 (the "Rejection Date"), and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Contract to Be Rejected

5. Sorrento and KI are Parties to the Research Collaboration Agreement pursuant to which the Parties agreed to collaborate on research studying certain stem-cell therapies for development of new treatments in cancer and immunology. Under the Research Collaboration Agreement, Sorrento agreed to provide certain stem-cells and financing to KI. In exchange, KI would oversee the implementation of a research program that sought to reprogram certain chemical receptors on the stem-cells to respond to different chemical pathways. Upon completion of the program, KI would retain title to any intellectual property rights arising from its contribution in developing the final product, with Sorrento retaining first right of refusal to purchase KI's intellectual property rights. Sorrento retains exclusive rights to exploit any products that resulted from the development of the stem-cells it provided to the program. The Research Collaboration Agreement, executed on May 24, 2021, has a term of three years.

6. In connection with these chapter 11 cases, the Debtors are analyzing their contractual relationships to identify contracts that are no longer necessary for the Debtors' operations or are otherwise burdensome to their estates. As a result of this analysis, the Debtors determined that the Research Collaboration Agreement, pursuant to which the Debtors are required to pay $820,200 annually, is unnecessary and burdensome to their estates and should be rejected. Further, the Debtors anticipate that rejection damages will be minimal as the Research Collaboration Agreement provides either party the right to terminate the Research Collaboration Agreement at will on written notice, with termination effective two months after receipt of written notice. The Debtors do not anticipate that rejection of the Research Collaboration Agreement will cause disruption to their business or these chapter 11 cases.

7. To avoid incurring unnecessary administrative expense claims with respect to the Research Collaboration Agreement, including for costs of services rendered and the potential related accrual of interest on a postpetition basis, the Debtors seek to reject the Research Collaboration Agreement effective as of the Rejection Date. Rejecting the Research Collaboration Agreement is appropriate under the circumstances and reflects the Debtors' sound business judgment. In light of the Debtors' efforts to preserve and maximize the value of their estates by reducing unnecessary administrative expenses, which will inure to the benefit of all creditors, the relief requested herein is necessary and appropriate.

**Basis for Relief**

**I. Rejection of the Research Collaboration Agreement Constitutes Sound Exercise of the Debtors' Business Judgment.**

8. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed."[2]

9. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard.[3] The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or of whim, or caprice."[4]

10. Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate.[5] Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code.[6]

---

[2] *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

[3] *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'" (quoting *Grp. of Institutional Investors v. Chicago, M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943))).

[4] *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

[5] *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment.").

[6] *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

11. The Debtors believe that rejection of the Research Collaboration Agreement is well within their business judgment and is in the best interest of their estates. Absent rejection, the Research Collaboration Agreement will impose ongoing obligations on the Debtors and their estates that will constitute an unnecessary drain on the Debtors' resources compared to any benefits associated therewith. More specifically, the Research Collaboration Agreement requires the Debtors to pay KI hundreds of thousands of dollars in financing annually. Rejecting the Research Collaboration Agreement will provide the operational flexibility that the Debtors require, and rejection is appropriate under the circumstances and reflects the Debtors' sound business judgment.

## II. Deeming Rejection of the Research Collaboration Agreement Effective as of the Rejection Date, Is Appropriate.

12. Under sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case.[7]

13. The balance of equities favors the relief requested herein. Without a retroactive date of rejection, the Debtors would be forced to incur unnecessary administrative expenses (including the potential accrual of interest) under the Research Collaboration Agreement to the detriment of their estates. Moreover, KI will not be unduly prejudiced if the rejection is deemed effective as of November 17, 2023, as the contract provides for at-will termination. The Debtors will cause notice of the Motion to be contemporaneously served on KI, and the Debtors no longer

---

[7] *See, e.g., In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection).

request KI's services under the Research Collaboration Agreement and agree to allow KI to terminate such services effective immediately.

## Reservation of Rights

14. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) other than as set forth herein, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended, and should not be construed as, an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**<u>Notice</u>**

15.     The Debtors will provide notice of this Motion to (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Unsecured Creditors' Committee; (c) the Equity Holders' Committee; (d) KI; and (e) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice is required.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  November 17, 2023

/s/ *Kristhy M. Peguero*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Genevieve M. Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
          kpeguero@jw.com
          ggraham@jw.com

*Counsel to the Debtors*

**Certificate of Service**

      I certify that on November 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    */s/ Kristhy M. Peguero*
                                                    Kristhy M. Peguero