## EXHIBIT C

**Document Requests Served to the Debtors**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SORRENTO THERAPEUTICS, INC., *et al.*,[1] | Case No. 23-90085 (DRJ) |
| | (Jointly Administered) |
| Debtors. | |

**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM
THE OFFICIAL COMMITTEE OF EQUITY SECURITIES HOLDERS TO DEBTORS**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Equity Securities Holders (the "Equity Committee") in the above-captioned cases (the "Chapter 11 Cases") respectfully submits this request for the production of documents (the "Document Requests") to the Debtors, c/o Latham & Watkins LLP and Jackson Walker LLP, in connection with the *Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 1442]. The Equity Committee requests that the documents and electronic information responsive to the Document Requests identified in the attached **Exhibit A** be produced to **Andrew K. Glenn, Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, New York, New York 10036**, counsel to the Equity Committee, beginning immediately and completed no later than **November 16, 2023 at 12:00 p.m. (Eastern Time)**.

---

[1] The Debtor entities in these Chapter 11 Cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

1

Please take further notice that the Equity Committee reserves its rights under title 11 of the United States Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, and any applicable law regarding the subject matter of these Document Requests to amend, supplement, and/or modify **Exhibit A** attached hereto, or serve additional discovery requests.

*[Remainder of page intentionally left blank]*

**EXHIBIT A**

**DEFINITIONS**

The following definitions of terms apply to all of the Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "<u>Advisors</u>" shall mean any current or former affiliates, agents, representatives, directors, officers, operators, employees, professionals, Persons, or entities working at the direction, control, or on behalf of the Debtors.

2. "<u>Communication</u>" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

3. The term "<u>concerning</u>" shall mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

4. "<u>Debtors</u>" shall mean Sorrento Therapeutics, Inc. and all other debtors listed on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/sorrento/, including

any of their current and former officers, directors, executives, managers, employees, or agents, including any investigators, accountants, consultants, attorneys, financial advisors, investment bankers, other representatives, or any other Persons acting or purporting to act on their behalf.

5. "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in Your actual or constructive possession, custody, or control.

6. The term "including" shall mean "including, but not limited to" and "including, without limitation."

7. The term "Person" shall include both the singular and the plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

8. "You" or "Your" shall refer to the addressee of these Requests and any of its current or former Advisors.

9. For purposes of the Requests herein, terms not specifically defined shall be given their ordinary meanings as You understand them to be used.

10. Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: the use of a verb in any tense shall be construed as the use of that verb in all other tenses; the use of a word in its singular form shall be deemed to include within its use the plural form as well; the use of a word in its plural form shall be deemed to include within its use the singular form as well; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside its scope; and the terms "all" and "each" shall be construed as both all and each.

*[Remainder of page intentionally left blank]*

**INSTRUCTIONS**

1. All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of the *Stipulated Protective Order* [Dkt. No. 235] entered on March 16, 2023.

2. These Requests shall be deemed continuing in nature so as to require further and supplemental production if You obtain additional information or Documents between the time of initial production and the time of trial.

3. All Documents produced in response to a Request should be marked with a Bates number or other such similar numbering system. When You refer to a Document produced in response to a specific Request, a reference to the corresponding Bates number should also be made.

4. In producing Documents responsive to the following Requests, You are instructed to produce all Documents in Your custody, control or possession, including Documents in the custody, control or possession of Your attorneys, agents, or other representatives. You are also requested to produce any Document which is no longer in Your immediate physical possession, but which You have a right to compel production from a third-person or which is otherwise subject to Your control.

5. If any or all Documents identified herein are no longer in Your possession, custody, or control because of destruction, loss, or any other reason, then with respect to each and every such Document: (a) describe the nature of the Document (e.g., letter or memorandum); (b) state the date of the Document; (c) identify the persons who sent and received the original and a copy of the Document; (d) state in as much detail as possible the contents of the Document; and (e) state the manner and date of disposition of the Document.

6. If any of the Documents identified herein are withheld for privilege, You shall make Your claim of privilege in accordance with Federal Rule of Civil Procedure 26(b)(5).

7. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest shall be produced.

8. For any other Documents You identify and are withheld for any reason or claim, You shall state the following so that Your claim for withholding the Document may be assessed:

    (a) the ground of nondisclosure asserted;

    (b) a statement of facts constituting the basis for the ground of nondisclosure;

    (c) a brief description of the Document, including:

        i. the date of the Document;

        ii. the names of its author(s) or preparer(s) and identification by employment and title of each such person;

        iii. the names of each person who was sent or had access to or custody of the Document, together with an identification by employment of each such person; and

        iv. describe the nature of the Documents, communications or tangible things not produced or disclosed.

9. Requests which cannot be complied with in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief You possess with respect to each request to which You have not completely responded.

8

10. If any Document subject to any discovery request has been destroyed, cannot be located by You, or is no longer thought to be in existence, please so indicate and state the reason for the destruction of said Document, its last known location, by whom it was destroyed, when it was destroyed, and the description of the Document in a fashion sufficient to identify and describe it.

*[Remainder of page intentionally left blank]*

## **DOCUMENT REQUESTS**

1. All Communications between You (including Your Advisors) and Elizabeth Freeman.

2. All Documents and Communications relating to Elizabeth Freeman's role in the Chapter 11 Cases.

3. All Documents and Communications identifying any conflicts of Latham & Watkins LLP and Jackson Walker LLP that would require Elizabeth Freeman's retention.

4. All Documents and Communications concerning any personal relationships between the Your Advisors and Liz Freeman.

5. All Communications between any Person and Elizabeth Freeman concerning the Chapter 11 Cases.

*[Remainder of page intentionally left blank]*

Dated: November 10, 2023

**GLENN AGRE BERGMAN & FUENTES LLP**

By: /s/ *Andrew K. Glenn*
Andrew K. Glenn (*pro hac vice*)
Kurt A. Mayr (*pro hac vice*)
Shai Schmidt (*pro hac vice*)
Richard C. Ramirez (*pro hac vice*)
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 970-1601
Email: aglenn@glennagre.com
kmayr@glennagre.com
sschmidt@glennagre.com
rramirez@glennagre.com

*Counsel to the Official Committee of Equity Securities Holders*