# EXHIBIT D

**Document Requests Served to Elizabeth C. Freeman**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __Texas__

In re __Sorrento Therapeutics, Inc., et al.__
  Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __23-90085 (CML)__

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __Elizabeth Freeman__

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Andrew K. Glenn, Glenn Agre Bergman & Fuentes LLP, 1185 6th Avenue, New York, NY 10036 | November 16, 2023 at 12:00 p.m. (ET) |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __November 11, 2023__

CLERK OF COURT

                                          OR           /s/ Andrew K. Glenn
_____                     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __the Equity Committee__ , who issues or requests this subpoena, are:
Andrew K. Glenn, Glenn Agre Bergman & Fuentes LLP, 1185 6th Avenue, New York NY 10036, aglenn@glennagre.com, (212) 970-1601

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-90085    Document 1594-4    Filed in TXSB on 11/27/23    Page 3 of 14

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                       _____
                                                                          *Server's signature*

                                                                       _____
                                                                      *Printed name and title*

                                                                       _____
                                                                       *Server's address*

Additional information concerning attempted service, etc.:

Case 23-90085    Document 1594-4    Filed in TXSB on 11/27/23    Page 4 of 14

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90085 (DRJ)<br><br>(Jointly Administered) |

**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM THE OFFICIAL COMMITTEE OF EQUITY SECURITIES HOLDERS TO ELIZABETH FREEMAN**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26, 34 and 45, made applicable by Rules 7026, 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Equity Securities Holders (the "Equity Committee") in the above-captioned cases (the "Chapter 11 Cases") respectfully submits this request for the production of documents (the "Document Requests") to Elizabeth Freeman in connection with the *Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 1442]. The Equity Committee requests that the documents and electronic information responsive to the Document Requests identified in the attached **Exhibit A** be produced to **Andrew K. Glenn, Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, New York, New York 10036**, counsel to the Equity Committee, beginning immediately and completed no later than **November 16, 2023 at 12:00 p.m. (Eastern Time)**.

---

[1] The Debtor entities in these Chapter 11 Cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

1

Please take further notice that the Equity Committee reserves its rights under title 11 of the United States Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, and any applicable law regarding the subject matter of these Document Requests to amend, supplement, and/or modify **Exhibit A** attached hereto, or serve additional discovery requests.

*[Remainder of page intentionally left blank]*

# EXHIBIT A

# DEFINITIONS

The following definitions of terms apply to all of the Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Advisors" shall mean any current or former affiliates, agents, representatives, directors, officers, operators, employees, professionals, Persons, or entities working at the direction, control, or on behalf of the Debtors.

2. "Communication" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

3. The term "concerning" shall mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

4. "Debtors" shall mean Sorrento Therapeutics, Inc. and all other debtors listed on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/sorrento/, including

any of their current and former officers, directors, executives, managers, employees, or agents, including any investigators, accountants, consultants, attorneys, financial advisors, investment bankers, other representatives, or any other Persons acting or purporting to act on their behalf.

5. "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in Your actual or constructive possession, custody, or control.

6. The term "including" shall mean "including, but not limited to" and "including, without limitation."

7. The term "Person" shall include both the singular and the plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

8. "You" or "Your" shall refer to the addressee of these Requests and any of its current or former Advisors.

9. For purposes of the Requests herein, terms not specifically defined shall be given their ordinary meanings as You understand them to be used.

10. Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: the use of a verb in any tense shall be construed as the use of that verb in all other tenses; the use of a word in its singular form shall be deemed to include within its use the plural form as well; the use of a word in its plural form shall be deemed to include within its use the singular form as well; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside its scope; and the terms "all" and "each" shall be construed as both all and each.

*[Remainder of page intentionally left blank]*

## **INSTRUCTIONS**

1. All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of the *Stipulated Protective Order* [Dkt. No. 235] entered on March 16, 2023.

2. These Requests shall be deemed continuing in nature so as to require further and supplemental production if You obtain additional information or Documents between the time of initial production and the time of trial.

3. All Documents produced in response to a Request should be marked with a Bates number or other such similar numbering system. When You refer to a Document produced in response to a specific Request, a reference to the corresponding Bates number should also be made.

4. In producing Documents responsive to the following Requests, You are instructed to produce all Documents in Your custody, control or possession, including Documents in the custody, control or possession of Your attorneys, agents, or other representatives. You are also requested to produce any Document which is no longer in Your immediate physical possession, but which You have a right to compel production from a third-person or which is otherwise subject to Your control.

5. If any or all Documents identified herein are no longer in Your possession, custody, or control because of destruction, loss, or any other reason, then with respect to each and every such Document: (a) describe the nature of the Document (e.g., letter or memorandum); (b) state the date of the Document; (c) identify the persons who sent and received the original and a copy of the Document; (d) state in as much detail as possible the contents of the Document; and (e) state the manner and date of disposition of the Document.

6. If any of the Documents identified herein are withheld for privilege, You shall make Your claim of privilege in accordance with Federal Rule of Civil Procedure 26(b)(5).

7. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest shall be produced.

8. For any other Documents You identify and are withheld for any reason or claim, You shall state the following so that Your claim for withholding the Document may be assessed:

(a) the ground of nondisclosure asserted;

(b) a statement of facts constituting the basis for the ground of nondisclosure;

(c) a brief description of the Document, including:

 i. the date of the Document;

 ii. the names of its author(s) or preparer(s) and identification by employment and title of each such person;

 iii. the names of each person who was sent or had access to or custody of the Document, together with an identification by employment of each such person; and

 iv. describe the nature of the Documents, communications or tangible things not produced or disclosed.

9. Requests which cannot be complied with in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief You possess with respect to each request to which You have not completely responded.

10. If any Document subject to any discovery request has been destroyed, cannot be located by You, or is no longer thought to be in existence, please so indicate and state the reason for the destruction of said Document, its last known location, by whom it was destroyed, when it was destroyed, and the description of the Document in a fashion sufficient to identify and describe it.

*[Remainder of page intentionally left blank]*

**DOCUMENT REQUESTS**

1. All Documents and Communications between You and the Debtors' Advisors.

2. All Documents and Communications relating to Your role in the Chapter 11 Cases.

3. All Documents and Communications identifying any conflicts of Latham & Watkins LLP and Jackson Walker LLP that would require Your retention.

4. All Documents and Communications concerning any personal relationships between You and the Debtors' Advisors.

5. All Communications between You and Judge David R. Jones concerning the Debtors or the Chapter 11 Cases.

6. All Communications between You and any Person concerning the Chapter 11 Cases.

*[Remainder of page intentionally left blank]*

Dated: November 11, 2023

          **GLENN AGRE BERGMAN & FUENTES LLP**

          By: <u>*/s/ Andrew K. Glenn*</u>
          Andrew K. Glenn (*pro hac vice*)
          Kurt A. Mayr (*pro hac vice*)
          Shai Schmidt (*pro hac vice*)
          Richard C. Ramirez (*pro hac vice*)
          1185 Avenue of the Americas
          New York, New York 10036
          Telephone: (212) 970-1601
          Email: aglenn@glennagre.com
          kmayr@glennagre.com
          sschmidt@glennagre.com
          rramirez@glennagre.com

          *Counsel to the Official Committee of Equity Securities Holders*