United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) | Case No. 23-90085 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### ORDER APPROVING DEBTORS' DISCLOSURE STATEMENT AND CONFIRMING MODIFIED JOINT PLAN OF LIQUIDATION OF SORRENTO THERAPEUTICS, INC. AND SCINTILLA PHARMACEUTICALS, INC. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### [Relates to Docket Nos. 1406, 1436, 1442, 1443, 1562, 1599]

WHEREAS, on February 13, 2023 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") commenced these chapter 11 bankruptcy cases in this United States Bankruptcy Court for the Southern District of Texas (the "Court").

WHEREAS, after a hearing on October 18, 2023 to consider, among other things, the Debtors' Solicitation Motion,[2] the Court entered its *Order (I) Conditionally Approving Disclosure Statement; (II) Scheduling Combined Hearing on (A) Adequacy of the Disclosure Statement and (B) Confirmation of the Plan; (III) Fixing Deadline to Object to the Disclosure Statement and Plan; (IV) Approving (A) Solicitation Procedures and Ballots, (B) Form and Manner of Notice of Combined Hearing and Objection Deadline, (C) Notice of Non-Voting Status, and (D) Deadline*

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[2] *See Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving Disclosure Statement; (II) Scheduling Combined Hearing on (A) Adequacy of the Disclosure Statement and (B) Confirmation of the Plan; (III) Fixing Deadline to Object to the Disclosure Statement and Plan; (IV) Approving (A) Solicitation Procedures and Ballots, (B) Form and Manner of Notice of Combined Hearing and Objection Deadline, (C) Notice of Non-Voting Status, and (D) Deadline for Rule 3018(a) Motions; (V) Approving Procedures for Assumption of Contracts and Leases; and (VI) Granting Related Relief* [Docket No. 1406] (the "Solicitation Motion").

*for Rule 3018(a) Motions; (V) Approving Procedures for Assumption of Contracts and Leases; and (VI) Granting Related Relief* [Docket No. 1436] (the "Solicitation Order").

WHEREAS, the Solicitation Order, among other things, (a) approved the solicitation procedures with respect to the *Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 1442] (as amended, modified, or supplemented, including by the modified version filed at Docket No. 1562, the "Plan")[3] and the related solicitation materials and notices, and (b) conditionally approved the *Disclosure Statement for Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy* [Docket No. 1443] (as amended, modified, or supplemented, the "Disclosure Statement").

WHEREAS, as attested to by Clarissa Cu in the *Certificate of Service* [Docket No. 1459], the *Supplemental Certificate of Service* [Docket No. 1526], and the *Supplemental Certificate of Service* [Docket No. 1584] (the "Solicitation Affidavits of Service"), on October 20, 2023, Stretto Inc. (the "Solicitation Agent") transmitted the Solicitation Package (including the Ballots), the Combined Notice, the Notice of Non-Voting Status, and the Contract/Lease Party Notice (each as defined in the Solicitation Order), as applicable, to the parties identified on the service lists attached to the Solicitation Affidavits of Service or otherwise listed on the Solicitation Affidavits of Service.

WHEREAS, on October 23, 2023 and October 25, 2023, the Debtors published notices of the Combined Hearing in the *New York Times* and the *San Diego Union-Tribune* (respectively) (the "Publication Notices"), in accordance with the Solicitation Order and as attested to in the

---

[3]   Capitalized terms used herein and not otherwise defined have the meanings set forth in the Plan, and if not defined in the Plan, then as defined in the Disclosure Statement.  If there is any conflict between the terms of the Plan or Disclosure Statement and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

Solicitation Agent's affidavits filed with the Court on October 26, 2023 [Docket Nos. 1467 & 1468] (the "Affidavits of Publication").

WHEREAS, on November 1, 2023, the Debtors filed their *Notice of Filing of Plan Supplement for the Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 1491] (as amended, modified, or supplemented from time to time, including by the *Second Notice of Filing of Plan Supplement for the Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* filed on November 16, 2023 [Docket No. 1564], the "Plan Supplement").

WHEREAS, on November 16, 2023, the Solicitation Agent filed the *Declaration of Clarissa D. Cu Regarding the Solicitation and Tabulation of Votes on Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 1560] (the "Voting Report"), attesting to the results of the tabulation of all Ballots received by the Solicitation Agent on or before the Voting Deadline (4:00 p.m. (CT) on November 10, 2023, unless otherwise extended by the Debtors) from Holders of Class 3 General Unsecured Claims.

WHEREAS, on November 28, 2023, the Debtors filed the *Debtors' Memorandum of Law in Support of an Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Joint Chapter 11 Plan of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. 1599] (the "Confirmation Brief").

WHEREAS, on November 28, 2023, the Debtors filed the *Declaration of Mohsin Meghji, Chief Restructuring Officer of the Debtors, in Support of Confirmation of the Debtors' Chapter 11 Plan* [Docket No. 1597] (the "Confirmation Declaration").

WHEREAS, a hearing to consider the Debtors' compliance with the Bankruptcy Code's disclosure statement requirements and confirmation of the Plan was held before this Court commencing on November 30, 2023 (the "Combined Hearing").

NOW, THEREFORE, based upon this Court's review of the Disclosure Statement, the Plan, the Plan Supplement, the Voting Report, the Confirmation Brief, and the Confirmation Declaration, and all other filings submitted in support of Plan confirmation; upon all of the evidence proffered or adduced at, and arguments of counsel made at, the Combined Hearing; and upon the entire record of these Chapter 11 Cases; and after due deliberation thereon, **THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. ***Findings of Fact; Conclusions of Law***.  The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. ***Jurisdiction; Venue; Core Proceeding***.  The Court has jurisdiction over the Chapter 11 Cases pursuant to Section 1334 of title 28 of the United States Code.  Venue is proper before this Court pursuant to Sections 1408 and 1409 of title 28 of the United States Code.  Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to Section 157(b)(2) of title 28 of the United States Code.  This Court has jurisdiction to enter a

final order determining that the Disclosure Statement and the Plan comply with all of the applicable provisions of the Bankruptcy Code and should be approved and confirmed, respectively.

C.     ***Eligibility for Relief; Proper Plan Proponents***.  The Debtors were and are eligible for relief under Section 109 of the Bankruptcy Code, and the Debtors were and are proper plan proponents under Section 1121(a) of the Bankruptcy Code.

D.     ***Commencement and Joint Administration of the Chapter 11 Cases***.  On the Petition Date, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  By prior order of the Court, the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015 [Docket No. 7].  Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

E.     ***Statutory Committees***.  On February 28, 2023, the U.S. Trustee appointed an official committee of unsecured creditors (the "Unsecured Creditors' Committee"), which was reconstituted on March 28, 2023 [Docket No. 313], June 7, 2023 [Docket No. 813], and July 28, 2023 [Docket No. 1123].  On April 10, 2023, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Holders' Committee"), which was reconstituted on April 14, 2023 [Docket No. 448].

F.     ***Judicial Notice***.  The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon.  The Court also takes judicial notice of all hearing transcripts, all evidence proffered or adduced, and all arguments made at the hearings held before the Court during the pendency of these Chapter 11 Cases.

G.      ***Burden of Proof***.  The Debtors, as proponents of the Plan, have met their burden

of proving the applicable elements of Sections 1129(a) and 1129(b) of the Bankruptcy Code by a

preponderance of the evidence, which is the applicable evidentiary standard for confirmation of

the Plan.  Each witness who testified (by declaration, proffer, or otherwise) on behalf of the

Debtors in connection with the Combined Hearing was credible and qualified to testify as to the

topics addressed in his or her testimony.

H.      ***Transmittal and Mailing of Materials; Notice***.  As evidenced by the Solicitation

Affidavits of Service, due, timely, adequate, and sufficient notice of the Disclosure Statement, the

Plan, the Plan Supplement, the Combined Hearing, and any dates and deadlines described in the

Solicitation Order, together with all deadlines for voting to accept or reject the Plan as well as

objecting to the Disclosure Statement and the Plan, has been given in substantial compliance with

the Court's orders, all applicable Bankruptcy Rules, the Bankruptcy Local Rules, the Complex

Case Procedures, and all other applicable rules, laws, and regulations, and no other or further notice

is or shall be required.  All parties in interest had the opportunity to appear and be heard at the

Combined Hearing, and no other or further notice is required.  The Debtors published the

Publication Notices in the *New York Times* and the *San Diego Union-Tribune*, in compliance with

the Solicitation Order and Bankruptcy Rule 2002(l), as evidenced by the Affidavits of Publication.

I.      ***Solicitation***.  Votes for acceptance and rejection of the Plan were solicited in good

faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules

3017, 3018, and 3019, all other applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local

Rules"), the Complex Case Procedures, and all other applicable rules, laws, and regulations.

Specifically, the Disclosure Statement, the Plan, the Combined Notice, the Ballots, and other

materials constituting the solicitation materials approved by the Court in the Solicitation Order were transmitted to and served on all Holders of Claims in the Voting Class. The Solicitation Materials (not including Ballots) were also provided or made available to the other key parties in interest in the Chapter 11 Cases, in compliance with Section 1125 of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order. The Combined Notice and Notice of Non-Voting Status were provided to Non-Voting Holders (as defined in the Solicitation Order). Such transmittal and service were adequate and sufficient, and no other or further notice is or shall be required. All procedures used to distribute the solicitation materials and other notices and documents described in the Solicitation Order were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations.

J.      The Protected Parties (as defined in the Plan) have acted fairly, in "good faith" within the meaning of Section 1125(e) of the Bankruptcy, and in a manner consistent with the Disclosure Statement and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations in connection with all of their respective activities relating to support and consummation of the Plan, including the solicitation and tabulation of votes on the Plan and the activities described in Section 1125 of the Bankruptcy Code, as applicable, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

K.      The solicitation of votes on the Plan complied with the Solicitation Procedures (as defined in the Solicitation Order) was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Solicitation Order, and applicable non-bankruptcy law.

L. ***Adequacy of Disclosure Statement***.   The Disclosure Statement (a) contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable non-bankruptcy rules, laws, and regulations, including the Securities Act, (b) contains "adequate information" (as such term is defined in Section 1125(a) of the Bankruptcy Code and used in Section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plan, and the transactions contemplated therein, and (c) is hereby approved in all respects.

M. ***Voting Report***.   All procedures used to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and all other applicable rules, laws and regulations.   As evidenced by the Voting Report, Class 3 (General Unsecured Claims) voted as follows:

| Class 3 Ballots - General Unsecured Claims | | | | | |
|---|---|---|---|---|---|
| | Count | % | | Dollars | % |
| Accept: | 112 | 96.55% | | $46,756,777.36 | 94.29% |
| Reject: | 4 | 3.45% | | $2,829,336.88 | 5.71% |
| Tabulated Ballot Totals: | 116 | | | $49,586,114.24 | |
| | | | | | |
| Abstain: | 0 | | | $0.00 | |
| Unacceptable: | 3 | | | $278,853.75 | |

Therefore, Class 3 has accepted the Plan in accordance with Bankruptcy Code Section 1126(c).

N. ***Bankruptcy Rule 3016***.   The Plan is dated and identifies the Entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).   The filing of the Plan and the Disclosure Statement with the clerk of the Court satisfied Bankruptcy Rule 3016(b).

O. Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.   The Plan complies with Section 1129(a)(1) of the Bankruptcy Code.

P. *Sections 1122 and 1123(a)(1)—Proper Classification*.   The classification of Claims and Equity Interests under the Plan is proper and satisfies the requirements of the Bankruptcy

Code.    Pursuant to Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the

Plan provides for the separate classification of Claims and Equity Interests into six Classes, based

on differences in the legal nature or priority of such Claims and Equity Interests (other than

Administrative Claims, DIP Facility Claims, Priority Tax Claims, and statutory fees, which are

addressed in Article II of the Plan and which have not been classified in accordance with Section

1123(a)(1) of the Bankruptcy Code).    Valid business, factual, and legal reasons exist for the

separate classification of the various Classes of Claims and Equity Interests created under the Plan,

the classifications were not done for any improper purpose, and the creation of such Classes does

not unfairly discriminate between or among Holders of Claims or Equity Interests.    As required by

Section 1122(a) of the Bankruptcy Code, each Class of Claims and Equity Interests contains only

Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests

within that Class.

Q.    *Section 1123(a)—Compliance*.    In accordance with Section 1123(a) of the

Bankruptcy Code, the Court finds and concludes that the Plan: (i) designates Classes of Claims

and Equity Interests, other than Claims of a kind specified in Sections 507(a)(2) and 507(a)(8) of

the Bankruptcy Code; (ii) specifies Classes of Claims and Equity Interests that are not Impaired

under the Plan; (iii) specifies the treatment of Classes of Claims and Equity Interests that are

Impaired under the Plan; (iv) provides the same treatment for each Claim or Equity Interest of a

particular Class, unless the Holder of a particular Claim or Equity Interest agrees to less favorable

treatment of such Claim or Equity Interest; (v) provides for adequate means for the Plan's

implementation (as set forth in Article V of the Plan); (vi) does not provide for the issuance of

non-voting securities; (vii) contains only provisions that are consistent with the interests of Holders

of Claims and Equity Interests and with public policy with respect to the manner of selection of

the Liquidation Trustee and any officer or director of the Liquidating Debtors on and after the Effective Date; and (viii) does not pertain to any debtors that are individuals, thus Section 1123(a)(8) is not applicable. Therefore, the Plan satisfies the requirements of Section 1123(a) of the Bankruptcy Code.

R.     *Section 1123(b)—Discretionary Contents of the Plan*.  The Plan contains various provisions that may be construed as discretionary but are not required for confirmation under the Bankruptcy Code.  As set forth below, such discretionary provisions comply with Section 1123(b) of the Bankruptcy Code and are not inconsistent in any way with the applicable provisions of the Bankruptcy Code.  As a result thereof, the requirements of Section 1123(b) of the Bankruptcy Code have been satisfied.

S.     Pursuant to Sections 1123(b)(1) and 1123(b)(2) of the Bankruptcy Code, respectively, Article III of the Plan provides that each Class of Claims and Equity Interests is either Impaired or Unimpaired, as the case may be, and Article VI of the Plan provides for the assumption or rejection of the Executory Contracts and Unexpired Leases of the Debtors to the extent not previously assumed or rejected pursuant to Section 365 of the Bankruptcy Code or otherwise provided under the Plan (with the default treatment being rejection unless otherwise set forth in the Plan or in the Plan Supplement), and provides appropriate authorizing orders of the Court.

T.     Article V.C of the Plan appropriately provides for the transfer by the Debtors to the Liquidation Trust of all Causes of Action for the Liquidation Trust to pursue on behalf of the Debtors' estates, in accordance with Section 1123(b)(3)(B) of the Bankruptcy Code.  The provisions regarding the transfer of such Causes of Action in the Plan (including the related disclosures in the Plan Supplement) are appropriate and are in the best interests of the Debtors and their Estates.

U.      The exculpation described in Article X.B of the Plan is appropriate under applicable law, including *In re Highland Capital Mgmt., L.P.*, 48 F.4th 419 (5th Cir. 2022), because it is an integral part of the Plan, has been proposed in good faith, was vital to the Plan formulation process, and is appropriately limited in scope.  The injunction provisions set forth in Article X.C of the Plan are necessary to preserve and enforce the terms of the Plan and are appropriately tailored to achieve that purpose.

V.      Each of the exculpation and injunction provisions set forth in the Plan:  (a) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334; (b) is an essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code; (c) is an integral element of the transactions incorporated into the Plan; (d) is important to the overall objectives of the Plan; and (e) is consistent with Sections 105, 1123, and 1129 of the Bankruptcy Code, and other applicable provisions of the Bankruptcy Code.  The record of the Combined Hearing and the Chapter 11 Cases is sufficient to support the exculpation and injunction provisions contained in Article X of the Plan.

W.      ***Section 1129(a)(2)—Compliance of the Debtors and Others with the Applicable Provisions of the Bankruptcy Code***.  The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, Sections 1122, 1123, 1125, and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019.  As a result thereof, the requirements of Section 1129(a)(2) of the Bankruptcy Code have been satisfied.

X.      ***Section 1129(a)(3)—Proposal of Plan in Good Faith***.  The Debtors have proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Debtors' Estates for the benefit of their stakeholders, and not by any means forbidden by law.  In

determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation.  The Plan is the product of good-faith, arm's-length negotiations among the Debtors and the Unsecured Creditors' Committee, evident from the facts and records of the Chapter 11 Cases, including the record of the Combined Hearing and other proceedings held in the Chapter 11 Cases.  The Plan itself, and the process leading to its formulation, provides independent evidence of the good faith of the entities who negotiated the Plan, serves the public interest, and assures fair treatment of Holders of Claims and Equity Interests.  The Debtors and the Unsecured Creditors' Committee negotiated the terms and provisions of the Plan with the legitimate and honest purposes of maximizing the value of the Debtors' Estates for the benefit of all stakeholders.

Y.  ***Section 1129(a)(4)—Court Approval of Certain Payments as Reasonable***.  The procedures set forth in the Plan for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with the Chapter 11 Cases or the Plan (and thus incident to the Chapter 11 Cases) satisfy the objectives of, and are in compliance with, Section 1129(a)(4) of the Bankruptcy Code.  As a result thereof, the requirements of Section 1129(a)(4) of the Bankruptcy Code have been satisfied.

Z.  ***Section 1129(a)(5)—Service of Certain Individuals***.  To the extent required by Section 1129(a)(5) of the Bankruptcy Code: (a) the Debtors have disclosed the identity and affiliations of each known individual initially proposed to serve, on and after the Effective Date, as the Liquidation Trustee or as a director or officer of any of the Liquidating Debtors; (b) the appointment of such individuals is consistent with the interests of Holders of Claims and Equity Interests and with public policy; and (c) the Debtors have disclosed all insiders that will be

employed by the Liquidating Debtors (if any) and the nature of compensation for such insiders. As a result thereof, the requirements of Section 1129(a)(5) of the Bankruptcy Code have been satisfied.

AA.     ***Section 1129(a)(6)—No Rate Changes***.  In accordance with Section 1129(a)(6) of the Bankruptcy Code, the Debtors are not subject to any governmental regulation of any rates. Therefore, Section 1129(a)(6) of the Bankruptcy Code is not applicable.

BB.     ***Section 1129(a)(7)—Best Interests of Holders of Claims and Equity Interests***. The Liquidation Analysis included as Exhibit C to the Disclosure Statement and the other evidence related thereto that was proffered or adduced at or prior to the Combined Hearing: (a) are reasonable, persuasive, and credible; (b) use reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that, with respect to each Impaired Class, each Holder of an Allowed Claim or Equity Interest in such Class has voted to accept the Plan or will receive under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount such Holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

CC.     Section 1129(a)(8)—Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of the Plan by Each Non-Affiliate Impaired Class.  Classes 1, 2, and 5 are composed of Unimpaired Claims and Equity Interests and are conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code.  Class 4 is potentially composed of Unimpaired Claims and presumed to accept the Plan on behalf thereof.  Class 3 is composed of Impaired Claims and has voted to accept the Plan.

DD.    ***Section 1129(a)(9)—Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code***.  Allowed Administrative Claims and Allowed Priority Tax Claims are Unimpaired under Article II of the Plan.  Allowed Other Priority Claims (Class 1) are Unimpaired under Article III of the Plan.  As a result thereof, the requirements of Section 1129(a)(9) of the Bankruptcy Code with respect to such Classes have been satisfied.

EE.    ***Section 1129(a)(10)—Acceptance by At Least One Impaired Class***.  As set forth in the Voting Report, Class 3 has voted to accept the Plan.  Thus, at least one Class of Claims that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.  As a result thereof, the requirements of Section 1129(a)(10) of the Bankruptcy Code have been satisfied.

FF.    ***Section 1129(a)(11)—Feasibility of the Plan***.  The evidence proffered or adduced at, or prior to, the Combined Hearing in connection with the feasibility of the Plan is reasonable, persuasive, and credible.  As a result thereof, the requirements of Section 1129(a)(11) of the Bankruptcy Code have been satisfied.

GG.    ***Section 1129(a)(12)—Payment of Bankruptcy Fees***.  The Plan provides that the Debtors or the Liquidating Debtors (or the Disbursing Agent on behalf of each of the Debtors or Liquidating Debtors) shall pay all fees payable under section 1930 of title 28, United States Code on and after the Effective Date until the entry of a final decree in each Debtor's Chapter 11 Case or until such Chapter 11 Case is converted or dismissed.  As a result thereof, the requirements of Section 1129(a)(12) of the Bankruptcy Code have been satisfied.

HH.    ***Section 1129(a)(13)—Retiree Benefits***.  Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for retiree benefits at levels established pursuant to Section 1114

of the Bankruptcy Code. The Debtors do not have obligations to pay retiree benefits and, therefore, Section 1129(a)(13) of the Bankruptcy Code, to the extent applicable to the Debtors, is satisfied.

II.        Sections 1129(a)(14), (15), and (16)—Domestic Support Obligations; Unsecured Claims Against Individual Debtors; Transfers by Nonprofit Organizations. None of the Debtors have domestic support obligations, are individuals, or are nonprofit organizations. Therefore, Sections 1129(a)(14), (15), and (16) of the Bankruptcy Code do not apply to the Chapter 11 Cases.

JJ.        ***Section 1129(b)—No Unfair Discrimination; Fair and Equitable***. The Debtors have demonstrated that the Plan complies with Section 1129(b) of the Bankruptcy Code. The Plan does not discriminate unfairly with respect to the treatment of Class 6 (Sorrento Equity Interests) or, to the extent applicable, Class 4 (Intercompany Claims) (which may potentially be Impaired with no recovery and thus deemed to reject). The Plan's treatment of Class 6 is proper because it is the only class of Equity Interests held by non-Debtors and is not similarly situated to any other Classes given its distinctly different legal character. To the extent applicable, the Plan's treatment of Class 4 is proper because it is the only class of Intercompany Claims and is not similarly situated to any other Classes given its distinctly different legal character. The Plan is "fair and equitable" with respect to Class 6 (and Class 4, to the extent applicable) because the Plan complies with the "absolute priority" rule of Section 1129(b)(2)(C) because (i) there are no Classes junior to Class 6 (or Class 4, to the extent applicable) that will receive or retain any property under the Plan and (ii) no Holders of Claims in any Classes senior to Class 6 (or Class 4, to the extent applicable) will be paid more than 100% of their Allowed Claims. Accordingly, the Plan does not discriminate unfairly with respect to, and is fair and equitable with respect to, Class 6 (and Class 4, to the extent applicable)—thus satisfying the requirements of Bankruptcy Code section 1129(b).

KK.     ***Section 1129(c)—Only One Plan***.  Other than the Plan (including any previous versions thereof), no other plan has been filed in the Chapter 11 Cases.  As a result thereof, the requirements of Section 1129(c) of the Bankruptcy Code have been satisfied.

LL.     ***Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes***.  No Governmental Unit has requested that the Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act.  As evidenced by its terms, the principal purpose of the Plan is not such avoidance.  As a result thereof, the requirements of Section 1129(d) of the Bankruptcy Code have been satisfied.

MM.     ***Not Small Business Cases***.  The Chapter 11 Cases are not small business cases and, thus, Section 1129(e) of the Bankruptcy Code is not applicable to the Chapter 11 Cases.

NN.     ***Satisfaction of Confirmation Requirements***.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

OO.     ***Disclosure***.  The Debtors have disclosed all material facts regarding the Plan, including but not limited to the Liquidation Trust Agreement and the distributions to be made in accordance with the Plan.

PP.     ***Satisfaction of Conditions Precedent***.  By entry of this Order, each of the conditions precedent to confirmation of the Plan, as set forth in Article IX.A of the Plan, has been satisfied or waived in accordance with the provisions of the Plan.

QQ.     ***Implementation***.  All documents and agreements necessary to implement the Plan, including those contained in the Plan Supplement (which includes the Liquidation Trust Agreement), have been negotiated in good faith, have been negotiated at arm's-length, and are in the best interests of the Debtors and the Liquidating Debtors and shall, upon completion of

documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law. The Debtors have exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The Debtors or the Liquidating Debtors, as applicable, are authorized, without any further notice to or action, order, or approval of this Court, to execute and deliver all agreements, documents, instruments, and certificates relating to the Plan or the Liquidation Trust Agreement and to perform their obligations thereunder.

RR.   ***Plan Supplement***.   The filing and notice of the Plan Supplement were proper and in accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, all other applicable laws, rules, and regulations, and no other or further notice is or shall be required. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. Subject to the terms of the Plan, the Debtors are authorized to alter, amend, update, modify, or supplement the Plan Supplement before the Effective Date. All parties were provided due, adequate, and sufficient notice of the Plan Supplement, and the filing of any further supplements thereto will provide due, adequate, and sufficient notice thereof.

SS.   ***Modifications to the Plan***.   Pursuant to, and in compliance with, Section 1127 of the Bankruptcy Code, the Debtors made certain modifications to the Plan as reflected therein following solicitation thereof (the "Plan Modifications"). In accordance with Bankruptcy Rule 3019, the Plan Modifications do not (a) constitute material modifications of the Plan under section 1127 of the Bankruptcy Code, (b) cause the Plan to fail to meet the requirements of Sections 1122 or 1123 of the Bankruptcy Code, (c) materially or adversely affect or change the treatment of any Claims or Equity Interests, (d) require re-solicitation of any Holders of Claims, or (e) require that any such Holders be afforded an opportunity to change previously cast acceptances or rejections

of the Plan.  Under the circumstances, the form and manner of notice of the Plan Modifications were adequate, and no other or further notice of the Plan Modifications is necessary or required. In accordance with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims that voted to accept the Plan or that are conclusively presumed to have accepted the Plan, as applicable, are deemed to have accepted the Plan as modified by the Plan Modifications. No Holder of a Claim that has voted to accept the Plan shall be permitted to change its acceptance to a rejection as a consequence of the Plan Modifications.

TT.     To the extent this Confirmation Order contains modifications to the Plan, such modifications were made to address objections and informal comments received from various parties in interest.  All modifications to the Plan that have been made are consistent with the provisions of the Bankruptcy Code.  The disclosure of any Plan modifications prior to or on the record at the Combined Hearing constitutes due and sufficient notice of any and all Plan modifications.  The Plan as modified shall constitute the Plan submitted for confirmation.

UU.     *Executory Contracts and Unexpired Leases*.   The Debtors have exercised reasonable business judgment in determining whether to assume or reject each of their Executory Contracts and Unexpired Leases as set forth in Article VI of the Plan, the Plan Supplement, this Confirmation Order or otherwise.  Each assumption or rejection of an Executory Contract or Unexpired Lease in accordance with Article VI of the Plan, the Plan Supplement, this Confirmation Order or otherwise shall be legal, valid, and binding upon the applicable Debtor and all non-Debtor counterparties to such Executory Contract or Unexpired Lease, all to the same extent as if such assumption or rejection had been authorized and effectuated pursuant to a separate order of the Court that was entered pursuant to Section 365 of the Bankruptcy Code prior to the Confirmation Date.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      *Confirmation*.  The Plan (attached hereto as <u>Exhibit 1</u>) and Plan Supplement (as such may be amended by this Confirmation Order or in accordance with the Plan, and which amendments are hereby incorporated into and constitute a part of the Plan) and each of the provisions thereof, as may be modified by this Confirmation Order, are confirmed in each and every respect pursuant to Section 1129 of the Bankruptcy Code.  The documents contained in the Plan Supplement (including the Liquidation Trust Agreement), and any amendments, modifications and supplements thereto, and all documents and agreements related thereto (including all exhibits and attachments thereto), and the execution, delivery, and performance thereof by the Debtors or the Liquidating Debtors, as applicable, are authorized and approved. Without any further notice to or action, order, or approval of the Court, the Debtors, the Liquidating Debtors, and their successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement that are consistent with and subject to the Plan. As set forth in the Plan, the documents comprising the Plan Supplement and all other documents contemplated by the Plan, once finalized and executed, shall constitute legal, valid, binding, and authorized rights and obligations of the respective parties thereto, enforceable in accordance with their terms.

2.      *Disclosure Statement Approved*.  The Disclosure Statement (a) contains adequate information of a kind generally consistent with the disclosure requirements of all applicable non-bankruptcy law, including the Securities Act, (b) contains "adequate information" (as such term is defined in section 1125(a)(1) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plan, and the transactions contemplated therein, and (c) is approved in all respects on a final basis.

3.      *Objections*.  Based upon the record of the Combined Hearing and the Chapter 11 Cases, any and all objections, responses, statements, reservation of rights, and comments in opposition, if any, to entry of this Confirmation Order, whether formal or informal, that have not been consensually resolved, waived, settled, or withdrawn are overruled and denied on the merits pursuant to this Confirmation Order.

4.      *Compromise of Controversies*.  For the reasons stated herein, the Plan constitutes a good faith, arm's-length compromise and settlement of all Claims or controversies relating to the rights that a holder of a Claim, or any assignees thereof, may have with respect to any Allowed Claim or any distribution to be made or obligation to be incurred pursuant to the Plan, and the entry of this Confirmation Order constitutes approval of all such compromises and settlements.

5.      *Binding Effect; Federal Rule of Civil Procedure 62(a)*.  Immediately upon the entry of this Confirmation Order: (a) this Confirmation Order and the provisions of the Plan shall be binding upon (i) the Debtors, (ii) the Liquidating Debtors, (iii) the Liquidation Trust and the Liquidation Trustee, (iv) all Holders of Claims against and Equity Interests in the Debtors, whether or not Impaired under the Plan and whether or not, if Impaired, such Holders accepted the Plan, (v) each Person acquiring property under the Plan, (vi) any other party-in-interest, (vii) any Person making an appearance in these Chapter 11 Cases, and (viii) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians; and (b) the Debtors are authorized to consummate the Plan immediately upon entry of this Confirmation Order in accordance with the terms of the Plan.

6.      *Findings of Fact and Conclusions of Law*.  The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and

conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

7.     *Incorporation by Reference*.  The terms of the Plan, the Plan Supplement, and the exhibits and schedules thereto are incorporated by reference into, and are an integral part of, this Confirmation Order.  The terms of the Plan, the documents contained in the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents, shall be effective and binding as of the Effective Date.

8.     *Plan Classifications Controlling*.  The classification of Claims and Equity Interests for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (c) shall not be binding on the Debtors.

9.     *Transfer of Assets*.  The transfer of Assets (as defined in the Liquidation Trust Agreement) from the Debtors to the Liquidation Trust (a) are or shall be legal, valid, binding and effective transfers of property, (b) vest or shall vest the Liquidation Trust with good title to such property, free and clear of all liens, charges, Claims, encumbrances, or interests of creditors, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable non-bankruptcy law, and (d) do not and shall not subject the Debtors, the Liquidating Debtors, or the Liquidation Trust to any

liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law, including, without limitation, any laws affecting successor or transferee liability.    In connection with the vesting and transfer of Assets to the Liquidation Trust, including rights and the Causes of Action, access to books and records, any attorney-client privilege, work-product protection or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidation Trust shall vest in the Liquidation Trust. The Debtors and the Trustee (at the direction of the Advisory Board (as defined in the Liquidation Trust Agreement), if applicable) shall take all necessary actions to effectuate the transfer of such privileges, protections and immunities.  For the avoidance of doubt, the following shall not be considered estate property and thus shall not be transferred to the Liquidation Trust: (i) attorney work product not shared with the client or professionals retained by the Debtors, other than counsel retained by the Debtors; and (ii) communications solely between or among counsel retained by the Debtors and not including the client or other professionals retained by the Debtors.

10.    ***Automatic Stay***.  Unless otherwise provided in the Plan, all injunctions or stays provided for in the Chapter 11 Cases under Sections 105 and 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunction set forth in Article X of the Plan and/or Sections 524 and 1141 of the Bankruptcy Code. Upon the Effective Date, the injunction provided in Article X of the Plan shall apply. Notwithstanding anything to the contrary in this paragraph, nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust agreements, and bills of sale) or the taking of such other

actions as are necessary or appropriate to effectuate the transactions specifically contemplated by the Plan or by this Confirmation Order prior to the Effective Date.

11. ***Waiver or Estoppel.*** Except as otherwise set forth in the Plan or this Confirmation Order, each Holder of a Claim or an Equity Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Equity Interest should be Allowed in a certain amount, in a certain priority, secured or not subordinated by virtue of an agreement made with the Debtors or their counsel, or any other Entity, if such agreement was not disclosed in the Plan or papers filed with the Court before the Confirmation Date.

12. ***Rejection of Executory Contracts and Unexpired Leases.*** Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan and the Plan Supplement, as of the Effective Date, each Debtor shall be deemed to have rejected each Executory Contract and Unexpired Lease to which it is a party, unless such contract or lease: (a) was assumed or rejected previously by the Debtors; (b) previously expired or terminated pursuant to its own terms; (c) is the subject of another motion to assume Filed on or before the Confirmation Date; or (d) is set forth in the Schedule of Assumed Executory Contracts and Unexpired Leases (in the Plan Supplement). Subject to the payment of any Cure Claim, the assumption of any Executory Contract or Unexpired Lease pursuant to the Plan, or otherwise, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting assignment, the change in control or ownership interest composition, or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before or on the date that the Debtors assume such Executory Contract or Unexpired Lease. This Confirmation Order shall constitute an order of this Court approving such rejections and

assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date. Notwithstanding the foregoing, the Debtors shall have the right to amend the Schedule of Assumed Executory Contracts and Unexpired Leases before the Effective Date.  In addition, notwithstanding the foregoing, the Debtors, the Liquidating Debtors, and the Liquidation Trust shall have the right to terminate, amend, or modify any intercompany contracts, leases or other agreements without approval of this Court.

13. ***Claims for Rejection Damages***.  All Claims arising from the rejection (if any) of Executory Contracts or Unexpired Leases must be Filed with the clerk of the Court and served upon counsel for the Liquidating Debtors and the Liquidation Trust within thirty days after the later of (i) the date of entry of an order of the Court (including this Confirmation Order) approving the rejection of such Executory Contract or Unexpired Lease and (ii) the effective date of such rejection (including the Effective Date).  Any Claim arising from the rejection of Executory Contracts or Unexpired Leases that becomes an Allowed Claim is classified and shall be treated as a Class 3 General Unsecured Claim, provided that if such Claim is secured by a lien on property in which the Debtors have an interest, such Claim shall be secured to the extent provided in section 506(a) of the Bankruptcy Code.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed within the time required by this section will be forever barred from asserting such claim against the Debtors, the Liquidating Debtors, the Estates or the property of the Debtors or the Liquidating Debtors, or the Liquidation Trust.

14. ***Settlement Payments***.  On and after the Confirmation Date, the Debtors (or, from and after the Effective Date, the Liquidating Debtors or the Liquidation Trust in accordance with the Liquidation Trust Agreement) are authorized to enter into settlement agreements with respect

to Claims or Causes of Action asserted against the Debtors or their Estates and to pay any amounts due and owing thereunder.

15.     ***Plan Distributions***.  On and after the Effective Date, distributions on account of Allowed Claims and Allowed Equity Interests, if any, and the resolution and treatment of Disputed Claims or Equity Interests shall be effectuated pursuant to Article VII of the Plan.

16.     ***Operation as of the Effective Date***.  To the extent applicable, on and after the Effective Date, subject to the terms of the Liquidation Trust Agreement, each Liquidating Debtor and the Liquidation Trust may operate their business (as applicable) and may use, acquire, or dispose of property and compromise or settle any Claims, Equity Interests, or Causes of Action without supervision or approval by this Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

17.     ***Liquidation Trust; Liquidation Trustee***.  On the Effective Date, the Debtors or Liquidation Debtors shall execute the Liquidation Trust Agreement and shall take all steps necessary to establish the Liquidation Trust in accordance with the Plan and for the benefit of the Trust Beneficiaries (as defined in the Liquidation Trust Agreement).  The appointment of David Weinhoffer to serve as the Liquidation Trustee is approved in all respects.  The Liquidation Trustee is authorized to carry out all the rights and duties set forth in the Plan and the Liquidation Trust Agreement.

18.     ***Wind-Down and Dissolution***.  From and after the Effective Date, the Liquidating Debtors (a) shall be deemed to have withdrawn their business operations from any state in which the Liquidating Debtors were previously conducting operations and shall not be required to file any document, pay any sum, or take any other action in order to effectuate such withdrawal, and (b) shall not be liable in any manner to any taxing authority for franchise, business, license, or

similar taxes accruing on or after the Effective Date.  Upon completion of the Wind-Down, the Liquidating Debtors shall file a certificate of completion in the Chapter 11 Cases and, upon such filing, be deemed dissolved without further order of the Court or action by the Liquidating Debtors, provided that the Liquidating Debtors or the Liquidation Trust shall be authorized to file certificates of cancellation and any other documents with the secretary of state in which such dissolved Liquidating Debtor is formed or any other jurisdiction.

19.     *Filing and Recording*.  This Confirmation Order (a) is and shall be effective as a determination that, except as otherwise provided in the Plan or this Confirmation Order or in any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date, all Claims existing prior to such date have been unconditionally released and settled as set forth in the Plan and (b) is and shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any stamp or similar tax or governmental assessment imposed by state or local law.

20.     *Exculpation*.  The following exculpations set forth in Article X.B of the Plan are authorized and approved:

**Except as otherwise specifically provided in [the] Plan, from and after the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from, any Covered Claim, obligation, Cause of Action or liability for any Covered Claim, and in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to [the] Plan. The exculpation hereunder will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.**

**Except as otherwise specifically provided in [the] Plan, from and after the Effective Date, pursuant to and in accordance with section 1125(e) of the Bankruptcy Code, no Protected Party shall have or incur, and each Protected Party is hereby exculpated from, any Claim, obligation, Cause of Action or liability related to any act or omission in connection with, relating to, or arising out of, in whole or in part, (a) the solicitation of acceptance or rejection of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code or (b) the participation, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, in the offer, issuance, sale, or purchase of a security, offered or sold under the Plan (to the extent applicable).**

21.    *Injunction*.  The following injunction provisions in Article X.C of the Plan are authorized and approved:

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN [THE] PLAN OR CONFIRMATION ORDER, OR ON ACCOUNT OF OBLIGATIONS ISSUED OR CREATED PURSUANT TO [THE] PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS AND ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, EQUITY INTERESTS, OR CAUSES OF ACTION THAT ARE SUBJECT TO EXCULPATION OR SETTLEMENT ARE PERMANENTLY ENJOINED FROM (I) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY SUIT, ACTION OR OTHER PROCEEDING OF ANY KIND; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING IN ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND; OR (IV) ASSERTING A SETOFF OR RIGHT OF SUBROGATION OR RECOUPMENT OF ANY KIND, IN EACH CASE IN THE FOREGOING CLAUSES (I) THROUGH (IV), ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY EXCULPATED OR TO BE EXCULPATED OR SETTLED OR TO BE SETTLED PURSUANT TO [THE] PLAN OR THE CONFIRMATION ORDER AGAINST ANY EXCULPATED PARTY (OR THE PROPERTY OR**

**ESTATE OF ANY SUCH EXCULPATED PARTY).  ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASES UNDER SECTION 105 OR SECTION 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.**

**No Person or Entity (other than the Liquidation Trust, the Liquidation Trustee, or any of its representatives, successors, or assigns) who has held, holds, or may hold Claims, Equity Interests, or Causes of Action may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Liquidating Debtors, or the Protected Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Covered Claim, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action, as applicable, against any such Debtor, Liquidating Debtor, or Protected Party, as applicable.  At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Liquidating Debtor, Protected Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Federal Rules of Civil Procedure, including, but not limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination.**

22.     *Effectiveness of All Actions*.  All actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of, the Court, or further action by the respective officers, directors, members, or stockholders of the Debtors or Liquidating Debtors and with the effect that such actions had been taken by unanimous action of such officers, directors, members, or stockholders.

23.     *Approval of Consents and Authorization To Take Acts Necessary To Implement Plan*.  Pursuant to Section 1142(b) of the Bankruptcy Code, section 303 of the Delaware General Corporation Law, and any comparable provision of the business corporation laws of any other

state, the Debtors, the Liquidating Debtors, and the officers, directors, and members of the Liquidating Debtors are authorized to and may issue, execute, deliver, file or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan and the corporate actions and transactions contemplated thereunder, whether or not such action is specifically contemplated by the Plan or this Confirmation Order, without the need for any approvals, authorizations, or consents except for those expressly required pursuant to the Plan, and the obligations thereunder shall constitute legal, valid, binding, and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms.

24.     No further approval by the Court shall be required for any action, transaction, or agreement that the management of the Debtors determines is necessary or appropriate to implement and effectuate or consummate the Plan, whether or not such action, transaction, or agreement is specifically contemplated in the Plan or this Confirmation Order.  This Confirmation Order shall further constitute all approvals, consents, and directions required for the Liquidating Debtors to act consistent with the Plan and the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any other acts and transactions referred to in or contemplated by the Plan.

25.     Unless specifically directed by this Confirmation Order or the Plan, no further action of the Debtors or the Liquidating Debtors shall be necessary to perform any act to comply with, implement, and effectuate the Plan.  The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtors or the Liquidating Debtors to take any and all actions necessary or appropriate to

implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order, including authorizing the entry into all agreements necessary to effectuate the Plan.

26. ***Applicable Non-Bankruptcy Law***. The provisions of this Confirmation Order, the Plan, and all related documents (including, without limitation, the Liquidation Trust Agreement), and any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation of any state, federal, or other governmental authority.

27. ***Governmental Approvals Not Required***. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state, federal, or other governmental authority with respect to the implementation or consummation of the Plan, any certifications, documents, instruments, or agreements (including, without limitation, the Liquidation Trust Agreement), and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan.

28. ***Confirmation Order Supersedes***. This Confirmation Order shall supersede any Court orders issued prior to the Confirmation Date that are inconsistent with this Confirmation Order.

29. ***Notice of Entry of Confirmation Order***. Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Debtors shall promptly after entry of this Confirmation Order file notice of entry of this Confirmation Order substantially in the form annexed hereto as <u>Exhibit B</u> (the "<u>Notice of Confirmation</u>"), and shall cause the Notice of Confirmation to be served on the parties on whom the Combined Notice was served within ten Business Days after the date of entry of this Confirmation Order or as soon as reasonably practicable thereafter. Such notice is adequate under

the particular circumstances and no other or further notice is necessary. The Notice of Confirmation substantially in the form annexed hereto as <u>Exhibit B</u> is approved.

30. ***Notice of Effective Date***. Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), the Liquidating Debtors shall promptly after the occurrence of the Effective Date file notice of the Effective Date substantially in the form annexed hereto as <u>Exhibit C</u> (the "<u>Notice of Effective Date</u>"), and shall cause the Notice of Effective Date to be served on the parties on whom the Combined Notice was served within ten Business Days after the Effective Date or as soon as reasonably practicable thereafter. Such notice is adequate under the particular circumstances and no other or further notice is necessary. The Notice of Effective Date substantially in the form annexed hereto as <u>Exhibit C</u> is approved.

31. ***Substantial Consummation***. On the Effective Date, the Plan shall be deemed to be substantially consummated under Section 1101(2) of the Bankruptcy Code.

32. ***Failure To Consummate Plan***. The Plan shall not become effective unless and until the conditions set forth in Article IX.B of the Plan have been satisfied or waived pursuant to Article IX.C of the Plan. If the Effective Date does not occur, then the Plan will be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall (a) constitute a waiver or release of any Claims against or Equity Interests in the Debtors, (b) prejudice in any manner the rights of the Debtors, any Holders, or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking by the Debtors, any Holders, or any other Entity in any respect.

33. ***Modification of Plan***. Without need for further order or authorization of the Court, the Debtors or the Liquidating Debtors, subject to the limitations and rights contained in the Plan, may (a) amend or modify the Plan, in accordance with Section 1127(b) of the Bankruptcy Code or

(b) remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.  A Holder of a Claim or Equity Interest that has accepted the Plan shall be deemed to have accepted the Plan as altered, amended or modified, if the proposed alteration, amendment, or modification does not materially and adversely change the treatment of such Claim or Interest of such Holder.

34.   ***References to Plan Provisions***.  The failure to include or reference any particular provision of the Plan or Plan Supplement in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety and such provisions shall have the same binding effect, enforceability, and legality as every other provision of the Plan.  Each term and provision of the Plan, as it may have been altered or interpreted by the Court, is valid and enforceable pursuant to its terms.

35.   ***Governmental Agencies***.  Nothing in the Plan or this Confirmation Order is intended to affect the police or regulatory activities of governmental agencies.

36.   ***Kilroy & HCP***.  Notwithstanding anything in the Plan or this Confirmation Order to the contrary: (i) nothing in the Plan shall, in any way, modify or impair Kilroy Realty, L.P.'s ("Kilroy"), HCP Life Science REIT, Inc.'s ("HCP Life Science") and HCP University Center West LLC's ("HCP University," and together with HCP Life Science, "HCP") rights under applicable law to setoff and apply any security deposits securing (a) that certain lease between Sorrento and Kilroy dated as of September 10, 2021, for the premises located at 4690 Executive Drive, San Diego, California (as the same may have been amended, the "Kilroy Lease"), (b) that certain lease between Sorrento and HCP University dated February 3, 2015 for premises located at 9380 Judicial Drive, San Diego, CA 92121 (as amended, the "Judicial Drive Lease"), (c) that certain lease between Sorrento and HCP Life Science (as successor to HCP Life Science Estates, Inc.) dated

November 13, 2018 for premises located at 4939 Directors Place, San Diego, CA 92121 (as amended, the "4939 Lease"), (d) that certain lease between Sorrento and HCP Life Science dated September 8, 2016 for premises located at 4955 Directors Place, San, Diego, CA 92121 (as amended, the "4955 Lease"), (e) that certain lease between the Sorrento and HCP Life Science dated March 15, 2021 for premises located at 4921 Directors Place, San Diego, CA 92121 (as amended, the "4921 Lease"), and (f) that certain lease between Sorrento and HCP Life Science dated September 1, 2021 for premises located at 4930 Directors Place, San Diego, CA 92121 (as amended, the "4930 Lease," and together with the Judicial Drive Lease, the 4939 Lease, the 4955 Lease, and the 4921 Lease, the "HCP Leases") against the rejection damages Kilroy and HCP suffered as a result of the Debtors' rejection of the Kilroy Lease and any of the HCP Leases or that HCP will suffer upon the future rejection of any HCP Lease; (ii) Kilroy and HCP shall be entitled to setoff the security deposit effective immediately upon the entry of this Confirmation Order; (iii) the automatic stay is hereby modified as to Kilroy and HCP as necessary to allow for Kilroy and HCP to effectuate such setoff immediately upon entry of this Confirmation Order; and (iv) Kilroy's and HCP's remaining claim(s) shall be Allowed until an objection to allowance has been filed under section 502 of the Bankruptcy Code by a party in interest; *provided, however*, that nothing in this provision of the Confirmation Order, in any way, modifies or impairs Kilroy's or HCP's remaining claim(s) and the rights of all parties in interest (including but not limited to the Debtors, the Liquidating Debtors, the Unsecured Creditors' Committee, the Liquidation Trust, and the Liquidation Trustee) to object to Kilroy's and HCP's remaining claim(s) are reserved.

37.     ***JB Pacific***.   Unless by agreement of JB Pacific or court order, JB Pacific's executory contracts, as well as the real estate leases covering property interests that are subject to JB Pacific's three Mechanics Liens, shall not be assumed or assigned unless the Debtors comply

with 365(b)(1)(A) of the Bankruptcy Code. Notwithstanding anything to the contrary in the Plan, JB Pacific's claim no. 161, as such claim may be amended or revised, remains subject to 502(a) of the Bankruptcy Code.

38.     ***Further Assurances***.  The Debtors or the Liquidating Debtors, as applicable, shall, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or this Confirmation Order.

39.     ***Conflicts Between Confirmation Order and Plan***.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided*, *however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

40.     ***Nonseverability of Plan Provisions Upon Confirmation***.  Each provision of the Plan is:  (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the Debtors' consent; and (c) nonseverable and mutually dependent.

41.     ***Final Order***.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

42.     ***Integration of Plan and Confirmation Order Provisions***.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are integrated with each other and are mutually nonseverable and mutually dependent.

43.     ***Effectiveness of Order***.  This Confirmation Order is and shall be deemed to be a separate order with respect to each Debtor for all purposes.

44.     ***Retention of Jurisdiction***.  To the fullest extent permitted by applicable law, and notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Court shall retain exclusive jurisdiction over all matters arising in, arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to Sections 105(a) and 1142 of the Bankruptcy Code.

45.     ***Reversal***.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and any amendments or modifications thereto.

Signed:  November 30, 2023

Christopher Lopez
United States Bankruptcy Judge

**<u>EXHIBIT A</u>**

**Plan**

**<u>EXHIBIT B</u>**

**Notice of Confirmation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) | Case No. 23-90085 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (I) ENTRY OF ORDER APPROVING DEBTORS' DISCLOSURE
STATEMENT AND CONFIRMING DEBTORS' JOINT CHAPTER 11 PLAN OF
LIQUIDATION AND (II) INITIAL ADMINISTRATIVE CLAIMS BAR DATE**

**TO CREDITORS, EQUITY INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

 **PLEASE TAKE NOTICE** that on [_____], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered the *Order Approving Debtors' Disclosure Statement and Confirming Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. [ ⬤ ]] (the "Confirmation Order"). Among other things, the Confirmation Order confirmed the *Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code*, attached as Exhibit A to the Confirmation Order (the "Plan"),[2] as satisfying the requirements of the Bankruptcy Code, thereby authorizing Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. (the "Debtors") to implement the Plan on the Effective Date.

 **PLEASE TAKE FURTHER NOTICE** that, as set forth in the Plan, all Administrative Claims (as defined in the Plan) arising between the Petition Date (February 13, 2023) and the Confirmation Date ([ ⬤ ], 2023) must be filed with the Bankruptcy Court no later than [ ⬤ ] (i.e., thirty days after the date of entry of the Confirmation Order). Administrative Claims arising between the date of entry of the Confirmation Order and the Effective Date must be filed with the Bankruptcy Court no later than the date that is thirty days after the Effective Date.

 **PLEASE TAKE FURTHER NOTICE** that the Confirmation Order (and the Plan) may be examined during normal business hours at the Clerk of the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002. You may also obtain

---

[1]  The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

copies of the Confirmation Order (and the Plan) or of any pleadings filed in these Chapter 11 Cases free of charge on the Debtors' case information website at https://cases.stretto.com/sorrento/.

      **PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtors, the Liquidating Debtors, any Holder of a Claim or Equity Interest, and such Holder's respective successors and assigns, whether or not the Claim or Equity Interest of such Holder is Impaired under the Plan and whether or not such Holder voted to accept the Plan.

Dated:   November [ ● ], 2023

BY ORDER OF THE COURT

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Genevieve M. Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
        kpeguero@jw.com
        ggraham@jw.com

– and –

Caroline Reckler (S.D. Tex. Bar No. IL6275746)
Ebba Gebisa (admitted *pro hac vice*)
Jonathan Gordon (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile:  (312) 993-9667
Email:   caroline.reckler@lw.com
        ebba.gebisa@lw.com
        jonathan.gordon@lw.com

– and –

Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile:  (213) 891-8763
Email:   jeff.bjork@lw.com
        kim.posin@lw.com

*Counsel to the Debtors*

**<u>EXHIBIT C</u>**

**Notice of Effective Date**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) | Case No. 23-90085 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF (I) EFFECTIVE DATE OF DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION AND (II) FINAL ADMINISTRATIVE CLAIMS BAR DATE

**TO CREDITORS, EQUITY INTEREST HOLDERS, AND OTHER PARTIES IN INTEREST:**

  **PLEASE TAKE NOTICE** that on [ ● ], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered the *Order Approving Debtors' Disclosure Statement and Confirming Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Docket No. [ ● ]] (the "Confirmation Order"). Among other things, the Confirmation Order confirmed the *Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code*, attached as Exhibit A to the Confirmation Order (the "Plan"),[2] as satisfying the requirements of the Bankruptcy Code, thereby authorizing Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. (the "Debtors") to implement the Plan on the Effective Date.

  **PLEASE TAKE FURTHER NOTICE** that on [ ● ], the Effective Date under the Plan occurred.

  **PLEASE TAKE FURTHER NOTICE** that, as set forth in the Plan, all Administrative Claims (as defined in the Plan) arising between the Confirmation Date ([ ● ], 2023) and the Effective Date ([ ● ], 2023) must be filed with the Bankruptcy Court no later than [ ● ] (i.e., thirty days after the Effective Date). The deadline to file Administrative Claims arising between the Petition Date (February 13, 2023) and the Confirmation Date ([ ● ], 2023) was [ ● ].

  **PLEASE TAKE FURTHER NOTICE** that all final requests for payment of Fee Claims, including Fee Claims incurred during the period from the Petition Date through the Effective Date,

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

must be filed with the Bankruptcy Court and served on the Liquidating Debtors no later than **[ ● ]**, which is the date that is 60 days after the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that if the Debtors' rejection of an Executory Contract or Unexpired Lease pursuant to the Plan gives rise to a Claim against the Debtors by the non-Debtor party to such contract or lease, such Claims shall be forever barred and shall not be enforceable against the Debtors, the Liquidating Debtors, the Estates, or the Liquidation Trust unless a proof of Claim is filed with the Court and served upon counsel for the Liquidating Debtors and the Liquidation Trust no later than thirty days after the later of (i) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving the rejection of such Executory Contract or Unexpired Lease and (ii) the effective date of such rejection (including the Effective Date of the Plan).

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions are binding on the Debtors, the Liquidating Debtors, any Holder of a Claim or Equity Interest, and such Holder's respective successors and assigns, whether or not the Claim or Equity Interest of such Holder is Impaired under the Plan and whether or not such Holder voted to accept the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order (and the Plan) may be examined during normal business hours at the Clerk of the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002.  You may also obtain copies of the Confirmation Order (and the Plan) or of any pleadings filed in these Chapter 11 Cases free of charge on the Debtors' case information website at https://cases.stretto.com/sorrento/.

Dated:   [ ● ]                              BY ORDER OF THE COURT

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Genevieve M. Graham (TX Bar No. 24085340)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
        kpeguero@jw.com
        ggraham@jw.com

– and –

Caroline Reckler (S.D. Tex. Bar No. IL6275746)
Ebba Gebisa (admitted *pro hac vice*)
Jonathan Gordon (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile:  (312) 993-9667
Email:  caroline.reckler@lw.com
        ebba.gebisa@lw.com
        jonathan.gordon@lw.com

– and –

Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile:  (213) 891-8763
Email:  jeff.bjork@lw.com
        kim.posin@lw.com

*Counsel to the Debtors*

3