IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SORRENTO THERAPEUTICS INC., *et al.* | ) | Case No. 23-90085 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PARTY IN INTEREST, TIMOTHY CULBERSON'S, ALTERNATIVE MOTION TO COMPEL DISCOVERY FROM DEBTORS AND THEIR COUNSEL**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.

COMES NOW, Party in Interest, Timothy Culberson, Esq. ("Party in Interest") and respectfully files this Alternative Motion to Compel Discovery from Debtors and their Counsel, Jackson Walker, LLP and Latham & Watkins, LLP and will respectfully show unto the Court as follows:

I.

**PROCEDURAL BACKGROUND AND ARGUMENT**

1. On December 14, 2023, Party in Interest, filed its *FRCP 60(b)(6) and FRBP 9024 Motion for Relief from All Orders Approving All Applications for All Professional Fees and Reimbursement Expenses as to Jackson Walker, LLP, Latham & Watkins, LLP, and M3 Partners and Motion to Disgorge Said Fees/Expenses and to Remove Professionals from this Matter*. [Docket No. 1656] ("The Disgorgement Motion") This motion is now set for in-person argument on January 24, 2024.

2. On December 18, 2023, in a related matter, the Equity Committee argued its objection to the Debtors' Motion for Protective Order as it pertained to discovery the Equity Committee served relating to Elizabeth Freeman's role in this matter. The Court specifically asked the Equity Committee to point to

any evidence that would show there was "smoke" here to allow for the "fishing expedition" that the Equity Committee admitted they were trying to conduct. The Court's questions on this subject, respectfully, were not adequately addressed by the Equity Committee. The Equity Committee failed to "connect the dots."

3. It is Party in Interest's strong position that no additional discovery is necessary to prevail on its Disgorgement Motion [Docket No. 1656]. However, in the alternative, if the Court is inclined to deny Party in Interest's Disgorgement Motion based on the evidence currently available to Party in Interest, at minimum, Party in Interest has "connected the dots" between Jackson Walker, LLP, Latham Watkins, LLP and Elizabeth Freeman in this matter to reveal the "smoke" that hovers over this case and require additional investigation through discovery.

4. Therefore, Party in Interest served his own Requests for Production to Debtors' counsel, Jackson Walker, LLP and Latham & Watkins, LLP on December 21, 2023. *See* **Exhibit A**. The 9 requests all centered around Elizabeth Freeman's role in this bankruptcy proceeding which are reasonably calculated to lead to the discovery of admissible evidence relating to the Disgorgement Motion [Docket No. 1656].

5. Debtors' counsel immediately responded to this discovery request via email and indicated they will not be complying with the discovery request. *See* **Exhibit B**. Debtors' counsel indicated that this discovery request is essentially the same as the Equity Committee's.

6. It is certainly not Party in Interest's intention to be duplicative or redundant. Party in Interest did use the Equity Committee's initial requests as a starting point, however, there are additional requests that were not included in the Equity Committee's discovery. More importantly, Party in Interest's Disgorgement Motion is separate and distinct from what the Equity Committee argued. Party in Interest should not be prejudiced by the Equity Committee's failure to raise sufficient evidence to convince this Court of "smoke" at the December 18 hearing.

7. Party in Interest incorporates by reference herein all authority, evidence and argument previously filed in its Disgorgement Motion [Docket No. 1656] for purposes of compelling the discovery, if necessary, in **Exhibit A**.

8. In summary, Party in Interest asserts that his Disgorgement Motion [Docket No. 1656] has sufficient evidence to prevail without the need of any additional discovery. This discovery is only being compelled, in the alternative, in the event the Court, at minimum, sees the "smoke" and agrees that this additional discovery is now permitted.

## II.

## PRAYER FOR RELIEF

WHEREFORE, Timothy L. Culberson, party in interest, respectfully requests that in the event, after consideration and hearing oral argument, this Court decides to not rule on the Disgorgement Motion pending further discovery, this Court order the production of documents as requested in **Exhibit A** to be produced in digital format containing all original metadata so that Party in Interest can fully authenticate such digital evidence and for such further relief as this Court deems proper.

Respectfully submitted,

THE CULBERSON LAW OFFICE, PLLC

_____
Timothy L. Culberson
State Bar No. 24012484
25700 I-45 North
Suite 100
Spring, Texas 77386
Telephone: (281) 825-4977
Fax: (281) 674-8161
Email: tim@culbersonlaw.com

PRO SE PARTY IN INTEREST

## CERTIFICATE OF SERVICE AND CONFERENCE

By my signature above, I hereby certify that the above foregoing instrument was served on all counsel of record and all parties appeared herein on this the 14th day of December 2023 by the Court's CM/ECF system. I further certify that I have conferred with opposing counsel and an agreement to this dispute could not be reached.

EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90085 (DRJ)<br><br>(Jointly Administered) |

**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM PARTY IN INTEREST, TIMOTHY L. CULBERSON, ESQ TO DEBTORS AND THEIR COUNSEL**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Party in Interest, Timothy L. Culberson, (the "Party in Interest") in the above-captioned cases (the "Chapter 11 Cases") respectfully submits this request for the production of documents (the "Document Requests") to **Latham & Watkins LLP and Jackson Walker LLP, as counsel for Debtor**. Party in Interest requests that the documents and electronic information responsive to the Document Requests identified in the attached **Exhibit A** be produced electronically to The Culberson Law Office, PLLC at tim@culbersonlaw.com, beginning immediately and completed no later than **January 22, 2024 at 12:00 p.m. (Eastern Time)**.

---

[1] The Debtor entities in these Chapter 11 Cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

1

2

This discovery is being served in relation to the adversarial proceeding to be conducted on January 24, 2024 at 1:00 p.m. [Docket No. 1656]. Please take further notice that Party in Interest reserves his rights under title 11 of the United States Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, and any applicable law regarding the subject matter of these Document Requests to amend, supplement, and/or modify **Exhibit A** attached hereto, or serve additional discovery requests.

*[Remainder of page intentionally left blank]*

**EXHIBIT A**

**DEFINITIONS**

The following definitions of terms apply to all of the Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Advisors" shall mean any current or former affiliates, agents, representatives, directors, officers, attorneys, operators, employees, professionals, Persons, or entities working at the direction, control, or with delegated authority of or from the Debtors.

2. "Communication" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

3. The term "concerning" shall mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

4. "Debtors" shall mean Sorrento Therapeutics, Inc. and all other debtors listed on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/sorrento/, including

any of their current and former officers, directors, executives, managers, employees, or agents, including any investigators, accountants, consultants, attorneys, financial advisors, investment bankers, other representatives, chief restructuring officers, or any other Persons acting or purporting to act on their behalf.

5. "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in Your actual or constructive possession, custody, or control.

6. The term "including" shall mean "including, but not limited to" and "including, without limitation."

7. The term "Person" shall include both the singular and the plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

8.     "You" or "Your" shall refer to the addressee of these Requests and any of its current or former Advisors, including but not limited to, the chief restructuring officer and his office.

9.     For purposes of the Requests herein, terms not specifically defined shall be given their ordinary meanings as You understand them to be used.

10.    Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: the use of a verb in any tense shall be construed as the use of that verb in all other tenses; the use of a word in its singular form shall be deemed to include within its use the plural form as well; the use of a word in its plural form shall be deemed to include within its use the singular form as well; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside its scope; and the terms "all" and "each" shall be construed as both all and each.

*[Remainder of page intentionally left blank]*

## **INSTRUCTIONS**

1.  All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of the *Stipulated Protective Order* [Dkt. No. 235] entered on March 16, 2023.

2.  These Requests shall be deemed continuing in nature so as to require further and supplemental production if You obtain additional information or Documents between the time of initial production and the time of trial.

3.  All Documents produced in response to a Request should be marked with a Bates number or other such similar numbering system. When You refer to a Document produced in response to a specific Request, a reference to the corresponding Bates number should also be made.

4.  In producing Documents responsive to the following Requests, You are instructed to produce all Documents in Your custody, control or possession, including Documents in the custody, control or possession of Your attorneys, agents, or other representatives. You are also requested to produce any Document which is no longer in Your immediate physical possession, but which You have a right to compel production from a third-person or which is otherwise subject to Your control.

5.  If any or all Documents identified herein are no longer in Your possession, custody, or control because of destruction, loss, or any other reason, then with respect to each and every such Document: (a) describe the nature of the Document (e.g., letter or memorandum); (b) state the date of the Document; (c) identify the persons who sent and received the original and a copy of the Document; (d) state in as much detail as possible the contents of the Document; and (e) state the manner and date of disposition of the Document.

6. If any of the Documents identified herein are withheld for privilege, You shall make Your claim of privilege in accordance with Federal Rule of Civil Procedure 26(b)(5).

7. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest shall be produced.

8. For any other Documents You identify and are withheld for any reason or claim, You shall state the following so that Your claim for withholding the Document may be assessed:

    (a) the ground of nondisclosure asserted;

    (b) a statement of facts constituting the basis for the ground of nondisclosure;

    (c) a brief description of the Document, including:

        i. the date of the Document;

        ii. the names of its author(s) or preparer(s) and identification by employment and title of each such person;

        iii. the names of each person who was sent or had access to or custody of the Document, together with an identification by employment of each such person; and

        iv. describe the nature of the Documents, communications or tangible things not produced or disclosed.

9. Requests which cannot be complied with in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief You possess with respect to each request to which You have not completely responded.

10. If any Document subject to any discovery request has been destroyed, cannot be located by You, or is no longer thought to be in existence, please so indicate and state the reason for the destruction of said Document, its last known location, by whom it was destroyed, when it was destroyed, and the description of the Document in a fashion sufficient to identify and describe it.

*[Remainder of page intentionally left blank]*

**DOCUMENT REQUESTS**

1. All Communications between You (including Your Advisors) and Elizabeth Freeman.

2. All Documents and Communications relating to Elizabeth Freeman's role in the Chapter 11 Cases.

3. All Documents and Communications identifying any conflicts of Latham & Watkins LLP and Jackson Walker LLP that would require Elizabeth Freeman's retention.

4. All Documents and Communications concerning any personal relationships between Your Advisors and Liz Freeman.

5. All Communications between any Person and Elizabeth Freeman concerning the Chapter 11 Cases.

6. All transmittal communications in which documents relating to this bankruptcy matter were sent or shared with Elizabeth Freeman.

7. Mr. Mohsin Y. Meghji's travel schedule, work diary, notes, memos or calendars showing all meetings (whether in person or virtually) with Elizabeth Freeman and/or Judge David Jones in the calendar year 2023.

8. All timesheets, notes, calendar entries or other documents outlining the specific work performed by Mr. Mohsin Y. Meghji which directly or indirectly involved Elizabeth Freeman.

9. All documents or Communications that contain any reference to Elizabeth Freeman dated or created between January 1, 2023 to the present.

Dated: December 21, 2023

                                      **THE CULBERSON LAW OFFICE, PLLC**

By: _____
Timothy L. Culberson (*pro hac vice*)
Texas State Bar No. 24012484
25700 I-45 North, Suite 100
Spring, Texas 77386
Telephone: (832) 236-2326
Email: tim@culbersonlaw.com

*Pro Se Counsel, Party in Interest*

## CERTIFICATE OF SERVICE

      By my signature above, I hereby certify that the foregoing instrument was served on all parties of record via the Court's electronic filing system on this 21st Day of December 2023.

# EXHIBIT B

---

**From:** Timothy Culberson <tim@culbersonlaw.com>
**Date:** Thursday, Dec 21, 2023 at 2:33PM
**To:** Reckler, Caroline (CH-NY) <Caroline.Reckler@lw.com>, mcavenaugh@jw.com <mcavenaugh@jw.com>, kpeguero@jw.com <kpeguero@jw.com>
**Cc:** Harris, Christopher (NY) <CHRISTOPHER.HARRIS@lw.com>, Gordon, Jonathan (CH) <Jonathan.Gordon@lw.com>, Quartarolo, Amy (LA) <Amy.Quartarolo@lw.com>
**Subject:** Re: Party in Interest's First RFP's

Ms. Reckler,

Thanks for letting me know your position on the discovery requests.  This will satisfy our meet and confer requirement.

Yes, I was listening intently to the EC attorney's lack of a response to the Court's concerns.  So, I will be happy to answer the Court's questions that went unanswered when the time comes.

Have a Merry Christmas.

Tim

Timothy L. Culberson, Attorney



The Culberson Law Office, PLLC
Houston Area Office
25700 I-45 North, Suite 100
Spring, Texas 77386

Denver Area Office
3422 Utica Street
Denver, CO 80212

Page 1 of 3

P: 281.825.4977

F: 281.674.8161

---

E-MAIL CONFIDENTIALITY NOTICE - This transmission may be: (1) subject to Client Privilege. (2) a copyright work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this information in error, please reply and notify the sender only and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

---

**From:** <Caroline.Reckler@lw.com>
**Date:** Thursday, December 21, 2023 at 8:50 AM
**To:** <tim@culbersonlaw.com>, <mcavenaugh@jw.com>, <kpeguero@jw.com>
**Cc:** <CHRISTOPHER.HARRIS@lw.com>, <Jonathan.Gordon@lw.com>, <Amy.Quartarolo@lw.com>
**Subject:** RE: Party in Interest's First RFP's

Mr Culberson,

We received your discovery requests.  They are essentially identical to the Equity Committee's discovery requests that Judge Lopez denied on Monday, and are inappropriate for the same reason.  We understand you were on the line for that hearing but can provide you with the transcript of the hearing if you need it. Accordingly, for this and other reasons we do not intend to respond to them. Please let us know if a meet and confer would be helpful. Best,

Caroline

---

**From:** Timothy Culberson <tim@culbersonlaw.com>
**Date:** Wednesday, Dec 20, 2023 at 9:17PM
**To:** Reckler, Caroline (CH-NY) <Caroline.Reckler@lw.com>, mcavenaugh@jw.com <mcavenaugh@jw.com>, kpeguero@jw.com <kpeguero@jw.com>
**Subject:** Re: Party in Interest's First RFP's

Counselors,

Attached is a courtesy copy of the 1st Request for Production served formally via efiling a few minutes ago.

Have a good evening.

Timothy L. Culberson, Attorney



Page 2 of 3

The Culberson Law Office, PLLC
Houston Area Office
25700 I-45 North, Suite 100
Spring, Texas 77386

Denver Area Office
3422 Utica Street
Denver, CO 80212

P: 281.825.4977
F: 281.674.8161

E-MAIL CONFIDENTIALITY NOTICE - This transmission may be: (1) subject to Client Privilege. (2) a copyright work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this information in error, please reply and notify the sender only and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.