IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SORRENTO THERAPEUTICS INC., *et al.* | ) | Case No. 23-90085 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PARTY IN INTEREST, TIMOTHY CULBERSON'S, *EMERGENCY* MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO RULE 1014(a)(2) DUE TO FRAUDULENT VENUE SELECTION BY DEBTORS' COUNSEL AND MOTION FOR RECONSIDERATION OF MOTION TO COMPEL DISCOVERY FROM LATHAM & WATKINS, LLP**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

_____

COMES NOW, Party in Interest, Timothy Culberson, Esq. and respectfully files this *Emergency Motion to Dismiss or Transfer Venue Pursuant to Rule 1014(a)(2) Due to Fraudulent Venue Selection by Debtors' Counsel and Motion for Reconsideration of Motion to Compel Discovery from Latham Watkins, LLP* because compelling reasons justify this relief and will respectfully show unto the Court as follows:

I.

**Emergency Motion and Timeliness of Venue Challenge**

This motion to dismiss or transfer venue is needed on an emergent basis because fraud and factual misrepresentations were recently uncovered and confirmed through documented evidence within the last few days. Any further action by the Court in light of this illegitimate and improper venue selection process combined with the Elizabeth Freeman/ Judge Jones connection in this case requires immediate dismissal or transfer of venue.

When fraud is involved, the timeliness of actions should be broadly and generously construed in favor of the movant due to the very nature of the actions of which movant is complaining. Since this motion to dismiss or transfer venue is based on fraudulent actions only fully discovered in the past few days, this motion is timely.

II.

**Motion to Dismiss or Transfer Venue**

1. New evidence was just uncovered that proves Latham & Watkins, LLP and Jackson Walker, LLP conspired to fraudulently file this Sorrento Chapter 11 case in the Southern District of Texas representing venue facts that were knowingly false[1]. Scintilla Pharmaceuticals, Inc.'s principal place of business is NOT, nor ever was, P.O. Box 513, 7 Switchbud Place, The Woodlands, Texas ("UPS Store No. 0577").

2. On February 12, 2023, <u>10 hours before the bankruptcy filing</u>, Latham & Watkins, LLP and Jackson Walker, LLP ("Debtors' Counsel") conspired to fraudulently set up a P.O. Box at 7 Switchbud Place, The Woodlands, Texas for the sole purpose of fraudulently filing in a clearly improper venue. *See* **Exhibit 1 – UPS Store documents with business records affidavit.**

---

[1] Party-in-Interest by this motion and facts contained herein calls on the US Trustee's office, Mr. Hector Duran, to investigate whether these facts rise to the level of violating 18 U.S. Code §157 – Bankruptcy Fraud.

3. At 3:07 p.m. on February 12, 2023, Debtors' Counsel sent a soon-to-be partner[2] in the Bankruptcy section from Jackson Walker, LLP, Ms. Veronica A. Polnick to set up this P.O. Box. *See* **Exhibit 1.** Ms. Polnick paid for the P.O. Box using Chase Visa credit card ending in 9817. *Id.*

4. This fraudulent "principal place of business" was set up by Debtors' Counsel less than **10 Hours** before the fraudulent Scintilla Pharmaceutical voluntary petition was filed. *See* **Exhibit 2.** The moment Matthew Cavenaugh of Jackson Walker signed his name on that petition and filed it at 12:48 a.m. on February 13, fraud was committed on this Court and upon all parties in interest. *Id.*

5. 28 U.S. Code § 1408 governs venue in Chapter 11 cases. It clearly and unambiguously states that venue is proper only in a district where the "…principal place of business…[is] located for the one hundred and eighty days immediately preceding such commencement…." Or if the corporation's principal place of business was located in two districts during that 180-day period then venue is proper only in the district where the principal place of business was located the longest. *Id.*

6. The US Supreme Court in *Hertz v. Friend*, 559 U.S. 77 (2010) establishes the definition of "principal place of business" as the "nerve center" of the company. The Court also stated that "if the record reveals attempts at jurisdictional manipulation – for example, that the alleged "nerve center" is **nothing more than a mail drop box**…the courts should instead take as the "nerve center" the place of actual direction, control and coordination." *Id.*

7. Debtors' Counsel knew the venue requirements to clearly require the following:

   (a) "principal place of business" is more than a mail drop box; and

   (b) Even if the mail drop box was enough, the "principal place of business" must be established for a minimum of 180 days in the district

Yet, less than 10 hours after the P.O. Box is set up, Debtors' Counsel falsely represents to the Court and parties in interest that Scintilla Pharmaceuticals, Inc.'s principal place of business is P.O. Box 513, 7 Switchbud Pl, The Woodlands, Texas – A UPS Store.

---

[2] Interestingly, on February 16, 2023, 4 days later, Ms. Polnick is promoted to partner at Jackson Walker, LLP according to the Houston Business Journal.

8.         Incredibly, in the application Form 1583 for P.O. Box 513, Ms. Polnick represents Scintilla Pharmaceuticals, Inc's true business address is 4955 Directors Place, San Diego CA 92121. **Exhibit 1 – page 4.**  (This is a document Debtors' Counsel did not imagine would show up in this Court's records.) This shows Debtors' Counsel knew Scintilla's true principal place of business was NOT in the Southern District of Texas but rather in San Diego, California.  Nevertheless, they fraudulently represented P.O. Box 513, 7 Switchbud Pl, The Woodlands, Texas – A UPS Store - as the principal place of business in the voluntary petition.  **Exhibit 2.**

9.         The majority view of federal cases hold that this Bankruptcy Court does not have discretion to retain this case if §1408 is violated. [3]  The advisory committee comment in the rule states that "The rule is amended to delete the reference to retention of a case commenced in the improper district."  Rather, the Court may either dismiss the case or transfer to a proper venue.  But the legislature did NOT give retention as an option when venue was originally improper.

10.        However, if this Court chooses to follow the minority view as articulated in *In Re Lazaro*, 128 B.R. 168 (Bankr. W.D. Tex. 1991), the interest of justice requires this Court to use its discretion to transfer this case to another proper venue.  In *In re Lazaro*, one of the reasons the Court chose to retain the case was the proper venue was virtually the same in locale and attorneys as the improper venue – El Paso vs. Las Cruses.  There also was no scandal involving an attorney having a romantic relationship with the presiding judge.  Here, Sorrento has zero ties to Texas, $70,000,000 in professional fees billed to liquidate a company while the presiding judge was sleeping with one of the lawyers consulting on the case, and a CRO appointed with zero experience in restructuring biotech companies.  There can be no more imaginable

---

[3] *See Thompson v. Greenwood*, 507 F.3d 416, 422 (6th Cir. 2007) ("**Thompson**") (speaking through Boggs, C.J.); *In re Sorrells*, 218 B.R. 580, 585 (B.A.P. 10th Cir. 1998) (speaking through Glen Clark, J.); *Swinney v. Turner*, 309 B.R. 638, 640-641 (M.D. Ga. 2004) ("**Swinney**") (Land, J.); *In re Peachtree Lane Associates, Ltd.*, 188 B.R. 815, 831-832 (N.D. Ill. 1995) (Castillo, J.); *In re Frame*, 120 B.R. 718, 722 (Bankr. S.D.N.Y. 1990) (Abram, now Beatty, J.); *In re Suzanne de Lyon, Inc.*, 125 B.R. 863, 866 (Bankr. S.D.N.Y. 1991) ("**Suzanne de Lyon**") (Beatty, J.); *In re Sporting Club at Illinois Ctr.*, 132 B.R. 792, 798 (Bankr. N.D. Ga. 1991) (Drake, J.); *In re Washington, Perito & Dubuc*, 154 B.R. 853, 858 (Bankr. S.D.N.Y. 1993) (Beatty, J.).

interest of justice to transfer this case to a new court where the stench of past deeds might be able to be removed.

11. Any protests by the professionals about the expense of such transfer should fall on deaf ears given the $70,000,000 already spent for no results. At this point, what does the company have to lose? If nothing else, the appearance of impropriety should be removed by allowing another Court in a proper venue to put new and fresh eyes on this very unusual case.

12. <u>Given the proven fraudulent actions of Debtors' Counsel, any expenses related to the proper transfer of venue should be paid by Debtors' Counsel</u>.

### III.

### MOTION FOR RECONSIDERATION AS TO LATHAM & WATKINS, LLP

13. The Court should compel discovery as to Latham & Watkins, LLP now that it is proven they conspired to file this case in the Southern District of Texas based on fraudulent venue facts. This conduct by Latham & Watkins, through their local co-counsel, Jackson & Walker, begs the questions raised in Party-in-Interest's previous Motion to Vacate and disgorge fees – why the Southern District of Texas where Elizabeth Freeman was in a current romantic relationship with Judge Jones? Why the Southern District where Ms. Freeman just so happens to actively consult in this case? Discovery is required at minimum as to Latham & Watkins, LLP now with this new evidence – especially if this Court decides to retain this case against the majority holdings involving wrong venue.

### IV.

### PRAYER FOR RELIEF

WHEREFORE, Timothy L. Culberson, party in interest, respectfully requests that this Court order (1) an immediate dismissal of this Chapter 11 Bankruptcy case ; or (2) immediate transfer to a Court of proper venue; or 3) in the alternative, compel the previously served discovery as to Latham & Watkins, LLP; and (6) such other and further relief as is just and proper.

Respectfully submitted,

**THE CULBERSON LAW OFFICE, PLLC**

_____
Timothy L. Culberson
State Bar No. 24012484
25700 I-45 North
Suite 100
Spring, Texas 77386
Telephone: (281) 825-4977
Fax: (281) 674-8161
Email: tim@culbersonlaw.com

PRO SE PARTY IN INTEREST

**CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that the above foregoing instrument was served on all counsel of record and all parties appeared herein on this the 8th day of February 2024 by the Court's CM/ECF system.