IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) ) |
| SORRENTO THERAPEUTICS, INC., *et al.*[1] | ) Case No. 23-90085 (CML) ) (Chapter 11) |
| Debtors. | ) (Jointly Administered) ) |

**SCILEX HOLDING COMPANY'S MOTION
FOR ENTRY OF AN ORDER COMPELLING THE PRODUCTION
OF BOOKS AND RECORDS FROM CONSOLIDATED AUDIT TRAIL, LLC
PURSUANT TO RULE 2004 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESSOTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING ASUNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

   COMES NOW, SCILEX HOLDING COMPANY ("Scilex"), and makes this Scilex Holding Company's Motion for Entry of an Order Compelling the Production of Books and Records from Consolidated Audit Trail, LLC Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure as follows:

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

1

# I.

## INTRODUCTION

1. Scilex requests entry of an order compelling Consolidated Audit Trail, LLC ("CAT"), an affiliate of Financial Industry Regulatory Authority, Inc. ("FINRA"), to produce certain documents pursuant to Fed. R. Bank. P. 2004.

# II.

## JURISDICTION, VENUE AND AUTHORITY

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). Venue over this matter is proper under 28 U.S.C. § 1408. This Court has the constitutional authority to enter a final order in this matter, because it is a "core" matter under 28 U.S.C. § 157(b)(2)(A) and (O). If it is determined that this Court does not have constitutional authority to enter a final order, the movant consents to entry of a final order with respect to this matter.

# III.

## BACKGROUND

3. On March 31, 2023, Sorrento filed its Debtors' Emergency Motion for Entry of an Order Compelling Written Responses From Brokerage Firms Pursuant to Rule 2004 Of The Federal Rules Of Bankruptcy Procedure (Dkt. No. 330). The Court granted the Debtors relief. (Dkt. No. 334). On April 11, 2023, the Debtors filed a motion for entry of an amended order compelling written responses from the Brokerage Firms. (Dkt. No. 394). On April 11, 2023, the Court entered an amended order compelling the brokers to provide written responses. (Dkt. No. 395).

4. On April 10, 2023, the Official Committee of Equity Security Holders (the "Equity Committee") was appointed. (Dkt. No. 391).

5. On May 11, 2023, the Equity Committee filed its Official Committee of Equity Security Holders' Emergency Motion Seeking to Compel Certain Brokerage Firms' Compliance with Various Regulatory Requirements. (Dkt. No. 594). On May 12, 2023, the Court granted that motion in part and ordered the Brokerage Firms, including each of the Respondents, to provide additional information. (Dkt. No. 609).

6. On June 12, 2023, the Equity Committee commenced an Adversary Proceeding against Respondents seeking a temporary restraining order, but also made one request for an accounting for additional information regarding naked short selling of Scilex stock. *See Proposed Order, Temporary Restraining Order* (Adv. Dkt. No. 3-1).[2] This Court granted two of the six requests in the TRO, one of which was the request for an accounting. *See Temporary Restraining Order* (Dkt. No. 3).

7. On October 27, 2023, Scilex filed its Scilex Holding Company's Emergency Motion for Entry of an Order Compelling the Production of Books and Records from the Brokerage Firms Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Scilex Brokerage Motion") (Dkt. No. 1473). The Court set a hearing on the Scilex Brokerage Motion for November 15, 2023. At that hearing, the Court denied the motion as to the brokerage firms without prejudice but continued the hearing as to the Depository Trust and Clearing Corporation ("DTCC") and FINRA to December 18, 2023.

8. Prior to the continued hearing, Scilex was able to work with both DTCC and FINRA and arrive at proposed agreed orders for production of documents. (See Dkt. Nos. 1665 and 1666).

---

[2] References to "Adv. Dkt. No. shall be to the docket entries in *Official Committee of Equity Sec. Holders v. Bank of America Secs. Inc.*, Case No. 23-90085, Adv. Proc. No. 23-03106 (Bankr. S.D. Tex.)(the "Adversary Proceeding.")

In the discussions with FINRA, Scilex learned that certain data is owned by FINRA's affiliate, CAT NMS, LLC.

9. On December 21, 2023, Scilex filed its Scilex Holding Company's Motion for Entry of an Order Compelling the Production of Books and Records from CAT NMS, LLC Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Doc. No. 1699). There was no objection to the motion, and on January 18, 2024, this Court entered an order granting that motion and compelling the production of documents by CAT NMS, LLC. (Doc. No. 1774). Scilex served a copy of the order on CAT NMS, LLC. On February 6, 2024, Scilex served a copy of that order on CAT NMS, LLC, who then responded requesting a telephone conference to discuss the order.

10. On February 13, 2024, counsel for Scilex and counsel for CAT NMS, LLC held a video conference. In that conference, Scilex learned that CAT NMS, LLC does not in fact have possession or custody of the documents; rather, Consolidated Audit Trail, LLC holds and controls the relevant documents. Counsel for CAT NMS, LLC is also counsel for Consolidated Audit Trail, LLC and has agreed to accept service of this motion.

11. The documents that CAT has, that will not be included in the production agreed to by DTCC and FINRA, are CAT data order reports, execution reports, cancel/replacement reports , and quotes (offers to buy or sell) in the IDQS (Inter-Dealer Quotation System) new order reports, routing reports, desk reports and other data. Those documents will provide information showing spoofing, warrants, and substantiation of the intent of the brokers.

12. Scilex's instant Rule 2004 Motion does not ask the Court to grant these previously-denied requests or documents that will be produced pursuant to the agreed orders with DTCC and FINRA.

IV.

**ARGUMENT AND AUTHORITIES**

13. Scilex, as a party in interest, has shown good cause for its 2004 examination. The examination is necessary to determine whether and to what extent the Debtors' Estate has claims and causes of action for market manipulation in connection with Scilex shares. "[T]he one seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Eagle–Picher Industries, Inc.,* 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). "Generally, good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *See In re Eagle–Picher Indus., Inc.,* 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994), *as amended* No. 1–91–10100, 1994 WL 731628 (Bankr. S.D. Ohio Aug. 2, 1994); *see also, In re Metiom, Inc.,* 318 B.R. 263, 268 (S.D.N.Y. 2004) (citation omitted); *In re Countrywide Home Loans, Inc.,* 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008). *In re Dinubilo,* 177 B.R. 932, 940 (E.D.Cal.1993).

14. Scilex, as a party in interest, has shown good cause for its 2004 examination. The examination is necessary to determine whether and to what extent the Debtors' Estate has claims and causes of action for market manipulation in connection with Scilex shares. "[T]he one seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Eagle–Picher Industries, Inc.,* 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). "Generally, good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *See In re Eagle–Picher Indus., Inc.,* 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994), *as amended* No. 1–91–10100, 1994 WL 731628 (Bankr. S.D. Ohio Aug. 2, 1994); *see*

*also, In re Metiom, Inc.,* 318 B.R. 263, 268 (S.D.N.Y. 2004) (citation omitted); *In re Countrywide Home Loans, Inc.,* 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008). *In re Dinubilo,* 177 B.R. 932, 940 (E.D.Cal.1993). It is anticipated that the Debtors' causes of action will potentially give rise to a damage model in the hundreds of millions of dollars based on the sale of $60 million shares from Debtors to Scilex on September 21, 2023.[3]

15. Any party in interest may move for an order authorizing the examination of any entity to relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate … [and in Chapter 11 cases to] any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b). The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions, and assessing whether wrongdoing has occurred. See *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D. N.Y. 1996). The scope of a Rule 2004 examination "is very broad, broader even than discovery under the Federal Rules of Civil Procedure." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D. N.Y. 2004). Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation. See *Air Line Pilots Assoc., Int'l v. American Nat'l Bank and Trust Co. of Chicago* (*In re Ionosphere Clubs, Inc.*), 156 B.R. 414, 432 (S.D. N.Y. 1993).

16. Additionally, contrary to Respondents' contention, pre-litigation discovery is a permissible use of Rule 2004. Causes of action are part of a Chapter 11 debtor's estate's assets. 11 U.S.C. § 541(a)(1) (estate's property includes "all legal or equitable interests of the debtor in property as of the commencement of the case."). When discovery is conducted under Rule 2004

---

[3] See https://www.sec.gov/ix?doc=/Archives/edgar/data/0000850261/000110465923103911/tm2326887d1_8k.htm.

to determine if a cause of action exists, the party seeking that discovery is always conducting "pre-litigation discovery," because if the information obtained in the 2004 examination reveals a cause of action, the debtor will likely bring that cause of action in litigation. The person seeking a Rule 2004 examination is not required to show he will likely prevail in a suit before obtaining the discovery. *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997).

17. It is anticipated that the Debtors' causes of action will potentially give rise to a damage model in the hundreds of millions of dollars based on the sale of at least $60 million shares from Debtors to Scilex on September 21, 2023 and other related transactions.[4]

V.

**CONCLUSION**

18. Based on the reasons set forth herein and in its moving papers, Scilex respectfully seeks an order from this Court granting the relief requested in its entirety.

DATED:       February, 16, 2024            Respectfully submitted,

**THE PROBUS LAW FIRM**

By:   */s/ Matthew B. Probus*
       **Matthew B. Probus**
       Tex. Bar No. 16341200
       Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

By:   */s/ James Wes Christian*
       James Wes Christian, Esq.
       State Bar No: 04228700
       Ardalan Attar, Esq.

---

[4] See https://www.sec.gov/ix?doc=/Archives/edgar/data/0000850261/000110465923103911/tm2326887d1_8k.htm.

          State Bar No: 24113538
          CHRISTIAN ATTAR LAW
          2302 Fannin, Suite 205
          Houston, Texas 77002
          Tel: (713) 659-7617
          jchristian@christianlevinelaw.com
          aattar@christianlevinelaw.com

*ATTORNEYS FOR MOVANT,*
*SCILEX HOLDING COMPANY*

### Certificate of Service

I hereby certify that on February 16, 2024, a copy of the foregoing pleading was served via CM/ECF on all parties registered to receive such notice in the above-captioned cases, all parties on the attached mailing matrix, and on Consolidated Audit Trail, LLC via its counsel Daniel J. Martin, via email at Daniel.martin@wilmerhale.com and via United States regular mail, postage prepaid, first class, at the following addresses:

Consolidated Audit Trail, LLC
c/o Daniel J. Martin
Wilmer Hale, LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

Consolidated Audit Trail, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

          /s/ Matthew B. Probus
          Matthew B. Probus