IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____
                                    )
In re:                              )        Chapter 11
                                    )
SORRENTO THERAPEUTICS INC., *et al.* )       Case No.  23-90085 (DRJ)
                                    )
            Debtors.                )        (Jointly Administered)
                                    )
_____)

**PARTY IN INTEREST, TIMOTHY CULBERSON'S, *EMERGENCY*
MOTION FOR SANCTIONS AGAINST JACKSON WALKER, LLP,
AND LATHAM & WATKINS, LLP AND *EMERGENCY* MOTION
<u>FOR IMMEDIATE STAY OF ALL ASSET SALES</u>**

   **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. This motion is being sought on an emergency basis. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

   <u>**An emergency hearing is requested by Friday, February 23, 2024 for the reasons set forth below. This hearing is requested to be attended remotely as necessary pursuant to this Court's own procedures for the reason set forth below.**</u>

_____

   COMES NOW, Party in Interest, Timothy Culberson, Esq. and respectfully files this Emergency Motion for Sanctions Against Jackson Walker, LLP and Latham & Watkins, LLP and Emergency Motion for Immediate Stay of All Asset Sales because compelling reasons justify this relief and will respectfully show unto the Court as follows:

I.

**EMERGENCY RELIEF REQUESTED**

This motion requires urgent consideration in light of statements made by Debtors' counsel at last week's status conference indicating a deal was in the works to sell the assets of this company for essentially salvage value.  <u>This deal is being brokered by the very attorneys who fraudulently filed this case</u>.  These assets presumably include a drug approved in December 2023 in China (Socazilomab) in which Sorrento's estate is currently entitled to milestone payments and royalties.  This drug alone, is worth significantly more than the $20.9 million consideration being offered to buy virtually <u>all of Sorrento's assets</u>.  If this deal is approved, it would amount to a <u>fraudulent transfer of assets that severely damages both the creditors and shareholders of Sorrento</u>.

The sanctions being requested herein will substantially pay back all of the unsecured creditors and provide a runway for a successful exit from Chapter 11 that preserves equity[1].  Delaying this relief will irreparably harm shareholders because these assets will be essentially stolen from the Sorrento estate – assets that were acquired on the backs of shareholders.

<u>This Court must not approve any asset sales without first addressing the absolute fraud committed by the lawyers filing emergency motions and trying to ramrod a sale of Sorrento assets under the guise of a "liquidity crisis" created by their own doing.  Enough is enough</u>.

II.

**BANKRUPTCY RULE 9011 SANCTIONS**

Party in Interest, Timothy L. Culberson, is requesting severe monetary and equitable sanctions against Latham & Watkins, LLP, and Jackson Walker, LLP pursuant to Bankruptcy Rule 9011 for fraudulently filing this Chapter 11 case and conspiring to defraud Party in Interest, the shareholders,

---

[1] Previous representations that disgorgement of fees will not help equity are false.  As we now see by this $20.9 million agreement with the UCC, disgorging fees would provide a better recovery for creditors and likely allow equity to remain intact.

Sorrento Therapeutics, and its creditors.[2] Simply put, the attorneys lied to this Court in their pleadings in violation of Bankruptcy Rule 9011 and such action requires the severest form of sanctions.

Latham & Watkins, LLP, and Jackson Walker, LLP should not be allowed to benefit $1 from this case that was conceived using fraud from the outset. Thus, pursuant to Bankruptcy Rule 330 (a)(2), Party in Interest demands any compensation paid pursuant to any interim fee applications by Latham & Watkins, LLP, Jackson Walker, LLP, and M3 Partners be disgorged immediately and deposited in the Professional Fee Reserve to be frozen until disbursement can be determined by the Court on an urgent basis.

### III.

### NEW EVIDENCE OF LATHAM & WATKINS, LLP'S DIRECT INVOLVEMENT IN THE BANKRUPTCY FRAUD

### A.

### JONATHAN GORDON OF LATHAM & WATKINS, LLP AUTHORED THE FRAUDULENT SCINTILLA VOLUNTARY PETITION

For purpose of efficiency and brevity, the evidence presented in Docket Nos. 1838 and 1879 filed by Party in Interest and the United States Trustee, respectively, will not be rehashed here. The case against Jackson Walker has been proven.

Regarding Latham & Watkins, LLP, the close, strategic relationship between it and Jackson Walker as their co-counsel is enough to assign the same fraudulent conduct to Latham when Matthew Cavenaugh lied about venue facts in the Scintilla Pharmaceuticals, Inc. voluntary petition. Even so, new evidence makes it absolutely clear that Latham & Watkins, LLP directly participated in the fraud that brought this case into the Southern District of Texas.

---

[2] *See* Docket Nos. 1838 and 1879 filed by this Party in Interest and the United States Trustee respectively. All evidence, arguments, and exhibits are incorporated by reference fully herein.

The following is the exact timeline of critical events involved in the fraud:

**2/12/2023 at 3:07 p.m.** - A P.O. Box is established by **Veronica Polnick of Jackson Walker** to create the false pretense of a "principal place of business" for Scintilla Pharmaceuticals, Inc. *See* **Exhibit 1 to Docket No. 1851**.

**2/12/2023 at 4:17 p.m.** - **Jonathan Gordon of Latham & Watkins, LLP** electronically signs Dr. Henry Ji's signature to the document titled "Action by Unanimous Written Consent of the Board of Directors of Scintilla Pharmaceuticals, Inc., a Delaware corporation" – this document represents Scintilla Pharmaceuticals, Inc.'s apparent consent to file Chapter 11 in the Southern District of Texas. *See* **Exhibit 1 attached**.

**2/12/2023 at 7:28 p.m.** – **Jonathan Gordon of Latham & Watkins, LLP** authors the fraudulent Scintilla Pharmaceuticals, Inc. voluntary petition that contains the false information contained in Box 11. *See* **Exhibit 2 attached.**

**2/13/2023 at 12:48 a.m.** – **Matthew Cavenaugh of Jackson Walker, LLP** signs and files the voluntary petition for Chapter 11 bankruptcy on behalf of Scintilla Pharmaceuticals, Inc. with the false information in Box 11. *See* **Exhibit 2 to Docket No. 1851**.

The metadata text box next to Dr. Henry Ji's "docusign" signature below clearly shows that Jonathan Gordon of Latham & Watkins, LLP signed this Scintilla Pharmaceuticals, Inc. Board of Directors authorization to file a Chapter 11 voluntary petition in the Southern District of Texas at 4:17:55 p.m. on February 12, 2023 – about 8 and a half hours before the fraudulent voluntary petition was filed by co-conspirator, Jackson Walker, LLP. *See* **Exhibit 1 below**.

Case 23-90084   Document 1   Filed in TXSB on 02/13/23   Page 15 of 15

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors of Scintilla Pharmaceuticals, Inc., a Delaware corporation, hereby consent to and adopt the foregoing resolutions as of February 12, 2023, and waive the requirement that a meeting be held to accomplish the same.

*Dr. Henry Ji*   [jgordon2  2/12/2023, 4:17:55 PM]
_____
Henry Ji, Ph.D.

Jonathan Gordon is a known associate attorney of Latham & Watkins, LLP working on Caroline Reckler's team who has worked extensively in this matter.

Then, a few hours later, Jonathan Gordon authors the actual fraudulent Scintilla voluntary petition containing the false information in Box 11.  It is demonstrably proven by downloading Document 1 from Pacer in Cause No. 23-90084.  *See* **Exhibit 2.**  By inspecting the "document properties" in Adobe Pro it shows the author, "jgordon." He authored the petition on 2/12/23 at 7:28 p.m.  The screenshot below contains this information in the lower right-hand corner of the image:

A closer look at the above document properties box zoomed in below provides the proof.  **Author: jgordon2**; **Created: 2/12/23, 7:28:39 p.m**[3].

---

[3] The "Modified" field in document properties simply refers to when this document was saved from Pacer.



This objective metadata evidence proves Latham & Watkins, LLP through Josh Gordon at the direction of his supervising partner, Caroline Reckler, directly created the false petition that began this complicated web of conflicts, corruption, and collaboration to destroy equity and fraudulently transfer wealth into the hands of the parties shorting Sorrento.  Such parties will soon be brought to the light of day.

Therefore, in light of this new evidence, it is clear that not only did Jackson Walker, LLP commit bankruptcy fraud, their co-counsel (co-conspirator) Latham & Watkins, LLP directly participated with full knowledge of this plot. Thus, severe sanctions pursuant to Rule 9011 and disgorgement of fees pursuant to Rule 330(a)(2) are not just appropriate but mandated by the evidence.

IV.

SANCTIONS REQUIRED

This case is just one of others where this same bankruptcy fraud was committed[4]. If this Court fails to impose the most severe of sanctions, it will serve as an invitation for continued corruption in the Southern District of Texas.

It is without question that these professionals have enriched themselves enjoying the fruit from the poisonous tree. Bankruptcy Rule 9011(c)(2) states that "a sanction imposed for violation of this rule shall be limited to what is sufficient to *deter repetition* of such conduct…" Stated another way, a sanction imposed under this rule must be significant enough to *deter repetition* of such conduct. It is not enough to simply apply a uniform sanction amount to all parties without first considering if the amount proposed for a sanction is significant enough for the violating party to "feel" the punishment to accomplish the goal of determent.

A.

LATHAM & WATKINS, LLP SANCTIONS

According to the National Law Journal's 2023 NLJ 500 ranking of firms based on size, Latham & Watkins, LLP has 3298 attorneys and is ranked 4th in the United States. In 2022, the firm's gross revenue was over $5.3 billion with each individual equity partner profiting over $5 million per partner. In order to deter future fraudulent conduct that was committed by this firm in this case, the monetary sanction <u>must be significant</u>. This firm must "feel" the consequences of its conduct. As such, Party in Interest respectfully requests that this Court impose a monetary sanction in the amount of five hundred million dollars ($500,000,000) against Latham & Watkins, LLP. $500,000,000 is reasonable as it represents less than 10%

---

[4] This is not the only time this same bankruptcy fraud was committed by Jackson Walker, LLP. A second subpoena was served on the same UPS Store which uncovered three other fraudulent uses of a P.O. Box as a "principal place of business to bring out of state debtors into the Southern District based on fraudulent facts. ***See* Exhibit 3 attached**. This is exhibit is a collection of three P.O. Boxes used in three separate cases. <u>In each case, the voluntary petition on behalf of the venue debtor was filed shortly after the P.O. Box was established.</u>

of Latham & Watkins, LLP's total gross revenue in 2022. This amount is limited to what is sufficient to deter future conduct and also to punish the wrongdoer.

**B.**

**JACKSON WALKER, LLP SANCTIONS**

According to the National Law Review Journal's 2023 NLJ 500 ranking of firms based on size, Jackson Walker, LLP has 424 attorneys and is ranked 114th in the United States. In 2022, the firm's gross revenue was over $402 million. In order to deter future fraudulent conduct that was committed by this firm in this case, the monetary sanction should be forty million dollars ($40,000,000). $40,000,000 is reasonable as it represents less than 10% of Jackson Walker, LLP's total gross revenue in 2022. This amount is limited to what is sufficient to deter future conduct and also to punish the wrongdoer.

**C.**

**DISGORGEMENT OF PROFESSIONAL FEES**

In addition to the punitive sanctions under Rule 9011, Rule 330(a)(2) allows a request to award less compensation to the professionals. To date, the following is the approximate total amount of professional fees and expenses billed inclusive of the 20% holdback as to the relevant parties:

| | |
|---|---|
| Latham & Watkins, LLP | $25,503,000.00 |
| Jackson Walker, LLP | $ 1,682,000.00 |

Bankruptcy Rule 330 (a)(2) gives Party in Interest the ability to request that a professional be awarded compensation that is "less than the amount of compensation that is requested." Thus, there is additional authority for the Court to claw back fees paid by virtue of any interim fee applications and to remove these professionals immediately. All fees and reimbursement of expenses must be ordered to be disgorged immediately pursuant to Rule 330(a)(2).

In summary, the premeditated and intentional fraud committed by Jackson Walker, LLP and Latham & Watkins, LLP leaves this Court no choice but to impose severe sanctions to preserve any semblance of integrity remaining in this sham Chapter 11 proceeding.

## V.

## REQUEST FOR A STAY AS TO ANY FURTHER ASSET SALES UNTIL THIS MOTION FOR SANCTIONS AND THE MOTIONS TO TRANSFER OR DISMISS ARE DETERMINED

It is unthinkable that this Court would entertain any emergency motion filed by lawyers who have been caught lying to this Court.  This extraordinary circumstance requires an immediate halt to all transactions except as to those to keep the Debtors' current employees and operations intact until sanctions are paid.  Once sanctions are paid, creditors can be paid, equity remains intact and a true reorganization of Sorrento can be accomplished.  Extraordinary circumstances requires and extraordinary response.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Timothy L. Culberson, party in interest, respectfully requests that this Court order (1) Latham & Watkins, LLP immediately pay five-hundred million dollars ($500,000,000) in Rule 9011 sanctions; (2) Jackson & Walker, LLP immediately pay forty million dollars ($40,000,000) in Rule 9011 sanctions; (3) Latham & Watkins, LLP and Jackson Walker, LLP return all fees and expenses paid to date by virtue of all interim fee applications; (4) all monies paid must be deposited into an interest bearing account designated by the US Trustee to be frozen until a hearing can be conducted as to the actual amount of the claims pool and proper disbursement of funds; and (5) such other and further relief as is just and proper.

(SIGNATURE FOLLOWS ON NEXT PAGE)

Respectfully submitted,

**THE CULBERSON LAW OFFICE, PLLC**

_____
Timothy L. Culberson
State Bar No. 24012484
25700 I-45 North
Suite 100
Spring, Texas 77386
Telephone: (281) 825-4977
Fax: (281) 674-8161
Email: tim@culbersonlaw.com

**PRO SE PARTY IN INTEREST**

**CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that the above foregoing instrument was served on all counsel of record and all parties appeared herein on this the 20th day of February 2024 by the Court's CM/ECF system.