IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SORRENTO THERAPEUTICS, INC., *et al.*,[1] | ) Case No. 23-90085 (CML) |
| Debtors. | ) (Jointly Administered) |

**VERONICA A. POLNICK'S EMERGENCY MOTION FOR
ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT
(I) REVOKE (A) PRO HAC VICE STAUS AND (B) ECF FILING PRIVILEGES OF
TIMOTHY CULBERSON AND (II) REQUIRE TIMOTHY CULBERSON TO
SEEK COURT APPROVAL BEFORE MAKING ANY FURTHER FILINGS**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN FEBRUARY 23, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Veronica A. Polnick respectfully states the following in support of this motion (this "Motion"):

### Relief Requested

1. On August 10, 2023, Mr. Timothy Culberson ("Culberson") sought approval to appear *pro hac vice* in this case [Docket No. 1195] (the "PHV Motion"). Under the heading of "Name of party applicant seeks to appear for," Culberson filled in the following: "Pro Se & 51 SRNEQ Shareholders/Parties In Interest." Culberson also set forth that he is an attorney admitted to practice in the State of Texas and maintains an office in Spring, Texas.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

2. The Court granted Culberson's PHV Motion by order dated August 11, 2023 [Docket No. 1198]. Culberson filed his Notice of Appearance on August 14, 2023 [Docket No. 1204] (the "NOA") "on behalf of himself as a party in interest and on behalf of 164 other individual equity holders who collectively own approximately 26 million shares" of Sorrento. Therein, Culberson specifically noted that he is a lawyer admitted to practice in the State of Texas under Texas Bar No. 24012484 and maintains an office in Spring, Texas in the name of "The Culberson Law Office, PLLC." A review of Culberson's website shows that he specializes in personal injury matters. *See* https://culbersonlaw.com/specialties/ (last visited on Feb. 20, 2024).

3. Since the time he filed his NOA, Culberson has made no less than 23 filings, each signed as "Pro Se Party in Interest" despite his PHV Motion and NOA suggesting that he is representing some number of equity holders, presumably ranging from 51 (per the PHV Motion) to 164 (per the NOA).[2]

4. As part of those filings, Culberson has now ***three times*** included attachments that revealed Ms. Polnick's personally identifiable information ("PII")—specifically, copies of her Passport [Docket No. 1838], multiple copies of her driver's license, Passport and Texas State Bar card [Docket No. 1885] as well as her home address [Docket Nos. 1885 and 1886].[3] In the first two instances, Ms. Polnick's PII has been sealed. The third disclosure of PII remains outstanding.

---

[2] Not including his PVH Motion and NOA, Culberson's filings are a variety of notices, motions, discovery requests and withdrawals. *See* Docket Nos. 1257, 1323, 1559, 1563, 1656, 1657, 1691, 1692, 1694, 1700, 1701, 1762, 1785, 1801, 1828, 1838, 1845, 1851, 1852, 1853, 1862, 1881, 1885.

[3] The Court sealed Docket No. 1885 unilaterally after being made aware of Culberson's transgressions. Culberson then filed a new version of his motion at Docket No. 1886 which lists Exhibit 3 thereto as "REDACTED," yet said exhibit ***still*** contains Ms. Polnick's home address and non-work phone number. Culberson has now disclosed Ms. Polnick's PII twice in a single day.

5.     Culberson's first offense, in Docket No. 1838, directly violated District Court General Order 2004-11, which applies in this case pursuant to Bankruptcy Local Rule 1001-1(b).[4] His second offense, in Docket No. 1885, violates the same General Order, as well as general principles of professionalism and civility.  That Culberson did it again in Docket No. 1886—filed approximately 8.5 hours after Docket No. 1885 was filed—is mind numbing.  Given the proceedings surrounding Docket No. 1838 that occurred less than two weeks ago, Culberson's current publications of Ms. Polnick's PII, ***twice in one day***, could not have been anything other than willful, purposeful and intentional.

6.     When Culberson filed Docket No. 1838, he included a copy of Ms. Polnick's passport in Exhibit 2.  The Jackson Walker law firm immediately sought to seal that pleading, *see* Docket No. 1844 (the "Sealing Motion").  In response, on February 8, 2024 at Docket No. 1845, Culberson stated that "a good faith attempt was made to redact all sensitive information throughout the exhibit.  But unfortunately, the passport number in the upper right-hand corner was missed.  Of course, Party-in-Interest regrets this oversight."  The Court then entered an order on the same day, sealing Exhibit 2 (*i.e.*, Ms. Polnick's PII).  *See* Docket No. 1846 (the "Sealing Order").

---

[4] Page 2 of General Order 2004-11 states that the order "shall apply only to personal identifiers b and c, pertaining to names of minor children and dates of birth.  The Order does not apply to social security numbers and financial account numbers in Bankruptcy Court filings."  That is because, as stated in the order itself "conflicting bankruptcy statutes and rules."  However, the filings referenced herein were not filed pursuant to any specific provision of the Bankruptcy Code or Bankruptcy Rules that otherwise require disclosure of PII, such as petitions, lists and schedules.  Moreover, it is now commonplace for this Court and other courts (in Texas and outside of Texas) to enter first day and other orders that approve redacting and/or sealing the PII of persons such as employees, customers and the like.  *See, e.g.*, Docket Nos. 88 and 109 in this case (motion and order approving redaction of certain PII); *In re Cleveland Integrity Servs., Inc.*, No. 23-90052 (CML) (Bankr. S.D. Tex. Jan. 30. 2023) (authorizing debtors to redact home addresses of individuals listed on the creditor matrix, schedules and statements, or affidavits of service filed with the court); *In re BJ Servs., LLC*, No. 20-33627 (MI) (Bankr. S.D. Tex. Jul. 21, 2020) (same); *In re Sunland Medical Foundation*, No. 23-80000 (MVL) (Bankr. N.D. Tex. Aug. 31, 2023) (same); *In re Studio Movie Grill Holdings, LLC*, No. 20-32633 (SGJ) (Bankr. N.D. Tex. Oct. 29, 2020) (same); *In re TriVascular Sales LLC*, No. 20-31840 (SGJ) (Bankr. N.D. Tex. Jul. 7, 2020) (same); *In re Tuesday Morning Corp.*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (same).

7. At 2:43 a.m. on February 20, 2024, less than two weeks after (i) "regretting his oversight" in including Ms. Polnick's PII in the public domain and (ii) entry of the Court's Sealing Order, Culberson *did it again*. Although now stricken from public view, Exhibit 3 to Docket No. 1885 contained multiple copies of Ms. Polnick's Driver's License and Passport. As if to correct his mistake after Docket No. 1885 was sealed, Culberson filed Docket No. 1886, which allegedly redacts Exhibit 3, but nonetheless (and seemingly purposefully) still contains Ms. Polnick's home address.

8. As a lawyer admitted to practice in the State of Texas with over 13 years of experience (pursuant to the landing page of his website), as an officer of *this* Court as a result of being admitted *pro hac vice*, and as someone who is clearly watching the Docket closely and has effectively become a serial filer, it defies logic to believe that Culberson would have made the same mistake *three times in 12 days and twice in one day*.

9. At a minimum, his conduct is unprofessional, uncivil, violates the Guidelines for Professional Conduct contained in Appendix D to the Local District Rules, and contravenes norms and expectations among litigants in this Court. His behavior is abusive, vexatious and dishonorable.

10. As a result, an order should be issued directing Culberson to show cause why (i) his *pro hac* vice and electronic filing privileges should not be revoked, and (ii) he should not be required to seek leave of Court before making any further filings in this case.

## Jurisdiction and Venue

11. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

12. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

13. The Court is well-versed in the general background of this case, as well as Culberson's entrance onto the scene and his activities and filings over the past approximately 6 months.

14. Of course, Culberson was certainly entitled to the privilege of electronic access to the Court, but with privilege comes responsibility. Culberson has now crossed the line and become a vexatious litigant in contravention of the norms of practice. The Court should use its authority and power to ensure that Culberson acts in a manner that prudence, civility and professionalism demand. His dangerous shenanigans must stop, now.

**Basis for Relief**

**Culberson Should Be Ordered to Show Cause Why He Should Not Have his ECF Privileges and Pro Hac Admission Revoked and why a Pre-Filing Injunction Should Not Be Entered**

15. The Fifth Circuit has established that "the bankruptcy court has numerous tools by which to sanction the conduct of individuals." *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017). Indeed, "[f]ederal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Id*. Notably, federal courts also have authority to "enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651." *Id*. The Fifth Circuit has also explicitly held that sanctions can be imposed on pro se litigants. *Id*.

16. District courts have "power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (citing *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)). Like the district courts, "the bankruptcy court has numerous tools by which to sanction the conduct of individuals." *Carroll*, 850 F.3d at 815.

17. Courts can impose pre-filing injunctions to deter "vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, *LLC*, 513 F.3d 181, 187 (5th Cir. 2008). Moreover, under 11 U.S.C. § 105, "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *Carroll*, 850 F.3d at 815.

18. Numerous federal courts throughout the country hold there "is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Kaminetzky v. Frost Nat.'l Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995). Because of this, courts are "authorized to enjoin future filings when necessary to deter vexatious filings which clog the judiciary machinery with meritless litigation or are a flagrant abuse of the judicial process." *Id*.

19. A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id*. The Fifth Circuit has held that in determining whether a court should impose a pre-filing injunction to deter vexatious filings, a court must weigh four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Carroll*, 850 F.3d at 815.

20. Culberson's activity over the last six months in this case demonstrates not only that he is trying to take advantage of an unfortunate but wholly unrelated situation and otherwise pile on to the U.S. Trustee's activities, but also that despite expressions of remorse and purported care regarding the disclosure of PII, he has none and is perfectly happy to contravene this Court's orders. Except, of course, when it comes to **his own** PII. When asked by this Court to prove his own equity interests, Culberson insisted on an *in camera* review of his redacted stock information.

6

In fact, Culberson would not even show the redacted proof to counsel in the case. Yet, when it comes to another attorney's PII, he has no such concerns. In fact, at that hearing, where Culberson was physically present, this Court stated as follows:

```
 1          I do think that if someone were to ask you whether
 2   you were an equity security holder, I know that you filed a
 3   couple of docs indicating that you were.  I certainly think
 4   there's a way to establish that you are one without having all
 5   of your public business, you know, broadcast in the middle
 6   of -- on a screen for hundreds of people to see.  I think --
 7   I'm certainly -- I'm incredibly sensitive to putting out
 8   personally identifiable information in a public way.  I really
 9   am.  Seal.  You know, you can show a document that we won't
10   show publicly on a screen.  There are ways to establish that
11   you are one without making sure that everyone has any
12   personally identifiable information.  I'm incredibly respectful
13   of that, and I routinely sign orders to make sure that that's
14   the case.
```

Transcript of Proceedings on January 18, 2024.

21.     Putting aside the number of pleadings he has filed (and presumably hereafter will file), that Culberson placed Ms. Polnick's PII in the public domain *for the third time in 12 days and twice in one day* is intolerable and an intentional attempt to harass Ms. Polnick, never mind violate the spirit and intent of this Court's prior orders, the Bankruptcy Code and General Order 2004-11.[5]

---

[5] It appears as if Culberson filed his motion *yet again* at Docket No. 1887 and this time "successfully" redacted Ms. Polnick's PII, but only after being demanded to do so by her law firm.

22. Based on this recent history, sanctions less rigorous than those requested herein will clearly not be successful in deterring Culberson's abusive filings. The only way to prevent Culberson from continuing to "accidentally" disclose PII or other sensitive information is to require Culberson to seek leave from the Court prior to making additional filings in the U.S. Bankruptcy Court for the Southern District of Texas.

23. Rather than seek monetary sanctions against Culberson, revocation of his ECF privileges, revocation of his *pro hac vice* status, and implementation of a pre-filing injunction are the least intrusive available equitable remedies likely to prevent his further derogation of the norms of practice in this Court. *See, e.g.*, *Arumugam v. William Marsh Rice Univ., et al.*, Cause No. H-13-376, 2014 WL 12599640, at *4 (S.D. Tex. Feb. 6, 2014) (determining that plaintiff was vexatious based on ad hominem attacks against counsel, improper and repeated filings, filings not based on the law, and clogging the judicial machinery, and that pre-filing injunction would be the best remedy to prevent future misconduct).

WHEREFORE, Veronica A. Polnick respectfully requests that the Court enter an order, substantially in the form submitted herewith, requiring Culberson to show cause why (i) his ECF Privileges should not be revoked, (ii) his *pro hac vice* admission should not be revoked, (iii) a pre-filing injunction should not be entered against him requiring leave from this Court prior to making any additional filings in this matter and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of February, 2024.

**GRAY REED**

By: */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7127
Facsimile:  (713) 986-5966
Email:  jbrookner@grayreed.com

*Counsel to Veronica A. Polnick*

## Certificate of Service

I certify that on February 20, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive electronic notice in this case.

*/s/ Jason S. Brookner*
Jason S. Brookner