IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SORRENTO THERAPEUTICS INC., *et al.* | ) ) ) | Case No. 23-90085 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**PARTY IN INTEREST, TIMOTHY CULBERSON'S, SUPPLEMENTAL LAW BRIEF IN SUPPORT OF MOTION FOR SANCTIONS [DOCKET NO. 1887]**

COMES NOW, Party in Interest, Timothy Culberson, Esq. and respectfully files this Supplemental Law Brief in Support of Motion for Sanctions [Docket No. 1887] and will respectfully show unto the Court as follows:

I.

**US SUPREME COURT CASE AND ITS PROGENY HOLD THAT SHAM ASSET TRANSFERS TO MANIPULATE WHERE A CASE CAN BE FILED IS FRAUD**

In *Miller & Lux, Inc. v. East Side Canal & Irrigation Co.*, 211 U.S. 293 (1908), Miller & Lux (California corporation) wanted to sue East Side Canal (California Corporation) in Federal Court regarding an injunction to keep East Side from obstructing the natural flow of waters of the San Joaquin River. *Id.* at 298-99. In order to get into Federal Court, Miller & Lux formed a wholly owned subsidiary with all the same officers and directors in Miller Lux, Inc (a Nevada corporation) and then the California corporation transferred all its rights to the land at issue to the Nevada corporation *for no valuable consideration*. *Id.* at 304. This was done to create diversity of citizenship. *Id.* The Nevada corporation took the title *only as a matter of form* in order that the California corporation…invoke the jurisdiction of the Federal court. *Id.*

When looking at this manipulation using a sham transfer of assets the Court held that it is required that the "acquisition of such citizenship is real, with the purpose to establish a *permanent domicil[e]* in the State of which he professes to be a citizen at the time of the suit, and not fictitious or pretended." *Miller*,

211 U.S. 293 at 304.  However, if the actions of the party be "for the purpose of committing *fraud upon the law*, and to enable the party to avail himself of the jurisdiction of the Federal courts, and that fact be made out by his acts, the court must pronounce that his removal was not with a *bona fide* intention of changing his domicil[e], however frequent and public his declarations to the contrary may have been.  *Id,* at 305.  When parties make transfers of assets for the purpose of manipulating jurisdiction, "such transfers for such purposes are *frauds upon the court*, and nothing more."  *Id. citing Barney v. Baltimore City*, 73 U.S. 280, 288 (1867).

    Transferring cash from a parent company (Sorrento) to a wholly-owned subsidiary (Scintilla) 57 hours before filing for the purpose of obtaining venue in an otherwise improper district is fraud. *Miller*, 211 U.S. 293 at 305.  Setting up a P.O. Box 10 hours before the filing for the purpose of obtaining venue in an otherwise improper district is also fraud. *Id.*

Respectfully submitted,

THE CULBERSON LAW OFFICE, PLLC

_____
Timothy L. Culberson
State Bar No. 24012484
25700 I-45 North
Suite 100
Spring, Texas 77386
Telephone: (281) 825-4977
Fax: (281) 674-8161
Email: tim@culbersonlaw.com

PRO SE PARTY IN INTEREST

## CERTIFICATE OF SERVICE

    By my signature above, I hereby certify that the above foregoing instrument was served on all counsel of record and all parties appeared herein on this the 25th day of February 2024 by the Court's CM/ECF system.