**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SORRENTO THERAPEUTICS INC., *et al.*[1] | ) Case No. 23-90085 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**STATEMENT AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE
OF EQUITY SECURITIES HOLDERS REGARDING THE DEBTORS' EMERGENCY
MOTION FOR ENTRY OF ORDERS APPROVING (I) SENIOR SECURED
SUPERPRIORITY FINANCING AND (II) (A) SALE OF ASSETS AND
(B) MODIFICATIONS TO CHAPTER 11 PLAN**

The Official Committee of Equity Securities Holders (the "Equity Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), appointed pursuant to Section 1102(a) of title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), respectfully submits this reservation of rights regarding the *Debtors' Emergency Motion for Entry of Orders Approving (I) Senior Secured Superpriority Financing and (II) (A) Sale of Assets and (B) Modifications to Chapter 11 Plan* [Dkt. No. 1884] (the "DIP Motion")[2] and states as follows:

**STATEMENT AND RESERVATION OF RIGHTS**

1.     The Equity Committee does not oppose additional debtor in possession financing ("DIP Financing") to fund the Debtors' legitimate operational needs.  The DIP Motion seeks financing for such needs, including meeting the Debtors' payroll and maintaining customer and

---

[1]    The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: STI Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956).  The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

vendor relationships.  That said, the DIP Motion also requests financing to fund additional fees to the Debtors' professionals, all of which remain subject to challenge and possible disgorgement.

2.      But to the extent the relief sought in the DIP Motion chains the Debtors' estates to an undervalued sale to a company affiliated with the Debtors' Chief Executive Officer, Henry Ji, the Equity Committee will oppose the DIP Motion.  Here, the DIP Motion binds additional DIP Financing to an eventual expedited sale (the "Contemplated Sale") of the Debtors' remaining assets.  As the Court is aware, the Contemplated Sale inures to the primary benefit of Dr. Henry Ji, the Debtors' longtime chairman and CEO, on a "fire-sale" basis.

3.      The Debtors entered into the Sale Term Sheet with Dr. Ji and his cohorts after virtually no demonstrable marketing to outside parties at a comparable purchase price.  Further, and perhaps alarmingly, little financial information about the contemplated Buyer has been disclosed.  This lack of transparency affects all stakeholders, including the Debtors' shareholders, given the finality of the transaction.  Moreover, if the DIP Financing is approved – to the insider who allegedly signed fraudulent statements with this Court and which is currently under investigation by the United States Trustee's Office and the Department of Justice – and a sale order is not entered by March 1, 2024 (*i.e.*, this Friday), the DIP Lender (Mr. Ji) could conceivably declare a default on the DIP loan and seek strict foreclosure.  That does not meet the entire fairness standard nor is it warranted under the facts of these cases.

4.      The Equity Committee has proposed numerous, more favorable alternatives to the Official Committee of Unsecured Creditors (the "Creditors Committee"), but those alternatives were rebuffed because they did not provide general unsecured creditors with a sufficient recovery. Now, the Creditors Committee is supporting a sale that will likely yield them a significantly lower recovery on the basis that they will secure litigation financing from the Contemplated Sale.

5.     The decision to couple needed DIP Financing with the expedited milestones for the Contemplated Sale is hampering the Equity Committee's ability to solidify a competitive proposal, which the Equity Committee believes would provide a better alternative to all stakeholders in the Chapter 11 Cases.  Compounding this problem is that the Debtors have never provided projections for their business to the Equity Committee that have been supported by both the management team and M3 Partners.  It is impossible to maximize value without good faith projections, which is one of the key reasons why the Debtors are pursuing a fire-sale transaction that clearly does not maximize value.

6.     Moreover, the Debtors disclosed early in this case that, as of December 31, 2022, they had approximately $671 million of federal net operating losses ("NOLs") along with other "Tax Attributes," as to which the Debtors sought and obtained relief to protect "ownership changes" that "threaten their ability to preserve the value of their Tax Attributes for the benefit of the estates." *See Debtors' Emergency Motion for Approval of Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Dkt. No. 87] ¶ 13.  The Contemplated Sale of the Debtors' remaining assets to a new entity would create a deemed liquidation, pursuant to which the estate's valuable NOLs would be significantly diminished.  The Equity Committee believes that the value of the NOLs alone is far greater than the consideration offered by way of the Contemplated Sale.  The Equity Committee believes, and is working to facilitate, a structure that monetizes the value of the NOLs, while at the same time preserving the ability to also monetize the other assets involved in the Contemplated Sale.

7.     At bottom, the Equity Committee believes that either (i) any hearing on the Contemplated Sale should be delayed; or (ii) competitive bids (including alternative structures that preserve and monetize the NOLs) should be permitted until the closing of the Contemplated Sale

to Dr. Ji, the deadline for which should be extended for as long as the Debtors have sufficient liquidity to operate.[3]

8.      Accordingly, the Equity Committee respectfully submits that the Court should afford the Equity Committee a reasonable period of time – no earlier than March 31, 2024 – to finalize a viable alternative in light of the undervalued terms of the Contemplated Sale.  This is especially warranted given the pending motions to transfer or dismiss the Chapter 11 Cases, and the evidence that the Debtors (potentially including Dr. Ji, who signed the Debtors' bankruptcy petitions) and their advisors engaged in fraudulent forum-shopping.

9.      The Equity Committee respectfully reserves all rights as it relates to the Contemplated Sale, to supplement the statements herein, and to raise any objection to the DIP Motion and the relief sought therein at all applicable hearings.

[*Signature Page Follows*]

---

[3]      Based on the latest liquidity information shared with the Equity Committee, the Equity Committee understands the Debtors' financial runway can run through March 30, 2024.

Dated:  February 26, 2024.                    Respectfully submitted,

                                              GLENN AGRE BERGMAN & FUENTES LLP

                                              By: */s/ Andrew K. Glenn*
                                              Andrew K. Glenn (*pro hac vice*)
                                              Kurt A. Mayr (*pro hac vice*)
                                              Shai Schmidt (*pro hac vice*)
                                              Richard C. Ramirez (*pro hac vice*)
                                              1185 Avenue of the Americas
                                              New York, New York 10036
                                              Telephone: (212) 970-1601
                                              Email: aglenn@glennagre.com
                                                     kmayr@glennagre.com
                                                     sschmidt@glennagre.com
                                                     rramirez@glennagre.com

                                              *Counsel to the Official Committee of Equity*
                                              *Securities Holders*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on February 26, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Andrew K. Glenn*
Andrew K. Glenn