IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SORRENTO THERAPEUTICS INC., *et al.* | ) ) | Case No. 23-90085 (DRJ) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**PARTY IN INTEREST, TIMOTHY CULBERSON'S, OBJECTION TO THE FINAL FEE APPLICATIONS AS TO JACKSON WALKER, LLP, LATHAM & WATKINS, LLP, MOELIS & COMPANY, LLC AND M3 ADVISORY PARTNERS, LP**

COMES NOW, Party in Interest, Timothy Culberson, esq. and respectfully files this Objection to the Final Fee Applications as to Jackson Walker, LLP, Latham & Watkins, LLP, Moelis & Company, LLC and M3 Advisory Partners, LP ("The Professionals") because compelling reasons justify this relief and will respectfully show unto the Court as follows:

**I.**

**OBJECTIONS**

1. Party in Interest objects to the following fee applications:

| Professional Name | Role | Paid to Date | Total Billed | Docket No. |
|---|---|---|---|---|
| Latham & Watkins, LLP | Lead Debtor Counsel | $ 25,701,120.00 | $ 28,936,920.28 | 2245 |
| Jackson Walker, LLP | Local Debtor Counsel | $ 1,378,883.00 | $ 2,499,637.81 | 2259,2260 |
| M3 Advisory Partners, LP | CRO/Restructuring | $ 10,739,483.00 | $ 12,449,386.46 | 2249 |
| Moelis & Company, LLC | Investment Banker | $ 6,025,351.00 | $ 7,738,006.06 | 2238 |

2. Pursuant to Bankruptcy Rules §328, §330 and §2014, Party in Interest has the right to object to compensation and expenses paid or to be paid to any professional hired under §327. The Court

also has the authority to order fees to be paid back to the estate. *Id,* A bankruptcy professional hired under §327 must be a "disinterested person" as defined by the statute. That definition is as follows:

> The term "disinterested person" means a person that—
> **(A)** is not a creditor, an equity security holder, or an insider;
> **(B)** is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> **(C) does not have an interest materially adverse to the interest of the estate** or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, **or for any other reason**. (Emphasis added)

3.  **Party in Interest incorporates as if fully contained herein all factual evidence, exhibits and arguments previously made in Docket Nos. 1656, 1751, 1763, 1838, 1851, 1886, and 1902.**

4.  Latham & Watkins, LLP, Jackson Walker, LLP, and M3 Advisory Partners, LP ("Freeman's Friends[1]"), from the outset of this case were materially adverse to the interest of the Sorrento estate, its creditors and equity holders by virtue of their improper association with Elizabeth Freeman during the time when she was having an inappropriate romantic relationship with Judge Jones. Freeman's Friends consulted with Elizabeth Freeman on critical matters in this bankruptcy case including litigation strategy, mediation, retention applications, etc. in order to gain the Court's favor to the detriment of the estate, creditors and shareholders – ultimately serving to enrich Freeman's Friends' pockets through exorbitant fees and expenses which harmed the creditors, shareholders and estate.

5.  These fees and expenses totaling more than $43,000,000 between Freeman's Friends are also unreasonably excessive when compared to the lack of effective reorganization of Sorrento. The CRO declared under oath at the initial hearing that Sorrento had approximately $1 billion in assets and the total prepetition unsecured debt was less than $16 million (aside from the Nant award which was ultimately settled at mediation as a mutual walk away). Yet, Freeman's Friends were calling for DIP loans to essentially pay for their fees without a single creditor being paid to date.

---

[1] This characterization was first made by Elizabeth Freeman's own attorney during the Motion for 2004 Examination brought by the Equity Committee

6.      The only asset sales that took place in this debacle were 1) Sorrento's Scilex shares for approximately $120,000,000 at approximately $1 per share to Scilex when the open market value was significantly higher had they simply sold the shares to the public) (this auction was a complete failure with no true competing bids); 2) Immuneoncia for $20,000,000 to the Yuhon Corporation –CEO of Yuhon is a Dr. Ji contact; 3) Vivasor purchase of essentially all of the remaining assets for less than $15,000,000 by a private group led by Dr. Ji; 4) Cellularity for approximately $3.3 million to insiders at Cellularity – deal allegedly brokered by Dr. Ji ; and 5) Elsei Biotech for $1,000,000 reportedly purchased by AWEN Bioventures – another alleged contact of Dr. Ji's. It appears none of the asset sales involved independent third-party suitors that any of the professionals brought to the table. Instead, it was predominantly Dr. Henry Ji's efforts that brought about these transactions. If allegedly Dr. Ji was the main catalyst in all of these transactions, where do Freeman's Friends justify their over $43,000,000 in fees and expenses?

7.      Moelis & Company, LLC was hired presumably to market the assets and bring additional buyers to the table. However, only Dr. Ji's contacts ever made a bid for an asset. The estate certainly did not need Moelis & Company, LLC to market to Dr. Ji. So how does Moelis & Company, LLC justify almost $8 million in fees and expenses in this case? They cannot. Their fees and expenses are therefore also excessive and unreasonable.

## II.

### TIME FOR DISCOVERY

8.      As part of this important contested matter, Mr. Culberson intends on serving discovery and respectfully asks this Court to not set any hearing for at least 60 days after the last objection is filed to allow for discovery and any related rulings. Depending on the level of cooperation with these discovery matters, additional time may be requested to ensure that all the relevant evidence is properly before the Court.

9.      Party in Interest reserves the right to supplement these objections after adequate time for discovery has passed.

### III.

### PRAYER FOR RELIEF

WHEREFORE, Timothy L. Culberson, party in interest, respectfully requests that this Court order pursuant to §330 of the Bankruptcy Rules the return of all fees and expenses received by Jackson Walker, Latham & Watkins, M3 Advisory Partners, and Moelis & Company back to the estate and for such further relief as is just and proper.

Respectfully submitted,

**THE CULBERSON LAW OFFICE, PLLC**

_____
Timothy L. Culberson
State Bar No. 24012484
25700 I-45 North
Suite 100
Spring, Texas 77386
Telephone: (832) 236-2326
Fax: (281) 674-8161
Email: tim@culbersonlaw.com

**PRO SE PARTY IN INTEREST**

### CERTIFICATE OF SERVICE

By my signature above, I hereby certify that the above foregoing instrument was served on all counsel of record and all parties appeared herein on this the 2nd day of July 2024 by the Court's CM/ECF system.