IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SORRENTO THERAPEUTICS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90085 (DRJ)<br><br>(Jointly Administered) |

**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM PARTY IN INTEREST, TIMOTHY L. CULBERSON, ESQ TO <u>LATHAM & WATKINS, LLP AND JACKSON WALKER, LLP</u>**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Party in Interest, Timothy L. Culberson, (the "Party in Interest") in the above-captioned cases (the "Chapter 11 Cases") respectfully submits this request for the production of documents (the "Document Requests") to **Latham & Watkins LLP and Jackson Walker LLP, as former counsel for Debtor**. Party in Interest requests that the documents and electronic information responsive to the Document Requests identified in the attached **<u>Exhibit A</u>** be produced electronically to The Culberson Law Office, PLLC at tim@culbersonlaw.com, beginning immediately and completed no later than **August 10, 2024 at 12:00 p.m. (Eastern Time)**.

---

[1] The Debtor entities in these Chapter 11 Cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

1

Please take further notice that Party in Interest reserves his rights under title 11 of the United States Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, and any applicable law regarding the subject matter of these Document Requests to amend, supplement, and/or modify **Exhibit A** attached hereto, or serve additional discovery requests.

*[Remainder of page intentionally left blank]*

# EXHIBIT A

# DEFINITIONS

The following definitions of terms apply to all of the Document Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "<u>Advisors</u>" shall mean any current or former affiliates, agents, representatives, directors, officers, attorneys, operators, employees, professionals, Persons, or entities working at the direction, control, or with delegated authority of or from the Debtors.

2. "<u>Communication</u>" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

3. The term "<u>concerning</u>" shall mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

4. "<u>Debtors</u>" shall mean Sorrento Therapeutics, Inc. and all other debtors listed on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/sorrento/, including

any of their current and former officers, directors, executives, managers, employees, or agents, including any investigators, accountants, consultants, attorneys, financial advisors, investment bankers, other representatives, chief restructuring officers, or any other Persons acting or purporting to act on their behalf.

5. "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in Your actual or constructive possession, custody, or control.

6. The term "including" shall mean "including, but not limited to" and "including, without limitation."

7. The term "Person" shall include both the singular and the plural, and means any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

8. "You" or "Your" shall refer to the addressee of these Requests and any of its current or former Advisors, including but not limited to, the chief restructuring officer and his office.

9. For purposes of the Requests herein, terms not specifically defined shall be given their ordinary meanings as You understand them to be used.

10. Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: the use of a verb in any tense shall be construed as the use of that verb in all other tenses; the use of a word in its singular form shall be deemed to include within its use the plural form as well; the use of a word in its plural form shall be deemed to include within its use the singular form as well; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside its scope; and the terms "all" and "each" shall be construed as both all and each.

*[Remainder of page intentionally left blank]*

## **INSTRUCTIONS**

1. All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of the *Stipulated Protective Order* [Dkt. No. 235] entered on March 16, 2023.

2. These Requests shall be deemed continuing in nature so as to require further and supplemental production if You obtain additional information or Documents between the time of initial production and the time of trial.

3. All Documents produced in response to a Request should be marked with a Bates number or other such similar numbering system. When You refer to a Document produced in response to a specific Request, a reference to the corresponding Bates number should also be made.

4. In producing Documents responsive to the following Requests, You are instructed to produce all Documents in Your custody, control or possession, including Documents in the custody, control or possession of Your attorneys, agents, or other representatives. You are also requested to produce any Document which is no longer in Your immediate physical possession, but which You have a right to compel production from a third-person or which is otherwise subject to Your control.

5. If any or all Documents identified herein are no longer in Your possession, custody, or control because of destruction, loss, or any other reason, then with respect to each and every such Document: (a) describe the nature of the Document (e.g., letter or memorandum); (b) state the date of the Document; (c) identify the persons who sent and received the original and a copy of the Document; (d) state in as much detail as possible the contents of the Document; and (e) state the manner and date of disposition of the Document.

6. If any of the Documents identified herein are withheld for privilege, You shall make Your claim of privilege in accordance with Federal Rule of Civil Procedure 26(b)(5).

7. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest shall be produced.

8. For any other Documents You identify and are withheld for any reason or claim, You shall state the following so that Your claim for withholding the Document may be assessed:

(a) the ground of nondisclosure asserted;

(b) a statement of facts constituting the basis for the ground of nondisclosure;

(c) a brief description of the Document, including:

   i. the date of the Document;

   ii. the names of its author(s) or preparer(s) and identification by employment and title of each such person;

   iii. the names of each person who was sent or had access to or custody of the Document, together with an identification by employment of each such person; and

   iv. describe the nature of the Documents, communications or tangible things not produced or disclosed.

9. Requests which cannot be complied with in full shall be responded to as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the response, as well as by a statement of whatever knowledge, information or belief You possess with respect to each request to which You have not completely responded.

10. If any Document subject to any discovery request has been destroyed, cannot be located by You, or is no longer thought to be in existence, please so indicate and state the reason for the destruction of said Document, its last known location, by whom it was destroyed, when it was destroyed, and the description of the Document in a fashion sufficient to identify and describe it.

*[Remainder of page intentionally left blank]*

## **DOCUMENT REQUESTS**

1. All emails wherein Elizabeth Freeman was a recipient, sender, or copied - dated from January 1, 2023 to the present;

2. All text messages on company owned cell phones wherein Elizabeth Freeman was a recipient, sender, or copied - dated from January 1, 2023 to the present;

3. All written communications in the form of notes, letters, or memos wherein Elizabeth Freeman was a recipient, sender, or copied - dated from January 1, 2023 to the present.

4. All emails wherein Elizabeth Freeman was the subject of, or mentioned/referenced in any way – dated from January 1, 2023 to the present.

5. All text messages on company owned cell phones wherein Elizabeth Freeman was the subject of, or mentioned/referenced in any way – dated from January 1, 2023 to the present.

6. All written communications in the form of notes, letters, or memos wherein Elizabeth Freeman was the subject of, or mentioned/referenced in any way – dated from January 1, 2023 to the present.

7. All Documents and Communications identifying any conflicts of Latham & Watkins LLP and Jackson Walker LLP that would require Elizabeth Freeman's retention.

8. All Documents and Communications concerning any personal relationships between Your Advisors and Liz Freeman.

9. Mr. Mohsin Y. Meghji's travel schedule, work diary, notes, memos or calendars showing all meetings (whether in person or virtually) with Elizabeth Freeman and/or Judge David Jones in the calendar year 2023.

10. All timesheets, notes, calendar entries or other documents outlining the specific work performed by Mr. Mohsin Y. Meghji which directly or indirectly involved Elizabeth Freeman.

Dated: July 11, 2024

                                **THE CULBERSON LAW OFFICE, PLLC**

By: _____
Timothy L. Culberson (*pro hac vice*)
Texas State Bar No. 24012484
25700 I-45 North, Suite 100
Spring, Texas 77386
Telephone: (832) 236-2326
Email: tim@culbersonlaw.com

*Pro Se Counsel, Party in Interest*

## CERTIFICATE OF SERVICE

    By my signature above, I hereby certify that the foregoing instrument was served on all parties of record via the Court's electronic filing system on this 11th Day of July 2024.