United States Bankruptcy Court
Southern District of Texas
ENTERED
April 08, 2025
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>SORRENTO THERAPEUTICS, INC., ET AL.<br><br>*Debtors* | §<br>§<br>§<br>§<br>§<br>§ | CASE NO. 23-90085 (DRJ)<br><br>CHAPTER 11<br><br>(Jointly Administered) |
| DAVID WEINHOFFER, LIQUIDATING TRUSTEE OF THE SORRENTO THERAPEUTICS LIQUIDATING TRUST,<br><br>*Plaintiff*,<br><br>*v*.<br><br>B. RILEY COMMERCIAL CAPITAL, LLC,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**ORDER APPOINTING BANKRUPTCY JUDGE MARVIN ISGUR AS MEDIATOR FOR ADVERSARY PROCEEDING**

On February 13, 2025, Plaintiff David Weinhoffer, Liquidating Trustee of the Sorrento Therapeutics Liquidating Trust ("Plaintiff") and B. Riley Commercial Capital, LLC ("B. Riley") (collectively, the "Parties" and each a "Party"), entered into a Confidential Tolling Agreement to extend the limitations period for Plaintiff's claims in favor of encouraging pre-suit mediation and settlement of this matter. Accordingly, this Court now ORDERS:

1. The Honorable Marvin Isgur, United States Bankruptcy Judge for the Southern District of Texas, will serve as mediator (the "Mediator" or "Judge Isgur") for this pre-suit mediation. At all times in the performance of his mediation duties, Judge Isgur will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

2. The Court adopts Section S of the Procedures for Complex Cases in the Southern District of Texas (Effective January 1, 2023).

3. Effect of Mediation on Pending Matters. Under the terms of the Parties' Tolling Agreement, the limitations period for Plaintiff's claims against B. Riley concerning alleged preference period transfers was extended to allow the Parties to pursue pre-suit mediation and settlement of this matter. Accordingly, there are no currently pending matters before the Court affected by this mediation.

4. Time and Place of Mediation. The mediation will commence on a date, currently scheduled for initial coordination on April 10, 2025, and at a location mutually convenient for Judge Isgur and the Parties.

5. Submission Materials. Each Party may submit directly to the Mediator such materials (the "Submission") in the form and content as the Mediator directs. Prior to the mediation, the Mediator may talk with the participants to determine what materials would be helpful. The Submission must not be filed with the Court.

6. Protection of Information Disclosed at Mediation. The Mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the Parties in the course of the mediation. No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the mediation effort, including, but not limited to: (A) views expressed or suggestions made by a Party with respect to a possible settlement of the dispute; (B) the fact that another Party had or had not indicated willingness to accept a proposal for settlement made by the Mediator, (C) proposals made or views expressed by the Mediator; (D) statements or admissions made by a Party in the course of the mediation; and (E) documents prepared for the purpose of, in the course of, or pursuant to the mediation. Without limiting the foregoing, the Parties are bound by (i) FED. R.

EVID. 408, and (ii) any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations or other alternative dispute resolution procedures. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in the mediation.

7. Discovery from Mediator. The Mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications or other documents received or made by the Mediator while serving in such capacity. The Mediator may not testify or be compelled to testify regarding the mediation in connection with any arbitral, judicial or other proceeding. The Mediator will not be a necessary Party in any proceedings relating to the mediation. Nothing contained in this paragraph prevents the Mediator from reporting: (i) the status, but not the substance, of the mediation effort to the Court or (ii) whether a Party failed to participate in good faith in the mediation.

8. Protection of Proprietary Information. The Parties, the Mediator and all mediation participants shall protect proprietary information.

9. Preservation of Privileges. The disclosure by a Party of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of information.

10. Service of Process. No Party may be served with a summons, subpoena, notice or other pleading during the mediation or at the location where the mediation is occurring.

11. At least one representative with full and final settlement authority for Plaintiff and B. Riley must attend the mediation. An authorized representative (or representatives) of the Trust Advisory Board (as defined in the Sorrento Therapeutics Liquidating Trust Agreement (Main Case No. 23-90085 (Dkts. 1616; 1596-1)) with full authority to consent to settlement: (a) under that Agreement and (b) otherwise on behalf of the Liquidation Trust, must attend the mediation.

SO ORDERED.

Signed: April 08, 2025

Christopher Lopez
United States Bankruptcy Judge

Respectfully submitted,

**MCKOOL SMITH, PC**

By: */s/ Joshua J. Newcomer*
Joshua J. Newcomer, Esq.
(SBN: 24060329)
Attorney-in-charge
600 Travis Street, Suite 7000
Houston, Texas 77002
Tel:: (713) 485-7300
Fax: (713) 485-7344
Email: jnewcomer@mckoolsmith.com

-and-

Ryan E. Manns
(SBN: 24041391)
**NORTON ROSE FULBRIGHT**
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Tel.: (214) 855-8000
Email:
ryan.manns@nortonrosefulbright.com

***Attorneys for Plaintiff David Weinhoffer, Liquidating Trustee for the Sorrento Therapeutics Liquidating Trust***

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Patricia Tomasco *(by permission)*
Patricia Tomasco
(SBN: 01797600)
700 Louisiana Street, Suite 3900
Houston, TX 77002
Tel.: (713) 221-7000
Fax.: (713) 221-7100
Email: pattytomasco@quinnemanuel.com

***Attorney for B. Riley Commercial Capital, LLC***