IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Sorrento Therapeutics, Inc., *et al.*,[1] | ) ) ) | Case No. 23-90085 (CML) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**LIQUIDATION TRUSTEE'S REPLY TO THE RESPONSE OF JOSEPH GIGLIO TO THE OBJECTION TO PROOF OF CLAIM NUMBER 365**

David Weinhoffer, in his capacity as Liquidation Trustee (the "<u>Trustee</u>") of the Sorrento Therapeutics, Inc. *et al.*, Liquidation Trust (the "<u>Liquidating Trust</u>"),[2] files this reply to the *Response to Liquidation Trustee's Objection to Proof of Claim No. 365* [Dkt. No. 2537] (the "<u>Response</u>"), and in support of his *Liquidation Trustee's Objection to Proof of Claim No. 365* [Dkt. No. 2496], as supplemented by the *Liquidation Trustee's Supplement to Objection to Proof of Claim No. 365* [Dkt. No. 2515] (together, the "<u>Objection</u>"). The Trustee respectfully states the following in further support of his request for entry of an order disallowing Claim No. 365 filed by Joseph Giglio ("<u>Mr. Giglio</u>"):

<u>PRELIMINARY STATEMENT</u>

1. Mr. Giglio failed to timely file a proof of claim in these Chapter 11 Cases[3] despite having actual knowledge of the bankruptcy through his counsel and receiving notice of the claims

---

[1] The Post Effective Date Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Post Effective Date Debtors' service address is: 9380 Judicial Drive, San Diego, CA 92121.

[2] The Liquidating Trust became effective as of April 10, 2024. *See Notice of (I) Effective Date of Debtors' Joint Chapter 11 Plan of Liquidation, (II) Resignation of Estate Professionals, and (III) Final Administrative Claims Bar Date* [Dkt No. 2145].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed in the Objection, unless otherwise noted herein.

1

Giglio

filing deadline weeks before it expired. Mr. Giglio does not dispute these facts, nor could he. On these grounds alone, the Court should disallow his proof of claim as untimely.

2.      Mr. Giglio nevertheless questions whether he received proper notice of the Chapter 11 Cases. Due process is satisfied when notice is reasonably calculated under the circumstances to reach the affected party and affords it a reasonable time to respond. Properly mailing notice of the bar date to a known creditor's attorney is sufficient. Moreover, under well settled Fifth Circuit law, if a claimant's attorney has actual knowledge of a bankruptcy before the bar date has passed, the claimant is deemed to have knowledge of the bar date, even if notice was somehow deficient. These circumstances exist here. Consequently, Mr. Giglio received appropriate notice of the bar date sufficient to satisfy due process.

3.      Mr. Giglio's plea of excusable neglect should also be rejected. He was afforded proper notice of the bar date before it had expired, waited until the last minute to attempt to file a claim, and then delayed filing the claim until after the bar date, purportedly due to a lack of ECF filing privileges with this Court. But the bar date motion and order described several options on the method of filing proofs of claim: claimants were permitted to file claims by sending a claim form to the Debtors' claims' agent through regular or overnight mail, hand delivery, or submitting the form electronically through the claims' agent's website. None of those options require filing privileges with this Court. In addition, Mr. Giglio offers no reason why he delayed until now – after the Trustee objected to his claim and more than a year and half after the bar date has lapsed – to seek permission to file a late claim. Therefore, the facts do not support Mr. Giglio's contention that excusable neglect exists.

4.      Finally, Mr. Giglio does not challenge the Trustee's substantive arguments to his claim, *i.e.* that his state law causes of action against Sorrento are unsupported by the facts and the

relevant law. Instead, he points to the state court complaint attached to his claim and the rebuttable evidentiary presumption afforded to properly filed proofs of claim. However, once an objecting party has rebutted any one of the essential allegations on which a claim stands, the burden shifts to the claimant to prove the claim's validity. Mr. Gilgio makes no attempt to prove the substance of his claim.[4] For all these reasons, Mr. Giglio's claim should be disallowed in its entirety.

## BACKGROUND[5]

A.   **Mr. Giglio's State Court Litigation**

5.   Mr. Giglio filed a complaint against Sorrento and Sorrento's former President and CEO, Henry Ji, on October 14, 2022, in the Superior Court of San Diego County, Case No. 37-2022-00041591-CU-WT-CTL (the "Giglio Litigation" in the "California Court"). Attorneys from Walker Law, PC signed the complaint on Mr. Giglio's behalf.[6]

6.   On February 14, 2023, Sorrento filed a *Notice of Stay of Proceedings* in the California Action providing notice of the automatic stay caused by the commencement of Sorrento's bankruptcy case.[7] The notice was served on Walker Law, PC.[8]

B.   **The Chapter 11 Cases**

7.   On March 8, 2023, the Debtors filed the *Notice of Chapter 11 Bankruptcy Cases* (the "Notice of Commencement") [Dkt. No. 169]. Among other things, the Notice of

---

[4] In a procedurally improper supplement to the Response [*See* Dkt. Nos. 2578, 2579, 2580], Mr. Giglio argues, among other things, that the Objection relies on inadmissible hearsay and fails to address whether Sorrento conducted an investigation into his whistleblower allegations under California law. While the Trustee objects to the Court's consideration of these pleadings, should the Court nevertheless consider them and allow Mr. Giglio's late-filed claim to stand, the Trustee is prepared to proceed with trial on the merits of Mr. Giglio's claim.

[5] The Trustee incorporates the factual background from the Objection as if fully stated herein but provides this additional background for the purpose of this Reply.

[6] A true and correct copy of the complaint in the California Action is attached to Mr. Giglio's proof of claim, which is attached to the Declaration of Jason I. Blanchard as **Exhibit A**.

[7] A true and correct copy of the Notice of Stay of Proceedings that was filed in the California Action at Docket No. 14 is attached to the Blanchard Declaration as **Exhibit B**.

[8] *See id.*

3

Giglio

Commencement informed creditors that a proof of claim deadline had not been set, but another notice would be provided when the deadline had been set.[9] Copies of the Notice of Commencement were served on Mr. Giglio, care of Walker Law, PC by first-class mail and email.[10]

8. On May 12, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Notice of Bar Dates* [Dkt. No. 618] (the "Bar Date Motion").[11]

9. Copies of the Bar Date Motion were served on Mr. Giglio through Walker Law, PC by first-class mail and email.[12]

10. Neither Mr. Giglio nor any other party objected to the Bar Date Motion.[13]

11. On June 12, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving*

---

[9] Notice of Commencement, at p. 2. At true and correct copy of the Notice of Commencement is attached to the Blanchard Declaration as **Exhibit C**.

[10] *See* Certificate of Service [Dkt. No. 183], Ex. A ("Joseph Giglio, c/o Walker Law PC, Attn: Jared Veliz, Justin Walker, Lorrie Walker, 2247 San Diego Ave., # 136, San Diego, CA 92110") and Ex. B ("Joseph Giglio, c/o Walker Law PC, Attn: Jared Veliz, Justin Walker, Lorrie Walker, justin@walkerlawsd.com, lorrie@walkerlawsd.com, jared@walkerlawsd.com"), which is annexed to the Blanchard Declaration as **Exhibit D**.

[11] A true and correct copy of the Bar Date Motion is attached to the Blanchard Declaration as **Exhibit E**.

[12] *See Certificate of Service* [Dkt. No. 633], Ex. E ("Joseph Giglio, c/o Walker Law PC, Attn: Jared Veliz, Justin Walker, Lorrie Walker, 2247 San Diego Ave., # 136, San Diego, CA 92110") and F ("Joseph Giglio, c/o Walker Law PC, Attn: Jared Veliz, Justin Walker, Lorrie Walker, justin@walkerlawsd.com, lorrie@walkerlawsd.com, jared@walkerlawsd.com"), which is annexed to the Blanchard Declaration as **Exhibit F**.

[13] *See Certificate of No Objection Regarding Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Notice of Bar Dates* [Dkt. No. 797].

*Notice of Bar Dates* [Dkt. No. 856] (the "Bar Date Order"), which required creditors to file a general proof of claim against any of the Debtors so that it was actually received on or before June 26, 2023 ("General Bar Date").[14]

12. The Bar Date Order instructed claimants on how to file a proof of claim:[15]

> **Timely Service**. Each Proof of Claim must be filed, including supporting documentation, so as to be actually received on or before the applicable Bar Date by either (i) electronic submission via the interface through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov); (ii) electronic submission via the interface available on Stretto's website at https://cases.stretto.com/Sorrento/; or (iii) by first class U.S. mail, overnight U.S. mail, or other hand delivery method at the following address:
>
> **Sorrento Therapeutics, Inc., et al., Claims Processing**
> **c/o Stretto**
> **410 Exchange, Suite 100**
> **Irvine, CA 92602**

13. Copies of the Bar Date Order, an official claim form, and instructions for filing claims were served on Mr. Giglio individually by first-class mail and care of Walker Law, PC by first-class mail and email.[16]

14. Mr. Giglio filed his proof of claim, designated on the claims register as claim no. 365 (the "Giglio Claim"), on June 28, 2023, two days after the General Bar Date. *See Declaration of Alex Vopat., in Support of Liquidation Trustee's Objection to Proof of Claim Number 365* [Dkt.

---

[14] A true and correct copy of the Bar Date Order is attached to the Blanchard Declaration as **Exhibit G**.

[15] *See* Bar Date Order, IV. 10.g.

[16] *See Certificate of Service* [Dkt. No. 889], Ex. A ("Joseph Giglio, Attn: Joseph D. Giglio, 600 E. Hopkins Ave., Ste. 304, Aspen, CO 81611" and "Joseph Giglio, c/o Walker Law PC, Attn: Jared Veliz, Justin Walker, Lorrie Walker, 2247 San Diego Ave., # 136, San Diego, CA 92110," and "Joseph Giglio, Case No. 37-2022-00041591-CU-WT-CTL, c/o Walker Law PC, Attn: Jared Veliz, Justin Walker, Lorrie Walker, 2247 San Diego Ave., # 136, San Diego, CA 92110") and Ex. B ("Joseph Giglio, c/o Walker Law PC, Attn: Jared Veliz, Justin Walker, Lorrie Walker, justin@walkerlawsd.com, lorrie@walkerlawsd.com, jared@walkerlawsd.com"), which is annexed to the Blanchard Declaration as **Exhibit H**.

5

Giglio

No. 2515] ("Vopat Decl.") at ¶ 5. The Giglio Claim asserts a claim amount of $5,000,000 and attaches the complaint he filed in the California Action.[17]

**C.      The Trustee's Claim Objection to the Giglio Claim.**

15.     On October 25, 2024, the Trustee filed the *Liquidation Trustee's Objection to Proof of Claim No. 365* [Dkt No. 2496], the *Declaration of Matthew Honig, Esq. in Support of Liquidation Trustee's Objection to Proof of Claim Number 365* [Dkt No. 2497], and the *Declaration of Henry Ji in Support of Liquidation Trustee's Objection to Proof of Claim Number 365* [Dkt No. 2498]. At the request of Mr. Giglio's bankruptcy and state court counsel, the Trustee agreed to extend Mr. Giglio's deadline to file a response to the foregoing.

16.     Subsequently, on December 5, 2024, the Trustee filed the *Liquidation Trustee's Supplement to Objection to Proof of Claim No. 365* [Dkt No. 2515], and the *Declaration of Alex Vopat., in Support of Liquidation Trustee's Objection to Proof of Claim Number 365* [Dkt. No. 2515].

17.     On January 3, 2025, the Court entered the *Stipulation and Agreed Order Extending Deadline to Respond to Claim Objections* [Dkt. No. 2524], which further extended Mr. Giglio's deadline to respond to the Objection to January 21, 2025.

18.     On January 7, 2025, the Court entered the *Agreed Order Granting Motion to Withdraw as Counsel to Joseph Giglio and Change of Address* [Dkt. No. 2531], which permitted Mr. Giglio's bankruptcy and state court counsel to withdraw as counsel to Mr. Giglio.[18]

19.     On January 21, 2025, Mr. Giglio filed his Response. [Dkt. No. 2537].

---

[17] *See* Blanchard Decl., **Exhibit A**.

[18] Upon information and belief, Walker Law, PC no longer represents Mr. Giglio in the California Action.

20. On April 24, 2025, Mr. Giglio filed several procedurally improper pleadings in support of his Response [Dkt. No. 2578, 2579, 2580], lodging various unfounded and inaccurate accusations at the Trustee.[19]

## ARGUMENT

**A.     The Debtors' Notice of the Bar Date to Mr. Giglio Satisfies Due Process.**

21. Due process requires that affected parties be given notice that is reasonably calculated under the circumstances to convey all relevant information and allow a reasonable amount of time to respond. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *In re Robintech, Inc.*, 863 F.2d 393, 396 (5th Cir. 1989). The proper inquiry is not whether notice was actually received; but rather, whether notice was reasonably calculated under the circumstances to reach the affected party. *See In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735-736 (5th Cir. 1995); *Pate v. Tow*, 2018 WL 2426662, at *2 (S.D. Tex. May 29, 2018), *aff'd*, 921 F.3d 566 (5th Cir. 2019).

---

[19] The Trustee strongly disagrees that he violated Mr. Giglio's privacy, confidentiality, or the Rules of this Court. The items Mr. Giglio claims are protected from disclosure (e.g. his address, employment history, signature, last four digits of his social security number, etc.) are not confidential under Bankruptcy Rule 9037 or any Local Rules. Moreover, the Trustee has express authority under the Plan and Trust documents to retain and consult professionals of his choosing, including professionals previously employed by the Committee or Debtors, without seeking authority from the Court. *See* Plan, Art. II. A. 2 ("Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331, 363, and 1103 of the Bankruptcy Code in seeking retention for services rendered after such date shall terminate, the Liquidation Trustee (subject to the Liquidation Trust Agreement) may employ any Professional or other Entity in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court."), Art. V, F(iii) (Trustee shall "have the power and authority to retain, as an expense of the Liquidation Trust, attorneys, advisors, other professionals and employees as may be appropriate to perform the duties required of the Liquidation Trustee hereunder or in the Liquidation Trust Agreement"); Liquidation Trust Agreement, 3.7 ("The Trustee may, but shall not be required to, consult with, retain, and delegate matters to attorneys, financial advisors, accountants, tax preparers or other agents (which may be affiliated with the Trustee), professionals and employees as the Trustee deems appropriate in the reasonable exercise of the Trustee's discretion … the Trustee may pay the reasonable fees, costs and expenses of such persons (including himself/herself) out of the Assets in the ordinary course of business pursuant to this Agreement, the Plan and/or the Confirmation Order (without any further Bankruptcy Court order). Subject to the terms and conditions of this Agreement, the Plan and Confirmation Order, the Trustee may retain professionals who previously were employed by the Unsecured Creditors' Committee, and/or the Debtors.").

22. Properly mailing notice of the bar date before its expiration to a known creditor's attorney satisfies due process. *See Linder v. Trump's Castle Assocs.*, 155 B.R. 102, 104-05 (D.N.J. 1993) (notice of bar date properly served on claimant's state court attorney imputed to claimant because the attorney was representing claimant in same claim against the debtor at the time the notice was mailed); *In re Vrusho*, 634 B.R. 660, 668 (Bankr. D.N.H. 2021) (holding that creditor received sufficient notice of the bar date because its state court attorney representing the creditor on the very same claim asserted in the bankruptcy case had been served with notice of the bar date before its expiration); *In re Griggs*, 306 B.R. 660, 666 (Bankr. W.D. Mo. 2004) (imputing notice of the bankruptcy filing and bar date to a creditor where the noticed attorney represented the creditor in a prior state court action against the debtors which served as the basis for the creditor's claim); *see also La Fuente Home Health Servs. v Burwell (In re La Fuente Home Health Servs.)*, 2018 Bankr. LEXIS 1668, at *14 (Bankr. S.D. Tex. June 6, 2018) (concluding that notice of the commencement of the bankruptcy case to creditor's pre-petition state court attorney was constitutionally adequate for purposes of determining whether the creditor's claim was discharged).

23. Moreover, once creditors know about a bankruptcy, they must take steps to protect their rights. *In re Schepps Food Stores, Inc.*, 152 B.R. 136, 139 (Bankr. S.D. Tex. 1993) (collecting cases); *see also In re Christopher*, 28 F.3d 512, 515, 519 (5th Cir. 1994) (If an interested party has "notice or actual knowledge" of the bankruptcy, that party must "come forward and protect their enhanced rights . . . or else lose their rights through the sweeping discharge of Chapter 11."). This means that if a known creditor receives actual notice of the bankruptcy in time to file a proof of claim, it will be considered to have actual notice of the bar date, even if notice of the bar date was somehow deficient.

24. For example, in *In the Matter of Sam*, 894 F.2d 778 (5th Cir. 1990), a known creditor whose attorney first learned of the bankruptcy case eighteen days before the bar date had lapsed was on notice that his claim was affected by the bankruptcy. The Fifth Circuit held that even though the creditor was not mailed notice of the bar date, his attorney's notice of the pendency of the bankruptcy case with sufficient time to permit him to file a claim satisfied due process requirements. *Id*. at 781-82. For this reason, the court affirmed the bankruptcy court's disallowance of the creditor's claim that was filed after the bar date. *Id.*; *see also Unit Corp. v. Gilmore*, 2022 WL 956226, at *7-8 (S.D. Tex. Mar. 30, 2022) (affirming bankruptcy court's denial of late-filed claim because under Fifth Circuit law the claimant was required to take steps to ascertain the bar date when he learned about the debtor's bankruptcy); *In re Dillon*, 619 B.R. 357, 363 (Bankr. S.D. Miss. 2020) (disallowing late-filed claim because the creditor's attorney's knew of the bankruptcy several months before the bar date had expired).

25. Upon a showing that the creditor received reasonable notice of the bar date, the Court may disallow the creditor's claim as untimely. *See Eagle Bus Mfg., Inc.*, 62 F.3d at 735.

26. In advance of the General Bar Date, Mr. Giglio was served with copies of the Notice of Stay Proceedings, the Notice of Commencement, the Bar Date Motion, and the Bar Date Order. Service was accomplished by transmitting these documents to Mr. Giglio's attorneys in the California Action via first-class mail at their law firm address and by email to addresses they provided in the California Action.[20] In addition, Mr. Giglio's complaint in the California Action serves as the basis for his proof of claim against Sorrento. None of these facts are in dispute.

---

[20] *See* Dkt. Nos. 183, 663, 889.

27. Mr. Giglio nevertheless asserts he has "never lived" at an address where the Bar Date Order was served, suggesting that notice was improper.[21] But even if true, that fact is immaterial.[22] Due process requires notice to be reasonably calculated under the circumstances to apprise an affected party of all relevant information and afford a reasonable opportunity to respond. *See Robintech, Inc.*, 863 F.2d at 396. And the overwhelming weight of authority holds that notice served on a creditor's counsel in a bankruptcy case is presumed to satisfy both bankruptcy and due process notice requirements when there is a connection between the attorney and the creditor's claim against the debtor.[23] Because Mr. Giglio was provided with notice of the General Bar Date before it had expired through his attorneys in the California Action, which forms the basis for his proof of claim, he was not denied due process. In addition, Mr. Giglio's attorneys had actual knowledge of the Chapter 11 Cases well in advance of the General Bar Date. That knowledge is imputed to Mr. Giglio. *See In re Sam*, 894 F.2d at 781-82. Therefore, even if notice of the General Bar Date to Mr. Giglio was somehow deficient, due process requirements have been satisfied.

**B.   Mr. Giglio Has Not Demonstrated that the Failure to File his Proof of Claim by the General Bar Date was the Result of Excusable Neglect.**

28. Under Bankruptcy Rule 9006(b), the bankruptcy court may authorize a creditor to file a proof of claim after the claims bar date if the failure to timely file the claim was the result of

---

[21] *See* Response, at p.1. Noticeably, Mr. Giglio does not argue he does not have a mailing address at that location or that he did not actually receive a copy of the Bar Date Order. Actual knowledge of the bar date is more than sufficient to provide due process. *See In re Fairchild Aircraft Corp.*, 128 B.R. 976, 986 (Bankr. W.D. Tex. 1991); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (holding that actual notice of the filing of the debtor's plan and its contents "more than satisfied [appellant's] due process rights" even though service may have been deficient).

[22] The Trustee is currently investigating the basis for the Debtors' service of the Bar Date Order on Mr. Giglio at the Aspen, Colorado address reflected on the Certificate of Service, *see* Dkt. No. 889, Ex. A, and reserves all rights in that respect should the Court decide that an evidentiary hearing is necessary to adjudicate the Objection. At this time, the Trustee notes that the Debtors' books and records show several contracts between Sorrento and Mr. Giglio and Mr. Giglio's company, Oncology Trial Insights, Inc., with that same address.

[23] *See, e.g., supra* ¶ 16 (citing cases).

"excusable neglect." Fed. R. Bankr. 9006(b). In the Fifth Circuit "[e]xcusable neglect is the failure to timely perform a duty due to circumstances that were beyond the reasonable control of the person whose duty it was to perform." *Omni Mfg., Inc. v. Smith (In re Smith)*, 21 F.3d 660, 666 (5th Cir. 1994) (cleaned up). When evaluating a request for excusable neglect, a court must consider (i) the danger of prejudice to the debtor; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith. *Pioneer Inv. Services, Co. v. Brunswick Assoc.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004).

29. Importantly, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect' …" *Id.* at 392; *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998) ("[A] misconstruction of the rules—especially when their language is plain—will rarely satisfy the 'excusable neglect' standard."). Ultimately, the burden to show excusable neglect falls on the creditor seeking to file a late claim. *Unit Corp.*, 2022 WL 956226, at *4.

30. All four *Pioneer* factors favor denial of Mr. Giglio's request to allow him to proceed on his untimely claim. Regarding the first *Pioneer* factor, courts must consider the impact that allowing the claim to proceed would have against the debtors and other unsecured creditors. *In re ASARCO, LLC*, 2008 WL 4533733, at *3 (Bankr. S.D. Tex. Oct. 3, 2008). Absent a showing that the Debtors recognized the possibility that a late filed claim by Mr. Giglio might ultimately be allowed notwithstanding its untimely filing, this factor favors the Trustee. *See, e.g., Unit Corp.*, 2022 WL 956226, at *6 ("Even though Unit knew about Gilmore's claims before its reorganization plan was negotiated and confirmed, there is no indication in the record that Unit recognized the

possibility that Gilmore's claims might ultimately be allowed in the bankruptcy proceeding despite Gilmore's failure to file a timely proof of claim."). Moreover, allowing Mr. Giglio's sizeable and untimely claim to go forward has the potential to open the floodgates to other untimely claims. *ASARCO, LLC*, 2008 WL 4533733, at *2 ("Even if a claim is negligible relative to the total size of the debtor's bankruptcy, the more relevant question is whether allowing one such claim would lead to 'a mountain of such claims.'" (cleaned up)).

31.   With respect to the second *Pioneer* factor – the length of the delay and potential impact on judicial proceedings – courts consider how long the claimant waited to ask for permission to file a late claim in relation to the bar date. When the request is filed long after the bar date has passed, here more than 500 days after the General Bar Date, this weighs in favor of denying the request. *See, e.g., In re KMart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004) (affirming denial of motion to allow late-filed claim when proof of claim was only one day late but claimant did not file motion until 81 days after bar date); *Unit Corp.*, 2022 WL 956226, at *6 (affirming denial of motion for leave to file late claim filed 70 days after the bar date); *ASARCO, LLC*, 2008 WL 4533733, at *3 (denying motion for leave to file proof of claim filed over two months after the supplemental bar date).

32.   The Plan provides that proofs of claim filed after the General Bar Date will not be allowed.[24] And it does not establish a late-claim reserve or other mechanism that shows the Debtors expected to resolve claims even if they were filed late. This supports the view that allowing Mr. Giglio to proceed on his $5,000,000 claim would negatively impact the estates. *See Unit Corp.* 2022 WL 956226, at *6 (citing *In re CJ Holding Company*, 27 F.4th 1105, 1114 (5th Cir. 2022)

---

[24] *See* Plan, Art. I.A.6 (defining "Allowed" as "any Claim or Interest…that is evidenced by a Proof of Claim or Interest, as applicable, timely Filed by the applicable Bar Date….").

(the plan's provision for disallowance of late-filed claims and the absence of a late-claim reserve showed that allowing late-filed claims would negatively affect the estates and creditors)). The unliquidated nature of Mr. Giglio's claim and the infancy of the Giglio Litigation likewise supports the inference that allowing the claim to proceed would delay the administration of the Chapter 11 Cases. *See id.* (permitting the claimant to file late proofs of claim could add months or even years to the administration of the bankruptcy weighed against the claimant on the second *Pioneer* factor).

33. When the reason for filing a late claim is within the movant's reasonable control, the third *Pioneer* factor weighs strongly against the claimant. *CJ Holding Company*, 27 F.4th at 1116 ("In considering this factor, courts are less likely to find excusable neglect when the reason for the delay was within the movant's reasonable control."); *see also In re ValuePart, Inc.*, 802 Fed. App'x 143, 148 (5th Cir. 2020) ("[The claimant] has not shown that [the reason for the delay] was based on factors akin to incarceration or ill health."). In addition, with respect to the fourth *Pioneer* factor, courts often focus on the creditor's failure to act diligently, or its indifference to bankruptcy procedures, rather than the presence of bad faith conduct. *See ASARCO, LLC*, 2008 WL 4533733, at *4. Aside from his due process arguments, Mr. Giglio relies entirely on his attorney's lack of ECF filing privileges for his failure to file a proof of claim on time.[25] But this unpersuasive reason ignores the other readily available methods that he could have used to file a proof of claim (filing a claim through the claim's agent's website or sending a claim by regular mail, overnight, delivery, or hand delivery). In sum, Mr. Giglio's failure to file his proof of claim by the General Bar Date was entirely within his control, demonstrates a disregard for the Court's procedures, and for which no convincing explanation has been offered.

---

[25] Response, at p. 15.

34.  Therefore, Mr. Giglio has failed to show that his failure to file his proof of claim by the General Bar Date was the result of excusable neglect.

**C.   Mr. Giglio Has Failed to Demonstrate the Validity of his Claim.**

35.  As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Tran*, 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006). But, this presumption only stands until an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Bryant*, 600 B.R. 533, 535-36 (Bankr. N.D. Tex. 2019) (holding that "prima facie validity may be rebutted by the objecting party producing evidence 'of a probative force equal to that of the creditor's proof of claim.'") (internal citation omitted). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id*. Despite this shifting burden during the claim objection process, the "ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence" is with the claimant. *In re Rally Partners, LP*, 306 B.R. 165, 168-69 (Bankr. E.D. Tex. 2003).

36.  Mr. Giglio's proof of claim is based on his complaint in the California Action that seeks damages against Sorrento and Mr. Ji for alleged violations of California law. In the Objection, the Trustee explained – across nearly 20 pages of legal argument and in two supporting declarations – why each of Mr. Giglio's causes of action against Sorrento must fail.[26] Mr. Giglio does not address any of these arguments or evidence in his Response, resting entirely on the prima facie validity afforded to claims that satisfy the procedural requirements of the Bankruptcy Rules.[27]

---

[26] *See* [Dkt. Nos. 2496, 2497, 2498].

[27] *See* Response, at p. 2.

14

Giglio

This evidentiary presumption does not prove the validity of his claim. For this reason and as more fully stated in the Objection, Mr. Giglio's claim should be disallowed.

**WHEREFORE**, the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: April 29, 2025<br>Houston, Texas | Respectfully submitted,<br><br>*/s/ Ryan Manns*<br>**NORTON ROSE FULBRIGHT US LLP**<br>Ryan Manns (SBT #24041391)<br>1550 Lamar St<br>Suite 2000<br>Houston, TX 77010<br>Tel: (713) 651-5151<br>Email: ryan.manns@nortonrosefulbright.com<br><br>Jason I. Blanchard (SBT #24130197)<br>2200 Ross Ave., Suite 3600<br>Dallas, TX 75201<br>Telephone: (214) 855-8000<br>Facsimile: (214) 855-8200<br>Email: jason.blanchard@nortonrosefulbright.com<br><br>*Counsel to David Weinhoffer, Liquidation Trustee of the Sorrento Therapeutics, Inc. et al., Liquidating Trust* |

<u>**CERTIFICATE OF SERVICE**</u>

   I, Ryan Manns, hereby certify that on the 29th day of April, 2025 a copy of this Reply was served via Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and to Joseph Giglio via electronic mail and first class mail.

               By:  <u>*/s/ Ryan Manns*</u>
                   Ryan Manns

Giglio