**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON**

| | |
|---|---|
| In re<br><br>SORRENTO THERAPEUTICS, INC. *et al.,*<br><br>Debtors | Chapter 11<br><br>Case No. 23-90085<br><br>Jointly Administered |
| DAVID WEINHOFFER, in his capacity as Liquidating Trustee of the Sorrento Therapeutics, Inc. et al., Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>B. RILEY COMMERCIAL CAPITAL, LLC,<br><br>Defendant. | Adv. Proceeding No. _____ |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

David Weinhoffer, in his capacity as Liquidating Trustee of the Sorrento Therapeutics, Inc. et al., Liquidating Trust ("Trustee"), hereby files this complaint ("Complaint") against B. Riley Commercial Capital, LLC ("Defendant") to avoid and recover improper preferential transfers.[1] In support of this Complaint, the Trustee alleges as follows:

### NATURE OF CASE

1.    The Trustee seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy

---

[1] On February 13, 2025, to pursue a mediated settlement of the Trustee's claims, the Parties executed a Confidential Tolling Agreement to extend the limitations period for this Action to June 16, 2025. Subsequently, the Parties were unable to reach a settlement in mediation conducted before United States Bankruptcy Judge Marvin Isgur.

proceedings of the Debtors pursuant to §§ 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this adversary proceeding, which arises in and under title 11, and relates to cases filed under title 11 and pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), captioned *In re Sorrento Therapeutics, Inc.* Case No. 23-90085-DRJ, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are §§ 547 and 550 of the Bankruptcy Code, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

5. Venue is proper pursuant to 28 U.S.C. § 1409.

## PARTIES AND DEBTORS

6. Sorrento is a chapter 11 debtor in Case No. 23-90085, Sorrento Therapeutics, Inc., *et* al; in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Case"), which is currently pending before this Court.[2]

7. David Weinhoffer is the Liquidating Trustee of the Sorrento Therapeutics, Inc. *et al.*, Liquidating Trust and was appointed under the *Second Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc.* [Dkt. No. 1968] under Chapter 11

---

[2] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). [The Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.] NTD: All service should be directed to the Trust as opposed to the Debtors.

2

of the Bankruptcy Code and that certain *Liquidation Trust Agreement* [Dkt. No. 1596-1].

8.  B. Riley Commercial Capital, LLC is a Delaware corporation whose principal place of business is 11100 Santa Monica Blvd, Ste. 800, Los Angeles, CA 90025.

## FACTS

9.  On September 30, 2022, the Debtors and Defendant entered into that certain bridge loan agreement dated as of September 30, 2022 (the "Bridge Loan"). In accordance with the terms of the Bridge Loan, Defendant made an advance to the Debtors in the amount of $41,670,000.00 (the "Advance").

10. On February 13, 2023 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

11. During the ninety (90) days before the Petition Date—between November 15, 2022 and February 13, 2023 (the "Preference Period")—the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

12. During the Preference Period, the Debtors' property was transferred to or for the benefit of Defendant by payments made on account of the Advance, aggregating to an amount not less than $32,166,219.00 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.[3]  Although Exhibit A is incorporated into this Complaint by reference, the Transfer dates and amounts are reproduced here for convenience:

---

[3] Such details include "Transfer Number," "Transfer Amount," "Transfer Clear Date," and "Debtor Transferor."

3

| Date of Payment | Amount of Payment |
|---|---|
| December 2, 2022 | $3,562,198.58 |
| December 5, 2022 | $1,314,206.94 |
| December 6, 2022 | $2,116,915.00 |
| December 9, 2022 | $1,446,029.04 |
| December 12, 2022 | $997,694.32 |
| December 13, 2022 | $406,111.42 |
| December 14, 2022 | $156,844.62 |
| December 20, 2022 | $10,102,198.28 |
| December 21, 2022 | $5,897,801.72 |
| January 31, 2023 | $6,166,218.55 |
| **Total Preference Period Payments** | **$32,166,218.50** |

13. The Transfers were not made in the ordinary course of business between the Debtors and the Defendant; nor were the Transfers made according to ordinary business terms.

14. The Transfers were not made in exchange for new value, nor did the Transfers create new value for the Debtors, its Bankruptcy Estate, or the Defendant.

15. Indeed, the Transfers were made during the same time that the Debtors experienced approximately $21 million in negative retained earnings.

16. Accordingly, after having reviewed the available information, conducted reasonable due diligence, and taken into account the reasonably knowable affirmative defenses available to the Defendant, the Trustee has determined that the Transfers, and any liens that may have been granted in connection with the Bridge Loans, may be avoided under the Bankruptcy Code.

17. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is the Trustee's intention to avoid and recover all transfers of an interest of the Debtors in property and

to or for the benefit of Defendant. The Trustee reserves the right to further amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) any liens granted in connection with the Bridge Loan, (iv) modifications of and/or revision to Defendant's name, and/or (v) additional defendants, including any immediate and/or mediate transferees (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the originally filed complaint.

## CAUSES OF ACTION
## COUNT 1
## (AVOIDANCE OF PREFERENCE PERIOD TRANSFERS – 11 U.S.C. § 547)

18.     The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

19.     As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, the Debtor, identified on Exhibit A, made Transfers to or for the benefit of Defendant in an aggregate amount not less than $32,166,219.00.  Each Transfer was made from a bank account held by Debtors or for the Debtors' benefit, and constituted transfers of an interest in property of the transferring Debtor.

20.     Defendant was a creditor at the time of each Transfer as it held a claim by virtue of furnishing the Debtors with the Advance for which a Debtor was obligated to repay pursuant to the terms of the Bridge Loan.

21.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

22.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors to Defendant before such Transfers were made, as asserted by Defendant, pursuant to the terms of the Bridge Loan. Each of the Transfers constituted a "debt" or "claim" (as those terms

are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtors as set forth on Exhibit A.

23. Each Transfer was made while the Debtors were insolvent because Debtors are entitled to the presumption of insolvency under 11 U.S.C. § 547(f) during the Preference Period.

24. In addition to the presumption of insolvency, the Debtors were insolvent as evidenced by the Debtors' public financials, the schedules filed in the underlying bankruptcy cases, the fair market valuation of the Debtors' assets and liabilities, and the proofs of claim that have been received to date, which demonstrate that the Debtors' liabilities exceeded their assets to the point that general unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

25. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

26. Accordingly, and as a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' cases were administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

27. Accordingly, Defendant would not have received as much value from proper transfers made under the Bankruptcy Code as it did from the Transfers during the Preference Period.

28. Therefore, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (RECOVERY OF AVOIDED TRANSFERS – 11 U.S.C. § 550)

29. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count II.

30. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b) (the

"Avoidable Transfers").

31. The Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

32. Pursuant to 11 U.S.C.§ 550(a), the Trustee is entitled to recover from Defendant the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED the Trustee respectfully requests that this Court grant the following relief against Defendant:

As to Counts I and II, that the Court enter a judgment against Defendant:

(a) That all Avoidable Transfers avoidable under 11 U.S.C. § 547 in the amount of not less than $32,166,219.00 be avoided;

(b) That all Avoidable Transfers avoided pursuant to 11 U.S.C. § 547 be recovered by the Trustee from Defendant pursuant to 11 U.S.C. § 550;

(c) Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of the judgment herein;

(d) Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus fees, costs, and expenses;

(e) Requiring the Defendant to pay forthwith the judgment amount awarded in favor of the Trustee; and

(f) Granting the Trustee such other and further relief as the Court deems just and proper.

June 16, 2025

        Respectfully submitted,

        **MCKOOL SMITH, P.C.**

By: */s/ Joshua J. Newcomer*
    Joshua J. Newcomer (SBN 24060329)
    Veronica Manning (SBN 24098033)
    David Kellam (SBN 24127173)
    Adam Skrzecz (SBN 24139883)
    Hannah Syburg (SBN 24143447) (*pro hac vice* forthcoming)
    600 Travis St., Suite 7000
    Houston, TX 77002
    Telephone: (713) 485-7300
    Facsimile: (713) 485-7344
    jnewcomer@mckoolsmith.com
    vmanning@mckoolsmith.com
    dkellam@mckoolsmith.com
    askrzecz@mckoolsmith.com
    hsyburg@mckoolsmith.com

    Robert Manley (SBN 00787955)
    300 Crescent Court, Suite 1200
    Dallas, TX 75201
    Telephone: (214) 978-4000
    Facsimile: (214) 978-4044
    rmanley@mckoolsmith.com

    ***Attorneys for the Liquidating Trustee of the Sorrento Therapeutics, Inc. et al., Liquidating Trust***