IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SORRENTO THERAPEUTICS, INC., *et al.*,[1] | ) ) ) | Case No. 23-90085 (DRJ) |
| Debtors. | ) ) | |

**RESPONSE OF CRB BUILDERS, LLC TO LIQUIDATION TRUST'S
FIFTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
(IMPROPER, SATISFIED, AND NO LIABILITY CLAIMS)**
**(Related to Dkt. No. 2623)**

CRB Builders, LLC ("CRB"), by and through counsel, hereby files this Response (the "Response") to the *Liquidation Trust's Fifth Omnibus Objection to Certain Proofs of Claim (Improper, Satisfied, and No Liability Claims)* [Dkt. No. 2623] (the "Claim Objection"), and in support of the Response, respectfully represents as follows:

**INTRODUCTION**

1. The Claim Objection should be denied because the Trustee (defined below) has failed to provide any evidence that CRB's claim is legally insufficient under section 502 of the Bankruptcy Code. Not only does an agreement exist between CRB and Debtor Sorrento, under which Debtor Sorrento is liable to CRB for no less than $1,390,361.17, but CRB's Claim (defined below) was properly asserted against Debtor Sorrento pursuant to that agreement. Further, CRB's claim remains unsatisfied, and as a result, the mechanics lien on the Property (defined below) and against Debtor Sorrento remains in place and has not been released.

---

[1] The Post Effective Date Debtor entities in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: Sorrento Therapeutics, Inc. (4842) and Scintilla Pharmaceuticals, Inc. (7956). The Post Effective Date Debtors' service address is: 4955 Directors Place, San Diego, CA 92121.

## BACKGROUND

2.  Prior to the Petition Date (defined below), on August 25, 2022, Debtor Sorrento Therapeutics, Inc. ("Sorrento" or the "Debtor") (and together with Scintilla Pharmaceuticals, Inc., the "Debtors") entered into that certain Standard Form of Agreement Between Owners and Design-Builder with CRB (the "Design-Builder Agreement"). A true and correct copy of the Design-Builder Agreement is attached hereto as **Exhibit A**.

3.  Under the Design-Builder Agreement, CRB was to perform architectural work on a property leased by Bioserv Corporation, a wholly owned subsidiary of the Debtor, at 5340 Eastgate Mall, San Diego, California 92121 (the "Property") in exchange for payment by the Debtor. *See* Exhibit A. CRB began performing such work prior to the Petition Date and post-petition still had ongoing work to perform under the scope of work in the Design-Builder Agreement.

4.  Throughout November 2022 to February 2023, CRB provided invoices to the Debtor for services rendered, which remain unpaid. *See* Claims Register, Claim No. 324, Ex. A.

5.  On May 10, 2023, CRB recorded a mechanics lien on the Property and against Debtor Sorrento and Bioserv Corporation due to nonpayment of $1,390,361.17 under the Design-Builder Agreement. *See id*. CRB properly recorded the mechanics lien in the San Diego County, CA property records. *See id*.

6.  On February 13, 2023, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7.  On April 28, 2023, the Debtors filed their *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Dkt. No. 548], listing the Design-Builder Agreement as an agreement to be potentially assumed and assigned.

8. Due to the Debtors' proposed cure amount of $0, CRB filed the *Objection to Debtors' Cure Amounts Listed in the Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Dkt. No. 606].

9. On May 25, 2023, the Debtors filed the *Schedules of Assets and Liabilities for Sorrento Therapeutics, Inc. (Case No. 23-90085)* [Dkt. No. 710], properly identifying the Design-Builder Agreement as an executory contract. *See* Dkt. No. 710, p. 70.

10. On May 29, 2023, the Debtors filed the *Amended Schedules of Assets and Liabilities for Sorrento Therapeutics, Inc. (Case No. 23-90085)* [Dkt. No. 720], again identifying the Design-Builder Agreement as an executory contract. *See* Dkt. No. 720, p. 88.

11. On June 12, 2023, the Court entered its *Order (1) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Notice of Bar Dates* [Dkt. No. 856] (the "Bar Date Order"), which established, among other things, that a general proof of claim against any of the Debtors must be filed so that it is actually received on or before June 26, 2023.

12. On June 26, 2023, CRB timely filed Proof of Claim No. 324, asserting a secured claim of $1,390,361.17 ("CRB's Claim"), based on the amounts owed under the Design-Builder Agreement and the resulting mechanics lien on the Property against Debtor Sorrento. *See* Claims Register, Claim No. 324, Ex. A.

13. On October 2, 2023, the Debtors filed their *Supplemental Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Dkt. No. 1376], still listing the Design-Builder Agreement as an agreement to be potentially

assumed and assigned, but acknowledging that CRB's, among others', previously filed objections remained unresolved.

14. On November 16, 2023, the Debtors filed their Modified Joint Plan of Liquidation [Dkt. No. 1562] (together with all amendments, modifications, supplements, and related exhibits, the "Plan"), and on November 27, 2023, the Debtors filed that certain *Liquidation Trust Agreement* [Dkt. No. 1596-1] (the "Trust Agreement").

15. On November 30, 2023, the Court entered an order confirming the Debtors' Modified Joint Plan of Liquidation [Dkt. No. 1616] and, thereafter, entered a corrected order on December 13, 2023 [Dk. No. 1652].

16. On March 4, 2024, the Debtors filed the *Second Modified Joint Plan of Liquidation of Sorrento Therapeutics, Inc. and Scintilla Pharmaceuticals, Inc. Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 1968].

17. The Plan went effective on April 10, 2024 (the "Effective Date"), and on the Effective Date, the Liquidation Trust was created. *See* Dkt. No. 2145. David Weinhoffer was appointed as the liquidation trustee of the Sorrento Therapeutics, Inc. *et al.*, Liquidation Trust (the "Trustee").

## **ARGUMENT**

18. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest... objects." 11 U.S.C. § 502. "An objecting party bears the initial burden of production and must provide evidence showing the claim is legally insufficient under 11 U.S.C. § 502." *In re Lehman Bros. Holdings, Inc.,* 519 B.R. 47, 53-54 (Bankr. S.D.N.Y. 2014) (internal citations and quotations omitted); *see In re Bryant,* 600 B.R. 533, 535-36 (Bankr. N.D. Tex. 2019)

4

(holding that "prima facie validity may be rebutted by the objecting party producing evidence 'of a probative force equal to that of the creditor's proof of claim.'") (internal citation omitted).

19. Here, the Trustee has wholly failed to meet his burden, as he has failed to provide any evidence—much less that of a probative force equal to that of CRB's Claim—that CRB's Claim is legally insufficient under section 502 of the Bankruptcy Code. Additionally, the Claim Objection should be denied because (1) an agreement exists between CRB and Debtor Sorrento under which Debtor Sorrento is liable to CRB for no less than $1,390,361.17; (2) CRB's Claim was properly asserted against Debtor Sorrento pursuant to the Design-Builder Agreement; (3) CRB's Claim has not been paid and, therefore, remains unsatisfied; and consequently, (4) no release of lien has been filed in the property records, such that CRB's mechanics lien has not been released.

**A. An Agreement Exists Between CRB and Debtor Sorrento.**

20. Debtor Sorrento entered into the Design-Builder Agreement on August 25, 2022, under which CRB was to perform architectural work on the Property leased by the Debtor's wholly owned subsidiary, Bioserv Corporation, in exchange for payment by the Debtor. *See* Exhibit A. Pursuant to the Design-Builder Agreement, CRB performed work on the Property prepetition and had ongoing, post-petition work to perform on the Property. Accordingly, CRB provided invoices to the Debtor and Bioserv for the services rendered under the Design-Builder Agreement. *See* Claims Register, Claim No. 324, Ex. A. As a result of such unpaid amounts, CRB obtained a mechanics lien on the Property and against Debtor Sorrento and Bioserv Corporation and recorded such mechanics lien in the San Diego County, CA property records. *Id.*

21. The existence of the Design-Builder Agreement between CRB and Debtor Sorrento is further evidenced by the fact that the Debtors listed the Design-Builder Agreement as an

executory contract to be potentially assumed and assigned in various notices, and Debtor Sorrento listed the Design-Builder Agreement as an executory contract in its Schedules. *See* Dkt. Nos. 548, 606, 710, and 720. Accordingly, an agreement certainly exists between CRB and Debtor Sorrento under which Debtor Sorrento is liable to CRB for amounts owed for CRB's services. Thus, the Claim Objection should be denied.

### B. CRB's Claim Was Properly Asserted Against Debtor Sorrento Pursuant to the Design-Builder Agreement.

22. The Design-Builder Agreement is between CRB and Debtor Sorrento. *See* Exhibit A. While the Design-Builder Agreement was for architectural work to be done on property leased by Bioserv Corporation, the Debtor is liable for all amounts owed under the Design-Builder Agreement. *See id*. Thus, even though the invoices are principally addressed to Bioserv Corporation, Debtor Sorrento remains liable for amounts owed for CRB's services. Accordingly, CRB's Claim was properly asserted against Debtor Sorrento. Thus, the Claim Objection should be denied.

### C. CRB's Claim Remains Unsatisfied, and Its Mechanics Lien Has Not Been Released.

23. CRB is unsure of what information would lead the Trustee to believe that CRB's mechanics lien has been satisfied and released. On the contrary, CRB's Claim remains unpaid and therefore, has not been satisfied. As a result, CRB has not filed any release of lien in the San Diego County, CA property records. As of the filing of this Response, CRB's mechanics lien remains properly filed in such property records and remains enforceable. Accordingly, the Claim Objections should be denied.

### **CONCLUSION**

For the foregoing reasons, CRB Builders, LLC respectfully requests that the Court enter an order overruling the Claim Objection with prejudice as it relates to CRB's Claim; (ii) allowing

CRB's Claim in the full amount stated therein; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: July 30, 2025

Respectfully Submitted,

*/s/ Buffey E. Klein*
Buffey E. Klein
Texas State Bar No. 24032515
Buffey.Klein@huschblackwell.com
1900 N. Pearl, Suite 1800
Dallas, Texas 75201
(214) 999-6152 (direct)
(214) 999-6170 Facsimile

**Counsel for CRB Builders, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of July 2025, a true and correct copy of the foregoing *Response of CRB Builders, LLC to Liquidation Trust's Fifth Omnibus Objection to Certain Proofs of Claim (Improper, Satisfied, and No Liability Claims)* was served upon all partied noticed pursuant to the ECF Filing system.

                                                              */s/ Buffey E. Klein*
                                                              Buffey E. Klein