## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re | Chapter 11 |
| SORRENTO THERAPEUTICS, INC., et al. | Case No.: 23-90085 (DRJ) (Jointly Administered) |
| Debtors. | |

## RESPONSE TO THE LIQUIDATION TRUST'S FIFTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM

Creditors Zhenwei "David" Miao ("Miao") and Gang Chen ("Chen"), through their undersigned counsel, respond to the Liquidation Trust's Fifth Omnibus Objection to Certain Proofs of Claim ("Objection") [Dkt. No. 2623] as stated below and as supported by the Declaration of Michael H. Riney In Support of the Response to Objection to Proof of Claim ("Riney Dec.").

## PRELIMINARY STATEMENT

1.      The Objection to the claims filed by Zhenwei Miao and Gang Chen is premature and should be overruled or continued. The basis for the objection is a settlement of the underlying litigation pending in San Diego Superior Court. The settlement was placed on the record in court and is, by itself, enforceable. However, the parties anticipated and have been working on a written settlement agreement that encompasses the settlement terms that were read into the record. That written settlement agreement is not final, yet.

2.      Nor has the litigation been dismissed. The state court has issued multiple extensions of the dismissal deadline, and a further request for extension remains pending as of the date of this filing.

3.      Out of an abundance of caution, and considering the procedural status

1

of the underlying case, Miao and Chen respectfully request the Court defer ruling on the Objection as to Claim Nos. 258 and 259 until the anticipated written settlement agreement is finalized and fully executed and the state court action is dismissed. Accordingly, the Objection should be overruled without prejudice or continued to a later date.

## BACKGROUND

1.       On July 2, 2018, *Sorrento Therapeutics, Inc. vs Miao*, Case No. 37-2018-00032934-CU-BC-CTL ("State Court Case") was filed in the Superior Court of the State of California, County of San Diego. [Riney Dec., ¶ 2.] Maio and Chen filed a cross-complaint seeking damages not less than $40,000,000, plus: (i) prejudgment interest at the rate of 7% per annum in the amount of at least $18,200,000; (ii) punitive damages in an amount sufficient to punish Sorrento for its malicious, oppressive, or fraudulent conduct and to deter similar conduct in the future; and (iii) attorneys' fees and costs as well as equitable and declaratory relief. [*Id.*]

2.       On February 13, 2023, Sorrento Therapeutics, Inc. ("Debtor") and affiliated debtor filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3.       On June 21, 2023, Miao filed a proof of claim for $58,200,000 based on the damages and equitable relief sought in the State Court Case. [Claims Register, Claim No. 258.] Miao's claim was assigned Claim No. 258. [*Id.*]

4.       On June 21, 2023, Chen filed a proof of claim for $58,200,000 based on the damages and equitable relief sought in the State Court Case. [Claims Register, Claim No. 259.] Chen's claim was assigned Claim No. 259. [*Id.*]

5.       On June 30, 2025, David Weinhoffer, in his capacity as Liquidation Trustee of the Sorrento Therapeutics, Inc., *et al.*, Liquidation Trust ("Trustee") filed the Objection that included an objection to Miao's and Chen's claims contending

Debtor is no longer liable for the claims based on a settlement of the State Court Case. [Dkt. No. 2623.]

6.     The parties settled the State Court Case as provided in the San Diego Superior Court's Minute Order from February 26, 2025. [Riney Dec., ¶ 3.]

7.     On February 27, 2025, the San Diego Superior Court issued a Notice of Dismissal By Court stating that the case would be deemed dismissed without prejudice on April 15, 2025 unless a judgment or dismissal was filed or an ex parte was filed "showing good cause why the case should not be dismissed." [Riney Dec., ¶ 4.]

8.     The State Court Case was not dismissed. [Riney Dec., ¶ 5.] Instead, the Court extended the deadline to June 9, 2025 by entering another Notice of Dismissal By Court on April 17, 2025. [*Id*.] The San Diego Superior Court again extended the deadline by issuing a third Notice of Dismissal By Court giving the parties until July 24, 2025. [*Id*., at ¶ 5, **Exhibit A**.] An ex parte motion to further extend the dismissal deadline was filed and is set for hearing on July 31, 2025 ("Ex Parte Hearing"). [*Id*., at ¶ 6.]

## ARGUMENT

9.     Under the Bankruptcy Code, a "claim" includes any right to payment, whether contingent, unmatured, disputed, or unliquidated. 11 U.S.C. § 101(5).

10.     A proof of claim filed in compliance with the Bankruptcy Rules is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). If rebuttal evidence is presented, then the burden of proof shifts to the creditor to prove its claim by a preponderance of the evidence. *In re Armstrong*, 320 B.R. 97, 103 (Bankr. N.D. Tex. 2005). A claim based on a pending civil action involving the debtor is a valid proof of claim that constitutes prima facie evidence of the validity and amount of the claim. *See In re Jacobsen*, 362 F. App'x 413, 415 (5th Cir. 2010) (finding debtor failed to rebut the prima facie evidence of a proof of

3

claim based on a pending civil action).

11.     Trustee's Objection to Claim Nos. 258 and 259 is based on the premise that the State Court Case has been settled and a Notice of Dismissal was issued by the San Diego Superior Court and, thus resolving Claim Nos. 258 and 259. It is correct that the parties in the State Court Case settled and read the basic settlement terms into the record. However, the parties anticipated and have been working on a written settlement agreement.

12.     Also, the Ex Parte Hearing is set for July 31, 2025 that satisfies the second option in the Notice of Dismissal By Court. Because of the pending Ex Parte Hearing, the case has not been automatically dismissed because of the Notice of Dismissal By Court.

## **PRAYER**

**WHEREFORE**, Miao and Chen respectfully request the Court overrule the Objection as to Claim Nos. 258 and 259, subject to renewal once the settlement agreement is final and fully executed. Alternatively, Miao and Chen respectfully request the Court continue the hearing on the Objection as it relates to Claim Nos. 258 and 259 and delay ruling on the Objection as it relates to Claim Nos. 258 and 259 until after the settlement agreement for the State Court Case is finalized and fully executed by all parties thereto. Miao and Chen also respectfully request such other and further relief as the Court may deem just and appropriate.

<div style="margin-left:40%">

*/s/ Paul J. Leeds*
FRANKLIN SOTO LEEDS LLP
Paul J. Leeds
(admitted pro hac vice)
444 West C Street, Suite 300
San Diego, CA 92101
Voice 619.872.2523
Email: pleeds@fsl.law
*Attorneys for Creditors*
*Gang Chen and Zhenwei Miao*

</div>

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 30, 2025, a true and correct copy of the foregoing document was served via ECF notification on all parties entitled to ECF notification in this case.

<u>/s/ Jacquelyn Wilson</u>